**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HIGH PLAINS RADIO NETWORK, | § | CASE NO. 24-70089-swe11V |
| LLC, | § | |
| | § | |
| | § | |
| DEBTOR. | § | HEARING SET: |
| | | MAY 28, 2024 AT 1:30 p.m. |

**MOTION TO EMPLOY WEYCER, KAPLAN, PULASKI & ZUBER, P.C.**
**AS ATTORNEYS FOR THE DEBTOR**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE ST., RM. 1254, DALLAS, TX 75242-1496. BEFORE CLOSE OF BUSINESS ON <u>MAY 16, 2024</u>, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

**TO THE HONORABLE SCOTT W. EVERETT, U.S. BANKRUPTCY JUDGE:**

HIGH PLAINS RADIO NETWORK, LLC, debtor and debtor in possession ("HPRN" or the "Debtor"), files this *Motion to Employ Weycer, Kaplan, Pulaski & Zuber, P.C. as Attorneys for the Debtor* (the "Motion to Employ WKPZ") seeking entry of an order authorizing the employment of Weycer, Kaplan, Pulaski, & Zuber, P.C. ("WKPZ") as the attorneys for the Debtor in this Chapter 11 reorganization case nunc pro tunc to March 26, 2024 (the "Petition Date"). In support of this Motion to Employ WKPZ, the Debtor submits the *Declaration of Jeff*

*Carruth*, an attorney at WKPZ (the "Carruth Declaration"), attached hereto as **Exhibit HXXX** and incorporated herein by reference.

### I.  Jurisdiction and Venue

1. This Court has jurisdiction to consider this Motion to Employ WKPZ under the provisions of 28 U.S.C. §§ 1334 and 157. This matter involves the administration of a bankruptcy estate and, thus, is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### II.  Introduction

2. The Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §101 et seq. (the "Code" or the "Bankruptcy Code") on March 26, 2024 (the "Petition Date").

### III.  Relief Requested

3. Subject to approval of this Court, the Debtor has employed WKPZ as of March 26, 2024 pre-petition and seeks approval of employment effective as the Petition Date for the prosecution of this case, as Debtor's counsel in connection with the prosecution of this case under Chapter 11.

4. Pursuant to Code § 327(a), the Debtor requests that the Court approve the employment of WKPZ as Debtor's counsel to perform the legal services for the Debtor in this Chapter 11 case.

5. A proposed form of order is submitted with this Motion to Employ WKPZ and is incorporated by reference herein.

### IV. Qualifications of WKPZ

6. The Debtor has selected WKPZ because of WKPZ's extensive experience and knowledge in the field of debtor and creditor rights and business reorganizations under Chapter 11 of the Code, and WKPZ's knowledge of the local practice and procedures of this Court. In preparing for entry into this Chapter 11 case, WKPZ has become generally familiar with the business of the Debtor. Accordingly, the Debtor believes that WKPZ has the necessary background to deal effectively with the legal issues that may arise during this Chapter 11 case, and that WKPZ is qualified and able to represent the Debtor in the Chapter 11 case.

### V. Services to be Provided by WKPZ

7. The services of WKPZ are necessary to enable the Debtor to execute faithfully the duties of the Debtor as Debtor in Possession and to develop, propose, and confirm a plan of reorganization and/or achieve a successful exit from Chapter 11.

8. Subject to further order of this Court, WKPZ will render, *inter alia*, and without limitation, the following professional services:

   (a) advise the Debtor of the rights, powers, duties, and obligations of the Debtor as debtor and debtor-in-possession in this Chapter 11 case;

   (b) take all necessary actions to protect and preserve the estates of the Debtor, including the prosecution of actions on the Debtor's behalf, the defense of actions commenced against the Debtor, the negotiation of disputes in which the Debtor are involved, and the preparation of objections with respect to claims that are filed against the estate;

   (c) to the extent necessary, assist the Debtor in the investigation of the acts, conduct, assets, and liabilities of the Debtor, and any other matters relevant to the case;

   (d) investigate and potentially prosecute preference, fraudulent transfer, and other causes of action arising under the Debtor's avoidance powers and/or which are property of the estate;

   (e) prepare on behalf of the Debtor, as debtor-in-possession, all necessary motions, applications, answers, orders, reports, and papers in connection with the

representation of the Debtor and the administration of the estates and this Chapter 11 case;

 (f) negotiate, draft, and present on behalf of the Debtor a plan for the reorganization of the Debtor's financial affairs, and the related disclosure statement, and any revisions, amendments, and so forth, relating to the foregoing documents, and all related materials; and

 (g) perform all other necessary legal services in connection with this Chapter 11 case and any other bankruptcy-related representation that the Debtor require.

9. WKPZ will not advise the Debtor with respect to nor render opinions regarding tax matters or securities matters.

10. WKPZ will not advise the Debtor with respect to any matters involving the Federal Communications Commission ("FCC").

### VI. Disclosure Concerning Conflicts of Interest or Prior Relationships

11. To the best of the Debtor's knowledge, information, and belief, other than as set forth herein and/or in the Carruth Declaration and in connection with this case, WKPZ has no connection with the Debtor's creditors, the United States Trustee, or any other party with an actual or potential interest in this case or any of their respective attorneys or accountants.

12. To the best of the Debtor's knowledge, information, and belief, WKPZ represents no other interest adverse to the Debtor's or the Debtor's estate. The Debtor believes and represents that, to the best of the Debtor's knowledge, WKPZ is a "disinterested person" as that term is defined in Code §101(14).

13. The Debtor submits that the Debtor's employment of WKPZ would be in the best interests of the Debtor, the estate, and all creditors. The Debtor's knowledge, information, and belief regarding the matters set forth herein are based and made in reliance upon the Carruth Declaration.

## VII. Payment of Fees and Expenses

14. Subject to the Court's approval, WKPZ will charge for legal services on an hourly basis in accordance with WKPZ's ordinary and customary hourly rates as in effect on the date services are rendered. The current minimum hourly rates for the primary attorney who will be performing substantially all of the services to the Debtor are listed below.

| | |
|---|---|
| Jeff Carruth, Shareholder: | $585.00 |
| Other Shareholders | $525 or less |
| Associates | $300 or less |
| Paralegals: | $150 |

These rates may change from time to time in accordance with WKPZ's established billing practices and procedures. Also, notably, WKPZ will not charge for non-working travel time with respect to the representation of the Debtor. Rates may adjust automatically every January in accordance with normal firm and industry practice.

15. Additional attorneys and/or paralegals of WKPZ may perform services from time to time under the employment sought to be approved this Motion to Employ WKPZ.

16. In addition, WKPZ may obtain the assistance of local counsel or appearance counsel to make limited in-person appearances for announcements and other routine matters when necessary (and in the unlikely event that WKPZ is unable to attend an in-person hearing), with any such counsel's fees being passed through to the Debtor with the invoices of WKPZ.

17. WKPZ will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services described above by category and nature of the services rendered.

18. In addition to compensation for professional services rendered, WKPZ shall seek reimbursement for reasonable and necessary expenses incurred in connection with this proceeding, including, but not limited to, filing fees, deposition and other transcript costs,

Lexis/Westlaw, PACER and other electronic research, data management and/or download products, mileage and other travel expenses, long distance and fax charges, messenger services, postage and mail-out services, and reproduction costs.[1]

19. On March 26, 2024, the Debtor executed and delivered the current, bankruptcy engagement letter to WKPZ.

20. Debtor has made the following payments to WKPZ, and WKPZ has paid the following pre-petition invoices and expenses, as shown in the table below. A total initial retainer in the amount of $52,000 was agreed, and a balance of $21,000 remains.

| Date | Event | Amount |
| --- | --- | --- |
| 3/19/2024 | deposit / payment | 5,000.00 |
| 3/25/2024 | deposit | 4,000.00 |
| 3/25/2024 | deposit | 6,000.00 |
| 3/26/2024 | deposit | 7,500.00 |
| 3/26/2024 | deposit | 8,500.00 |
|  | **Total pre-pet retainer** | 31,000.00 |
| 3/26/2024 | WKPZ inv. 244243 | (3,994.50) |
| 3/26/2024 | Filing fee | (1,738.00) |
|  | **Retainer remaining** | 25,267.50 |
|  | Total retainer agreed | 52,000.00 |
|  | Retainer balance owed | 21,000.00 |

21. The engagement letter between WKPZ and the Debtor provides that (1) the Debtor will provide a post-petition retainer to WKPZ of $21,000, and that WKPZ may seek to withdraw if the post-petition retainer is not received, and (2) WKPZ is not obligated to work beyond the ability of HPRN to pay for the services of WKPZ, and that WKPZ may seek to withdraw from the bankruptcy case and/or any other litigation if HPRN is or will be unable to pay for the fees and expenses incurred by WKPZ and/or that may be approved by the bankruptcy court.

---

[1] The Debtor may undertake direct payment of reproduction and mailing costs associated with these cases in the ordinary course; however, it also possible that WKPZ shall incur such expenses.

### VIII. Fee Applications and Interim Payments

22. WKPZ intends to periodically apply to this Court for payment of interim compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines promulgated by the Office of the United States Trustee and the local rules and orders of this Court, and pursuant to any additional procedures that may be established by this Court in this case.

### IX. Direct Payments to Mail-out Vendor

23. WKPZ also requests that WKPZ be permitted to make direct payments to its mail-out vendor, from the retainer funds on hand, for the costs of copying, postage, and processing related to the voluminous service of notices, orders, pleadings, and other items in this case, as such expenses are incurred and without further notice or order.

24. Such expenses are required to be incurred under the bankruptcy rules. In larger cases, the Debtor often pays these expenses directly through the claims agent and noticing vendor.

25. The burden and necessity of payment substantively are the same in smaller cases, expect that the relative burden to counsel to carry the noticing expenses is much greater, relatively speaking.

26. Accordingly, WKPZ requests the authority to pay these expenses immediately and directly as incurred, without further notice or order of the Court.

27. WKPZ will report the payment of these expenses with each interim and final fee application.

## X. Conclusion

28. Debtor believes that the employment of WKPZ will be in the best interest of the estate and, accordingly, Debtor requests that WKPZ be employed as counsel for Debtor.

WHEREFORE, based upon the foregoing, the Debtor respectfully requests that this Court enter an order (a) authorizing the Debtor to retain and employ WKPZ as Debtor's counsel in this Chapter 11 case effective nunc pro tunc to March 26, 2024 (the petition date) pursuant to Code § 327(a), and (b) granting such other and further relief as the Court may deem just and proper.

Dated: April 25, 2024

**APPROVED:**

HIGH PLAINS RADIO NETWORK, LLC

By:   */s/ Monte L. Spearman*
      Monte L. Spearman, Manager / President


Proposed Counsel to the Debtor and
Debtor in Possession:
**WEYCER, KAPLAN, PULASKI & ZUBER, P.C.**
Jeff Carruth (SBT #24001846)
2608 Hibernia Street, Suite 105
Dallas, TX 75204
(713) 341-1158
(713) 961-5341 (fax)
E-mail:  jcarruth@wkpz.com


**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served on April 25, 2024 (1) by electronic notice to all ECF users who have appeared in this case to date (2) by regular mail to all parties appearing in the attached address list (i.e. mailing matrix) obtained from the Court's PACER facility, as set forth in the attached lists.

**ANY PARTY REQUESTED A FULL-SIZED COPY OF THIS PLEADING OR COPIES OF ANY EXHIBITS SHOULD CONTACT THE UNDERSIGNED.**

       */s/ Jeff Carruth*
       JEFF CARRUTH

## ECF Service List

**24-70089-swe11 Notice will be electronically mailed to:**

Jeffery D. Carruth on behalf of Debtor High Plains Radio Network, LLC
jcarruth@wkpz.com,
jcarruth@aol.com;atty_carruth@trustesolutions.com;carruthjr87698@notify.bestcase.com;ATTY_CARRUTH@bluestylus.com

Paul H. Cross on behalf of Creditor Hanmi Bank
phclease@msn.com

Shanna M. Kaminski on behalf of Interested Party Union Funding Source, Inc.
skaminski@kaminskilawpllc.com

Sherrel K. Knighton on behalf of Creditor Malakoff ISD
Sherrel.Knighton@lgbs.com, Dora.Casiano-Perez@lgbs.com;Sean.French@lgbs.com;Eva.Parker@lgbs.com;Alexis.Hall@lgbs.com;Dallas.Bankruptcy@lgbs.com

Julie Anne Parsons on behalf of Creditor Eastland County Appraisal District
jparsons@mvbalaw.com, kalexander@mvbalaw.com;theresa.king@mvbalaw.com;juanie.montalvo@mvbalaw.com

Julie Anne Parsons on behalf of Creditor The County of Henderson, Texas
jparsons@mvbalaw.com, kalexander@mvbalaw.com;theresa.king@mvbalaw.com;juanie.montalvo@mvbalaw.com

Julie Anne Parsons on behalf of Creditor The County of Stephens, Texas
jparsons@mvbalaw.com, kalexander@mvbalaw.com;theresa.king@mvbalaw.com;juanie.montalvo@mvbalaw.com

Scott M. Seidel -SBRA V
scott@scottseidel.com, csms11@trustesolutions.net;susan.seidel@earthlink.net

Dawn Whalen Theiss on behalf of Creditor Small Business Administration
dawn.theiss@usdoj.gov, brooke.lewis@usdoj.gov;CaseView.ECF@usdoj.gov

United States Trustee
ustpregion06.da.ecf@usdoj.gov

David Weitman on behalf of Creditor Vertical Bridge REIT, LLC
david.weitman@klgates.com

# REGULAR MAIL LIST

| SERVICE LIST | Case No. 22-51323 | In re: Kuberlaxmi, LLC | | | | UPDATED: | 4/15/2024 | |
|---|---|---|---|---|---|---|---|---|
| C:\Users\mcornell\ND Office Echo\VAULT-H9KLXY06\[service list (hprn) 001 4878-4499-4995 v.6.xlsx]Sheet1 | | | | | | | | |
| Name | Address1 | Address2 | Address3 | City | State | Zip | Email | Method of Service / Comment |
| BMI | PO Box 630893 | | | Cincinnati | OH | 45263-0893 | | Regular Mail |
| Bryn Mawr Equipment Finance Inc. | 801 Lancaster Avenue | | | Bryn Mawr | PA | 19010-3305 | | Regular Mail |
| Channel Partners Capital LLC | Attn Legal Department | 1111 E College Drive | Suite 200 | Marshall | MN | 56258-1968 | | Regular Mail |
| City of Altus | 509 S Main St | | | Altus | OK | 73521-3135 | | Regular Mail |
| City of Hereford | PO Box 2277 | | | Hereford | TX | 79045-2277 | | Regular Mail |
| City of Plainview | 202 W 5th | | | Plainview | TX | 79072-8232 | | Regular Mail |
| City of Vernon | 1725 Wilbarger St | | | Vernon | TX | 76384-4741 | | Regular Mail |
| Crest Capitol | PO Box 88233 | | | Atlanta | GA | 30356-8233 | | Regular Mail |
| CT Corp. Sys. | Attn: SPRS | 330 N Brand Blvd | | Glendale | CA | 91203-2308 | | Regular Mail |
| Eastland County Appraisal District | c/o Julie Parsons | McCreary, Veselka, Bragg & Allen, PC | P.O. Box 1269 | Round Rock | TX | 78680-1269 | jparsons@mvbalaw.com | NOA-ECF |
| Entergy Utility | PO Box 8105 | | | Baton Rouge | LA | 70891-8105 | | Regular Mail |
| Federal Communications Com. | 45 L Street NE | | | Washington | DC | 20554-0001 | | Regular Mail |
| Financial Agent Services | PO Box 2576 | | | Springfield | IL | 62708-2576 | | Regular Mail |
| First State Bank Athens | PO Box 471 | | | Athens | TX | 75751-0471 | | Regular Mail |
| Global Music Rights | 1801 W Olympic Blvd | | | Pasadena | CA | 91199-2280 | | Regular Mail |
| Hanmi Bank | 5403 Olympic Dr. #200 | | | Gig Harbor | WA | 98335-1853 | | NOA-ECF |
| Hanmi Bank | 1107 E Pioneer Parkway | | | Arlington | TX | 76010-5866 | | NOA-ECF |
| Hanmi Bank | Attn. Paul Cross Esq. | 11300 N. Central Expressway Ste. 604 | | Dallas | TX | 75243 | phclease@msn.com | NOA-ECF |
| Hanszen LaPorte | 14201 Memorial Dr | | | Houston | TX | 77079-6731 | | Regular Mail |
| High Plains Radio Network, LLC | PO Box 1419 | | | Vernon | TX | 76385-1419 | | Regular Mail |
| Hitachi Capital America Corp. | 7808 Creekridge Circle | Suite 250 | | Edina | MN | 55439-2647 | | Regular Mail |
| Internal Revenue Service | Centralized Insolvency Operation | PO Box 7317 | | Philadelphia | PA | 19101-7317 | | Regular Mail |
| Jeffery D. Carruth | Weycer Kaplan Pulaski & Zuber, P.C. | 2608 Hibernia | Suite 105 | Dallas | TX | 75204-2514 | jcarruth@wkpz.com | Regular Mail |
| Liberty Mutual Insurance | 175 Berkeley Street | | | Boston | MA | 02116-3350 | | Regular Mail |
| Litefund Solutions | 99 Wall St #2613 | | | New York | NY | 10005-4301 | | Regular Mail |
| Malakoff ISD | Linebarger Goggan Blair & Sampson, LLP | c/o Sherrel K Knighton | 2777 N Stemmons Fwy, Ste. 1000 | Dallas | TX | 75207-2328 | Sherrel.Knighton@lgbs.com | NOA-ECF |
| Marlin Leasing Corp | 300 Fellowship Rd | | | Mount Laurel | NJ | 08054-1727 | | Regular Mail |
| Media Facilities | 1740 Dell Range Blvd. #418 | | | Cheyenne | WY | 82009-4961 | | Regular Mail |
| Meridian | 367 Eagleview Blvd. | | | Exton | PA | 19341-1156 | | Regular Mail |
| Meridian Equipment Finance LLC | 9 Old Lincoln Highway | | | Malvern | PA | 19355-2551 | | Regular Mail |
| Midland States Bank | 1801 Park 270 Drive | Suite 200 | | St. Louis | MO | 63146-4022 | | Regular Mail |
| Mitsubishi HC | 7201 Metro Blvd. Ste 800 | | | Edina | MN | 55439-1333 | | Regular Mail |
| Mitsubishi HC | c/o Jason Sellers | 825 Nicollet Mall, Ste 1648 | | Minneapolis | MN | 55400 | | Regular Mail |
| Monte Spearman | 4837 Silverwood Dr. | | | Johnstown | CO | 80534 | | direct email |
| Monte Spearman | PO Box 3649 | | | Palestine | TX | 75802 | | Regular Mail |
| New Lane Fin. B-M | 801 Landcaster Ave | | | Bryn Mawr | PA | 19010-3305 | | Regular Mail |
| North Arkansas Electric | PO Box 1000 | | | Salem | AR | 72576-1000 | | Regular Mail |
| Optimum Telephone | 1111 Stewart Ave. | | | Bethpage | NY | 11714-3581 | | Regular Mail |
| Pawnee | 3801 Automation Way #207 | | | Ft Collins | CO | 80525-5735 | | Regular Mail |
| SBA Covid-19 Disaster Loan | PO Box 3918 | | | Portland | OR | 97208-3918 | | NOA-ECF |
| Scott M. Seidel -SBRA V | Seidel Law Firm | 6505 West Park Blvd | Suite 306 | Plano | TX | 75093-6212 | scott@scottseidel.com | NOA-ECF |
| SecureNet | 101 N Federal HWY Ste 601 | | | Boca Raton | FL | 33432-3969 | | Regular Mail |
| SESAC | PO Box 5246 | | | New York | NY | 10008-5246 | | Regular Mail |
| Summit | 4680 Parkway Dr #300 | | | Mason | OH | 45040-7979 | | Regular Mail |
| Summit Natural Gas | PO Box 676358 | | | Dallas | TX | 75267-6358 | | Regular Mail |
| Texas Comptroller | Rev Acct Div - Bankruptcy Section | PO Box 13528 | | Austin | TX | 78711-3528 | | Regular Mail |
| The County of Henderson, Texas | c/o Julie Anne Parsons | McCreary Veselka Bragg & Allen, P.C. | P.O. Box 1269 | Round Rock | TX | 78680-1269 | jparsons@mvbalaw.com | NOA-ECF |
| The County of Stephens, Texas | c/o Julie Anne Parsons | McCreary Veselka Bragg & Allen, P.C. | P.O. Box 1269 | Round Rock | TX | 78680-1269 | jparsons@mvbalaw.com | NOA-ECF |
| The Fundworks | 299 S. Main St. #1300 | | | Salt Lake City | UT | 84111-2241 | | Regular Mail |
| Turbo Capital | 2308 N Market St | | | Wilmington | DE | 19802-4230 | | Regular Mail |
| TXU Utility | PO Box 650638 | | | Dallas | TX | 75265-0638 | | Regular Mail |
| U.S. Bank Equipment Finance | 1310 Madrid Street | | | Marshall | MN | 56258-4099 | | Regular Mail |
| U.S. Small Business Administration | 1545 Hawkins Blvd Ste 202 | | | El Paso | TX | 79925-2654 | | NOA-ECF |
| U.S. Small Business Administration | c/o Dawn Whalen Theiss | 1100 Commerce St Ste 300 | | Dallas | TX | 75242 | dawn.theiss@usdoj.gov | NOA-ECF |
| United First LLC | 2999 NE 191st St | | | Miami | FL | 33180-3123 | | Regular Mail |
| United Funding | 1835 E Hollandale Beach BLVD | | | Hollandale Beach | FL | 33009-4619 | | NOA-ECF |
| United Funding | Shanna M. Kaminski | Kaminski Law, PLLC | P.O. Box 247 | Grass Lake | MI | 49240 | skaminski@kaminskilawpllc.com | NOA-ECF |

service list (hprn) 001 4878-4499-4995 v.6.xlsx, Sheet1    Page 1 of 2    4/15/2024, 9:54 AM

| Name | Address 1 | Address 2 | Address 3 | City | State | Zip | Email | Method |
|---|---|---|---|---|---|---|---|---|
| United States Trustee | 1100 Commerce Street | Room 976 | | Dallas | TX | 75242-0996 | erin.schmidt2@usdoj.gov | NOA-ECF |
| Verizon Cell Phone | PO Box 660108 | | | Dallas | TX | 75266-0108 | | Regular Mail |
| Vertical Bridge REIT LLC | 750 Park of Commerce Dr #200 | | | Boca Raton | FL | 33487-3650 | | NOA-ECF |
| Vertical Bridge REIT LLC | Brandy A. Sargent | K&L Gates | One SW Columbia St., Ste 1900 | Portland | OR | 97204 | brandy.sargent@klgates.com | NOA-ECF |
| Vertical Bridge REIT LLC | David Weitman | K&L Gates | 1717 Main Street Suite 2800 | Dallas | TX | 75201 | david.weitman@klgates.com | NOA-ECF |
| Xcel Energy | Attn Bankruptcy Department | Po Box 9477 | | Minneapolis | MN | 55484-0001 | | Regular Mail |
| Zula Com | PO Box 3649 | | | Palestine | TX | 75802-3649 | | direct email |

service list (hprn) 001 4878-4499-4995 v.6.xlsx, Sheet1        Page 2 of 2        4/15/2024, 9:54 AM

**MOTION TO EMPLOY WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
AS ATTORNEYS FOR THE DEBTOR — Page 2**
motion employ WKPZ 4890-0349-7650 v.5.docx[3]/4857-5070-2777, v. 1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HIGH PLAINS RADIO NETWORK, LLC, | § § | CASE NO. 24-70089-swe11V |
| | § | |
| | § | |
| DEBTOR. | § | |

**DECLARATION OF JEFF CARRUTH IN SUPPORT OF MOTION TO EMPLOY WEYCER, KAPLAN, PULASKI & ZUBER, P.C. AS ATTORNEYS FOR THE DEBTOR**

Pursuant to 28 U.S.C. § 1746, Jeff Carruth, hereby declares the following under penalty of perjury of the laws of the United States that the following statements are true and correct.

1. My name is Jeff Carruth. I am more than twenty-one (21) years of age and am competent and authorized to make this declaration. I have personal knowledge of the facts set forth herein and they are true and correct.

2. I have been licensed to practice law in the State of Texas since 1997. I am admitted to practice law and am in good standing in multiple jurisdictions including all of the federal district courts in Texas, Oklahoma, and Arkansas as well as at least the following districts and courts: the District of Colorado, the Central District of Illinois, and the Fifth Circuit Court of Appeals. I also hold ECF filing privileges in the bankruptcy courts of at least one dozen other districts.

3. I am an attorney with the law firm of Weycer, Kaplan, Pulaski & Zuber, P.C. ("WKPZ"). I and WKPZ have been requested by the above-captioned debtor and debtor in possession (the "Debtor") to represent it in this Chapter 11 case.

4. This declaration was prepared and is being submitted as an exhibit to the *Motion to Employ Weycer, Kaplan, Pulaski & Zuber, P.C. as Attorneys for the Debtor* (the "Motion to Employ WKPZ"). I have read the Motion to Employ WKPZ and WKPZ agrees to the terms of employment set forth therein.

5. The above-captioned Debtor desires to employ WKPZ to provide general legal services as needed throughout the course of this case. The legal services that WKPZ will render to the Debtor may be summarized as follows:

   (a) advise the Debtor of the rights, powers, duties, and obligations of the Debtor as debtor and debtor-in-possession in this Chapter 11 case;

(b) take all necessary actions to protect and preserve the estates of the Debtor, including the prosecution of actions on the Debtor's behalf, the defense of actions commenced against the Debtor, the negotiation of disputes in which the Debtor are involved, and the preparation of objections with respect to claims that are filed against the estate;

(c) to the extent necessary, assist the Debtor in the investigation of the acts, conduct, assets, and liabilities of the Debtor, and any other matters relevant to the case;

(d) investigate and potentially prosecute preference, fraudulent transfer, and other causes of action arising under the Debtor's avoidance powers and/or which are property of the estate;

(e) prepare on behalf of the Debtor, as debtor-in-possession, all necessary motions, applications, answers, orders, reports, and papers in connection with the representation of the Debtor and the administration of the estates and this Chapter 11 case;

(f) negotiate, draft, and present on behalf of the Debtor a plan for the reorganization of the Debtor's financial affairs, and the related disclosure statement, and any revisions, amendments, and so forth, relating to the foregoing documents, and all related materials; and

(g) perform all other necessary legal services in connection with this Chapter 11 case and any other bankruptcy-related representation that the Debtor require.

6. WKPZ will not advise the Debtor with respect to nor render opinions regarding tax matters or securities matters.

7. WKPZ will not advise the Debtor with respect to any matters involving the Federal Communications Commission ("FCC").

8. Subject to the Court's approval, WKPZ will charge the Debtor for legal services on an hourly basis in accordance with the ordinary and customary hourly rates of WKPZ that are in effect on the date services are rendered.

9. The current minimum hourly billing rates for the attorney who will be providing substantially all of the services to the Debtor in this case are as follows.

| | |
|---|---|
| Jeff Carruth, Shareholder: | $585.00 |
| Other Shareholders | $525.00 or less |
| Associates: | $300.00 or less |
| Paralegals: | $150.00 |

10. In addition to compensation for professional services rendered, WKPZ shall seek reimbursement for reasonable and necessary expenses incurred in connection with this proceeding, including, but not limited to, filing fees, deposition and other transcript costs,

Lexis/Westlaw, PACER and other electronic research, data management and/or download products, mileage and other travel expenses, long distance and fax charges, messenger services, postage, and reproduction costs.

11. Also, notably, WKPZ will not charge for non-working travel time with respect to the representation of the Debtor.

12. In addition to compensation for professional services rendered, WKPZ shall seek reimbursement for reasonable and necessary expenses incurred in connection with this proceeding, including, but not limited to, filing fees, deposition and other transcript costs, Lexis/Westlaw, PACER and other electronic research, data management and/or download products, mileage and other travel expenses, long distance and fax charges, messenger services, postage and mail-out services, and reproduction costs.[1]

13. On March 26, 2024, the Debtor executed and delivered the current, bankruptcy engagement letter to WKPZ.

14. Debtor has made the following payments to WKPZ, and WKPZ has paid the following pre-petition invoices and expenses, as shown in the table below. A total initial retainer in the amount of $52,000 was agreed, and a balance of $21,000 remains.

15. The engagement letter between WKPZ and the Debtor provides that (1) the Debtor will provide a post-petition retainer to WKPZ of $21,000, and that WKPZ may seek to withdraw if the post-petition retainer is not received, and (2) WKPZ is not obligated to work beyond the ability of HPRN to pay for the services of WKPZ, and that WKPZ may seek to withdraw from the bankruptcy case and/or any other litigation if HPRN is or will be unable to pay for the fees and expenses incurred by WKPZ and/or that may be approved by the bankruptcy court.

| Date | Event | Amount |
|---|---|---|
| 3/19/2024 | deposit / payment | 5,000.00 |
| 3/25/2024 | deposit | 4,000.00 |
| 3/25/2024 | deposit | 6,000.00 |
| 3/26/2024 | deposit | 7,500.00 |
| 3/26/2024 | deposit | 8,500.00 |
| | **Total pre-pet retainer** | 31,000.00 |
| 3/26/2024 | WKPZ inv. 244243 | (3,994.50) |
| 3/26/2024 | Filing fee | (1,738.00) |
| | **Retainer remaining** | 25,267.50 |
| | Total retainer agreed | 52,000.00 |
| | Retainer balance owed | 21,000.00 |

---

[1] The Debtor may undertake direct payment of reproduction and mailing costs associated with these cases in the ordinary course; however, it also possible that WKPZ shall incur such expenses.

16. WKPZ may request additional, post-petition retainer s from the Debtor and/or an insider of the Debtor depending on the circumstances which may arise in this case and only in the event that such retainers would not cause WKPZ to lose its disinterested status in this matter.

17. WKPZ understands that compensation for services rendered to the Debtor and reimbursement of expenses will be subject to interim and final allowance by this Court pursuant to a fee Motion to Employ WKPZ to be filed by WKPZ.

18. I have reviewed the records of WKPZ to determine the existence of any interest held or represented by WKPZ that is adverse to the Debtor's estate or the Debtor's creditors. Based on that review, I am informed and believe that:

    (a) WKPZ is not and was not a creditor of the Debtor in this case and is not and was not an equity security holder or an insider of the Debtor;

    (b) within two years before the Petition Date, no one at WKPZ was a director, officer, or employee of the Debtor;

    (c) WKPZ does not have an interest materially adverse to the interest of the estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

19. Based on that review, WKPZ does not have any relationship to or connection with or interest in (i) the United States Trustee or any person employed by the office of the United States Trustee or (ii) any attorneys, accountants, financial consultants, and investment bankers who represent or may represent claimants or other parties in interest in this case.

20. Except as provided below, WKPZ does not represent any creditors or other parties-in-interest in this case.

21. To the best of the Debtor's knowledge, information, and belief, other than as set forth in the Carruth Declaration and in connection with this case, WKPZ has no connection with the Debtor's creditors, the United States Trustee, or any other party with an actual or potential interest in this case or any of their respective attorneys or accountants.

22. Consistent with its professional responsibility, WKPZ has evaluated potential conflicts of interest and believes that none exist, except as disclosed herein. If, and when, additional information with respect to any other relationships which may exist between WKPZ, its shareholders, principals, and staff members and the Debtor or any other party in interest in this case arises, supplemental declarations describing such information shall be filed with the Court.

23. Accordingly, except as set forth herein, and based upon the information available to me, neither I, WKPZ, nor any shareholder or associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtor or the Debtor's estate in the

matters upon which WKPZ is to be employed.  Based upon the information available to me, I believe that WKPZ is a "disinterested person" as that term is defined in Code §101(14).

24. No promises have been received by WKPZ, or by any employee thereof, to receive compensation in this case other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules of Procedure, and the Local Bankruptcy Rules.  No one employed at WKPZ has agreed to share compensation received in this case with any other person or entity not a member or regular associate of WKPZ.

25. Carrying noticing and mailing expenses in this case until approval of an interim for final fee application would impose an undue and unnecessary hardship on WKPZ. Accordingly, WKPZ requests the authority to pay these expenses immediately and directly as incurred, without further notice or order of the Court.

FUTHER DECLARANT SAYETH NOT

DATED:  April 25, 2024              Respectfully Submitted:

                WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
                By:  */s/ Jeff Carruth*
                   JEFF CARRUTH
                   State Bar No. 24001846
                   2406 Hibernia, Suite 105
                   Dallas, Texas 75204
                   Phone: (713) 341-1058
                   Facsimile: (866) 666-5322
                   jcarruth@wkpz.com

                PROPOSED ATTORNEYS FOR
                HIGH PLAINS RADIO NETWORK, LLC
                DEBTOR

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HIGH PLAINS RADIO NETWORK, LLC, | § § | CASE NO. 24-70089-swe11V |
| | § | |
| DEBTOR. | § § | |

**ORDER GRANTING MOTION TO EMPLOY WEYCER, KAPLAN, PULASKI & ZUBER, P.C. AS ATTORNEYS FOR THE DEBTOR (RE: DOCKET NO. 57)**

On this day came on for consideration the *Motion to Employ Weycer, Kaplan, Pulaski & Zuber, P.C.* (Docket No. 57) (the "Motion to Employ WKPZ") of HIGH PLAINS RADIO NETWORK, LLC, debtor and debtor in possession (the "Debtor"), filed on April 25, 2024 in the above-styled and numbered case(s), seeking approval of the employment of the firm of Weycer, Kaplan, Pulaski, & Zuber, P.C. ("WKPZ") as counsel for the Debtor as more particularly set forth in the Motion to Employ WKPZ and Declaration on file in this case.

The Court finds that the Motion to Employ WKPZ contained the appropriate notice and was served upon the parties contained within the Master Service List of the Debtor. No objections to the Motion to Employ WKPZ were filed. Upon review of the Motion to Employ WKPZ, it appears to the Court that the proposed professional is "disinterested" as that term is defined in Code §101(14) and that the proposed professional represents or holds no interest adverse to the Debtor.

**IT IS THEREFORE ORDERED THAT**

1. The Motion to Employ WKPZ is GRANTED and that the Debtor is authorized to employ WKPZ as attorneys to the Debtor and the related Chapter 11 estate(s) pursuant to 11 U.S.C. § 327(a), *nunc pro tunc* and effective as of March 26, 2024, the Petition Date, as set forth in the Motion to Employ WKPZ, with all fees payable with such compensation as may be awarded by the Court upon proper motion or application.

2. WKPZ may directly pay from funds supplied by the Debtor the vendor invoices for mail out services (copying, postage processing, etc.) without further notice or order, provided that such payments are disclosed in the interim and/or final fee applications of WKPZ.

###END OF ORDER###

Submitted by:

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By: */s/ Jeff Carruth*
  JEFF CARRUTH (TX SBN: 24001846)
  2608 Hibernia, Suite 105
  Dallas, TX 75204-2514
  Telephone: (713) 341-1158
  Fax: (713) 961-5341
  E-mail:  jcarruth@wkpz.com

PROPOSED ATTORNEYS FOR
HIGH PLAINS RADIO NETWORK, LLC,
DEBTOR AND DEBTOR IN POSSESSION