Jeff Carruth (TX SBN:. 24001846)
WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
2608 Hibernia, Suite 105
Dallas, TX 75204-2514
Telephone: (713) 341-1158
Fax: (713) 961-5341
E-mail:  jcarruth@wkpz.com

PROPOSED ATTORNEYS FOR
HIGH PLAINS RADIO NETWORK, LLC
DEBTOR AND DEBTOR IN POSSESSION

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HIGH PLAINS RADIO NETWORK, LLC, | § § § § | CASE NO. 24-70089-swe<br>Chapter 11, SubV |
| DEBTOR. | § | |

**HIGH PLAINS RADIO NETWORK, LLC'S FIRST SET OF DISCOVERY TO VERTICAL BRIDGE REIT, LLC REGARDING MOTION TO LIFT STAY (RE: DOCKET NO.**

TO:     Vertical Bridge REIT, LLC, by and through its attorneys of record, David Weitman and Brandy A. Sargent, K&L Gates, LLP, 1717 Main Street, Suite 2800, Dallas, Texas 75201.

Pursuant to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules (collectively, the "Rules"), High Plains Radio Network, LLC, Debtor and Debtor in Possession ("HRPN") hereby requests that Vertical Bridge REIT, LLC ("VB") answer the following discovery requests (the "Discovery Requests" or individually a "Discovery Request") fully, separately, in writing and, if applicable, under oath within ==FOURTEEN (14) DAYS (SEE L.B.R. 4001-1(C)== after service hereof, and in accordance with the Rules and the definitions and instructions set forth below.

These Discovery Requests are considered continuing in nature to the extent permitted by law.  A continuing duty to supplement exists under the Rules.  Therefore, any answer setting out facts and information discovered after the Discovery Requests have been answered, or any document or thing discovered after service of your responses to these Discovery Requests and/or after production, shall be served upon the undersigned counsel.

Dated: May 8, 2024

Respectfully submitted:

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
By:   */s/ Jeff Carruth*
      JEFF CARRUTH (TX SBN: 24001846)
      2608 Hibernia, Suite 105
      Dallas, TX 75204-2514
      Telephone: (713) 341-1158
      Fax: (713) 961-5341
      E-mail: jcarruth@wkpz.com

PROPOSED ATTORNEYS FOR
HIGH PLAINS RADIO NETWORK, LLC,
DEBTOR AND DEBTOR IN POSSESSION

## CERTIFICATE OF SERVICE

      The undersigned certifies that a true and correct copy of the foregoing was served on May 8, 2024 to the following by direct email to.

David Weitman
Brandy Sargent
K&L GATES LLP
1717 Main Street, Suite 2800
Dallas, Texas 75201
Telephone: (214) 939-5500
Facsimile: (214) 939-5849
Email: david.weitman@klgates.com
      Brandy.sargent@klgates.com

ATTORNEYS FOR Vertical Bridge REIT, LLC

                              */s/ Jeff Carruth*
                              Jeff Carruth

## INSTRUCTIONS FOR INTERROGATORIES

1. Answer each interrogatory separately and fully in writing under oath. If you object to a particular interrogatory, state the reasons for the objection and answer the interrogatory to the extent it is not objectionable. All grounds for any objection must be stated with specificity.

2. In answering each interrogatory, the Debtors must furnish all information that is available to them. Thus, if the Debtors can obtain any information requested, the Debtors must so obtain. **Duty to Supplement**: Debtors have a duty to supplement the response as information changes or becomes available.

3. The answers must be signed by the person making them (i.e., the Debtors). The Defendant(s)' attorney, if any, must sign any objections.

4. Should any answer require more space than is allowed under an interrogatory, continue the answer on another sheet, identify the question, and attach the separate sheet to the answers.

## INSTRUCTIONS FOR REQUESTS FOR ADMISSIONS

5. If a response denies the admission requested, you must set forth in detail the reasons why the matter cannot be admitted. Any denial shall fairly meet the substance of the requested admission. If you deny only some portion of the matter addressed by a particular request for admission, you must specify what parts of the request for admission are true. **Duty to Supplement**: Debtors have a duty to supplement the response as information changes or becomes available.

6. You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made a reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to admit or deny the request for admission. You may not refuse to respond to a request for admission solely on the basis that the request for admission presents a genuine issue for trial.

## DEFINITIONS AND GENERAL INSTRUCTIONS
## FOR INTERROGATORIES AND REQUESTS FOR ADMISSIONS

1. In no event should any Instruction, Definition, or Discovery Request be read to contradict the Rules.

2. Unless otherwise specified herein, the relevant time period for these Discovery Requests is **February 26, 2018 through and including the present.**

3. These instructions and definitions herein should be construed to require answers and/or production based upon the knowledge of, and information and documents available to the responding party (as defined below), as well as the Personnel (as defined below) of the responding party.

4. It is intended that the following Discovery Requests will not solicit any material protected either by the attorney/client privilege or the work-product doctrine that was created by, or developed by, counsel for the responding party after the date on which the relevant litigation was commenced. If any inquiry is susceptible to a construction that calls for the production of such material, or for material claimed to be protected under the attorney/client privilege, that material need not be provided but a privilege log pursuant will be required as to all such material.

5. With respect to any Document that is produced:

   a. Each Document produced pursuant to this request should be identified in such production by the paragraph of the request with respect to which it is produced.

   b. If any privilege, exemption, or immunity is claimed as a basis for withholding production of one or more Documents, then please state:

      i. the particular basis for withholding the Document;

      ii. the author(s) of the Document;

      iii. the form of the Document;

      iv. the date of the Document;

      v. the identity of all persons who have seen the Document; and;

      vi. the general subject matter of the Document.

   c. Documents which, when regularly maintained, are stapled, clipped, or otherwise physically attached to other Documents are to be produced in their stapled, clipped, or otherwise physically attached form.

   d. If a Document or a group of Documents is taken out of a file folder, file drawer, notebook, or other identifiable storage facility, please attach thereto a copy of the label of the file folder, file drawer, etc., so that the location of each such Document in your files can be determined.

   e. If any such responsive Document has been lost, discarded, or destroyed, you must identify such Document as completely as possible, including the following information:

      i. the type of Document;

      ii. the date of the Document;

      iii. the date or approximate date the Document was lost, discarded, or destroyed;

      iv. the circumstances or manner in which it was lost, discarded, or destroyed;

      v. the reason or reasons for disposing of the Document (if the Document was discarded or destroyed);

      vi. the identity of all Persons authorizing or having knowledge of the circumstances surrounding disposal of the Document;

       vii.    the identity of the Persons who lost, discarded, or destroyed the Document; and

       viii.    the identity of all Persons having knowledge of the contents of the Document.

    f.    If you have previously produced to another party any such responsive Documents and you believe that such production is accessible to the party serving these Discovery Requests, you should so specify.

6. These Discovery Requests are continuing in character so as to require that supplemental answers be served seasonably if further or different information is obtained with respect to any Discovery Request. Consequently, these Discovery Requests require supplementation if you obtain further information or documents between the time the answers are served and the time of trial.

7. The answers to any Interrogatories, as applicable, and other Discovery Requests should be complete and candid. To the extent any information called for by the Interrogatories is unknown to you, so state, and set forth whatever information you have regarding that Interrogatory. If any estimate can reasonably be made, please set forth your best estimate, clearly designated as such.

8. No part of a Discovery Request should be left unanswered merely because an objection is interposed to another part of the Discovery Request. If a partial or incomplete answer is provided, so state that the answer is partial or incomplete.

9. If, in answering these Discovery Requests, you encounter any ambiguities when construing a question, instruction, or definition, then your answer shall set forth the matter deemed ambiguous and the construction used in answering.

10. You must serve your answers or objections to these Discovery Requests upon the undersigned counsel on the thirtieth (30th) day after these Discovery Requests were served upon you.

11. Headings are for convenience only and should not be read to limit the scope of any Discovery Request.

12. Please contact counsel for the propounding party if you would like an electronic copy of this discovery to aid in the preparation of responses. In any event, the hard copy of this discovery served upon you shall be the controlling copy.

13. **THE PRODUCING PARTIES SHALL NOT REDACT ACCOUNT NUMBERS OR OTHER IDENTIFYING INFORMATION.** HRPN shall not disclose any account numbers or other personal identifying information contained in the document production in the absence of an Order from this Court or an agreement with the affected party; provided, however, HRPN reserves the right to use the full account numbers subsequently when serving a subpoena or seeking other discovery from any financial institution.

## DEFINITIONS AND CONSTRUCTION OF WORDS

1. All words contained in the Discovery Requests shall have their normal contextual meaning unless otherwise defined herein and should be read in a manner to provide a complete answer to each Discovery Requests. *__Words need not be capitalized in order to be controlled by the meaning of such word(s) as defined herein.__*

2. Wherever appropriate from the context, each term stated in either the singular or the plural shall include the singular and the plural, and pronouns stated in the masculine, feminine, or neuter gender shall include the masculine, feminine, and neuter gender.

3. Additional definitions for or relating to the parties to this action may appear in the introductory paragraphs of this document.

4. No Discovery Request should be read to contradict the applicable rules of civil procedure and/or rules of evidence.

### General Discovery Definitions

5. "Agent" shall mean any agent, representative, employee, officer, director, attorney, independent contractor or any other Person acting at the direction of or on behalf of another.

6. "And" or "each", "all", and "any" shall be construed as necessary in each case to make each document request inclusive, rather than exclusive.

7. "Communication" shall mean and refer to any transmittal or information by any means, including, without limitation, any oral, written, or electronically recorded utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, any correspondence, conversations, telephone calls or other voice or audio interaction, text or SMS messages, chat sessions, dialogues, discussions, interviews, consultations, agreements, or any other understandings between or among two or more Persons or any Document that recorded or reflected any such Communication.

8. "Discovery Requests" shall mean and refer to this discovery instrument and, as applicable, any interrogatories, requests for admissions, requests for production, and/or requests for inspection contained herein.

9. "Document" shall mean and include all documents and tangible things to the very broadest extent included within the scope of the Rules, including, but not limited to, the originals and all drafts and copies, together with any annotations or highlighted copies containing all or part of the information requested, in the possession, custody or control of You, Your attorneys, representative, employees, agents, or any other natural person or business or legal entity acting or purporting to act for or on Your behalf, or their respective Personnel as the case may be. Also, the term "Document" or "writing" means any medium whatsoever, including all electronic, recorded and digital media of any kind, upon which intelligence or information can be recorded, or

retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any written material, correspondence, electronic mail, text or SMS messages, chat sessions, note file, book, pamphlet, printout, chart, record, report, periodical, letter, memorandum, (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, draft, working paper, chart, paper, print, drawing, sketch, graph, index, list, and any written, recorded, transcribed, punched, taped, filmed or graphic matter whatsoever, however produced or reproduced, which is in your possession, custody, or control or which was, but is no longer, in Your possession, custody, or control.  The term "Document" or "writing" shall also include all copies or drafts of Documents by whatever means made, including specifically but not exclusively, those copies bearing commentary or notations not appearing on the original.

10. "Identify" shall have the following meanings.

   a. When referring to a person, to state the full current name, residence, and business addresses, and residence and business telephone numbers of the person about whom information is sought, as well as that person's present or last known employer, that person's office or title, if any, and that person's job description.  If any of this information was different at the time with which the Interrogatories are concerned, state also such different information as applies to the time in question;

   b. When referring to a business entity or firm (e.g., a corporation, partnership, limited partnership, law firm, etc.), to state the full name of such business, entity or firm, and the address of its principal place of business;

   c. When referring to a document, to state its date, title, a brief description, subject matter, addressee or others receiving a copy, and author;

   d. When referring to an act, communication, occurrence, statement or conduct, to state the substance of the event constituting such act and the date when such act occurred, persons participating in such act, all persons present when such act occurred, and a description of any record of such act;

   e. When referring to dates, to state the date each such activity began and the date it ended; and

   f. Any specific meaning provided in an Interrogatory.

11. "Insider" (A) with respect to a business entity or other not natural person, shall mean and refer to any (*i*) member or director of such entity, (*ii*) any officer or manager of such entity, (*iii*) any person in control of such entity, or (*iv*) any relative of any such member, director, manager, officer, or person in control; and (B) with respect to any individual, shall mean and refer to (*i*) a relative of the debtor or of a general partner of the debtor; (*ii*) a partnership in which the debtor is a general partner; (*iii*) a general partner of the debtor; or (*iv*) business entity or other non-natural person of which the debtor is a director, officer, or person in control.

12. "Person" shall mean and refer to any individual, corporation, company, proprietorship, partnership, trust, association, or other entity.

13. "Personnel" shall mean and refer to any of the following persons with respect to a referenced person or entity: Insiders; Agents; representatives; servants; employees; officers; directors or managers; the Board of Directors; any individual shareholder or shareholders (or any holders of any equity interest); partner or partners; any accountant representing or providing services; or personal representatives.

14. "Period" shall mean and refer to **February 26, 2018** through and including the present.

15. "Or" means and refers to and/or.

16. "Relating to" means concerning, respecting, referring to, summarizing, digesting, embodying, reflecting, establishing, evidencing, comprising, connected with, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting, or including.

17. "Rules" shall mean and refer to the governing rules of civil procedure applicable to this litigation, e.g., the Texas Rules of Civil Procedure, Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure, etc., as applicable.

18. "You" or "yours" shall refer to the party to whom these Discovery Requests are being served and all agents and representatives, and all other persons acting on behalf of or purported to act on behalf of said person including the Agents and Personnel of such person.

## Case specific Discovery Definitions

19. "Bankruptcy Case" shall mean and refer to Case No. 24-70089; In re High Plains Radio Network, LLC.

20. "Bankruptcy Court" shall mean and refer to the United States Bankruptcy Court for the Northern District of Texas, Wichita Falls Division.

21. "Debtor" or "HRPN" shall mean and refer to High Plains Radio Network, LLC.

22. "Petition Date" shall mean and refer to March 26, 2024.

23. "VB" or "Vertical Bridge" shall mean and refer to Vertical Bridge REIT, LLC and/or any affiliate thereof that is the contracting party with HRPN.

## REQUESTS FOR ADMISSIONS

1. Admit that the Vertical Bridge lease number 1807, Lubbock, KDAV-AM terminated and/or was inactive before the Petition Date.

2. Admit that the Vertical Bridge lease number 3348, Plainview, KKYN-FM terminated and/or was inactive before the Petition Date.

3. Admit that the Vertical Bridge lease number 3349, Plainview, KRIA-FM terminated and/or was inactive before the Petition Date.

4. Admit that the Vertical Bridge lease number 3351, Plainview, KREW-AM terminated and/or was inactive before the Petition Date.

5. Admit that the Vertical Bridge lease number 3352, Plainview A, KVOP-AM terminated and/or was inactive before the Petition Date.

6. Admit that the Vertical Bridge lease number 3353, Plainview B, KVOP-AM terminated and/or was inactive before the Petition Date.

7. Admit that the Vertical Bridge lease number 3354, Plainview C, KVOP-AM terminated and/or was inactive before the Petition Date.

8. Admit that the Vertical Bridge lease number 3355, Plainview D, KVOP-AM terminated and/or was inactive before the Petition Date.

9. Admit that the Vertical Bridge lease number 5398, Emback, KRZP-FM terminated and/or was inactive before the Petition Date.

10. Admit that the Vertical Bridge lease number 5527, Levelland, KLVT-AM terminated and/or was inactive before the Petition Date.

11. Admit that the Vertical Bridge lease number 5528, Littlefield, KZZN-AM terminated and/or was inactive before the Petition Date.

12. Admit that the Vertical Bridge lease number 5897, Altus, KEYB-FM terminated and/or was inactive before the Petition Date.

13. Admit that the Vertical Bridge lease number 5898, Hollis, KJOK-FM terminated and/or was inactive before the Petition Date.

14. Admit that the Vertical Bridge lease number 5899, Hollis, KKRE-FM terminated and/or was inactive before the Petition Date.

15. Admit that the Vertical Bridge lease number 5996, Frederick, KYBE-FM terminated and/or was inactive before the Petition Date.

16. Admit that the Vertical Bridge lease number 5997, Frederick, KTAT AM terminated and/or was inactive before the Petition Date.

17. Admit that the Vertical Bridge lease number 6625, Helena, KFFA-AM terminated and/or was inactive before the Petition Date.

18. Admit that the Vertical Bridge lease number 7800, Malakoff, KCKL-FM terminated and/or was inactive before the Petition Date.

19. Admit that the Vertical Bridge lease number 7801, Athens, KLVQ-AM terminated and/or was inactive before the Petition Date.

20. Admit that the Vertical Bridge lease number 7803, Athens, KLVQ-AM terminated and/or was inactive before the Petition Date.

21. Admit that the Vertical Bridge lease number 7821, Buena Vista, KSKE-AM terminated and/or was inactive before the Petition Date.

22. Admit that the Vertical Bridge lease number 8682, Graham, KWKQ-FM terminated and/or was inactive before the Petition Date.

23. Admit that the Vertical Bridge lease number 8683, Graham, KSWA-AM terminated and/or was inactive before the Petition Date.

24. Admit that the Vertical Bridge lease number 8684, Breckenridge, KLXK-FM terminated and/or was inactive before the Petition Date.

25. Admit that the Vertical Bridge lease number 8685, Breckenridge, KROO-AM terminated and/or was inactive before the Petition Date.

26. Admit that the Vertical Bridge lease number 9867, Vernon, KVWC-AM terminated and/or was inactive before the Petition Date.

27. Admit that the Vertical Bridge lease number 9868, Vernon, KVWC-FM terminated and/or was inactive before the Petition Date.

28. Admit that the Vertical Bridge lease number 10006, Lariat, KICA-AM terminated and/or was inactive before the Petition Date.

29. Admit that the Vertical Bridge lease number 10007, Lariat, KICA-FM terminated and/or was inactive before the Petition Date.

30. Admit that the Vertical Bridge lease number 10008, Lariat, KKYC-FM terminated and/or was inactive before the Petition Date.

31. Admit that the Vertical Bridge lease number 10009, Friona, KGRW-FM terminated and/or was inactive before the Petition Date.

32. Admit that the Vertical Bridge lease number 10010, Friona, KKNM-FM terminated and/or was inactive before the Petition Date.

# REQUESTS FOR PRODUCTION

1. Any lease or agreement that Vertical Bridge believes to have been in effect as of the Petition Date.

2. Any document transmitted from HPRN to VB during the Period evidencing the termination, cessation, discontinuation, and/or non-performance of any tower lease.

3. The documents and accounting which evidence the amounts alleged in Paragraph No. 3 of the motion to lift stay (Docket No. 65).

4. The documents that evidence the status of each tower lease as of the Petition Date.

5. The documents that evidence the basis of the daily amount alleged in Paragraph No. 59 of the motion to lift stay (Docket No. 65).

# INTERROGATORIES

1. Identify the reasons for any Request for Admission that is denied in the Request for Admissions section of these Discovery Requests, as set forth above.

2. Identify each and every lease and/or other contract and/or agreement in effect between VB and HPRN *at any time during the Period* and the charges under each such item, including without limitation the information necessary to complete and/or populate the following fields set forth below. Start a new row for any or each change in rent or change in other charges.

| Lease or Contact Number | Location | Call letters | AM or FM | Commencement Date | End Date | Rent Per Mo. | Other Charges | Status as of Petition Date | Amount Due as of Petition Date |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

3. Identify each and every lease and/or other contract and/or agreement VB believes to have been in effect *as of the Petition Date*, including without limitation the following fields.

| Lease or Contact Number | Location | Call letters | AM or FM | Commencement Date | End Date | Rent Per Mo. | Other Charges | Status as of Petition Date | Amount Due as of Petition Date |
|---|---|---|---|---|---|---|---|---|---|

**HIGH PLAINS RADIO NETWORK, LLC'S FIRST SET OF DISCOVERY TO VERTICAL BRIDGE REIT, LLC — Page 11**
discovery set 001 -VB 4877-8825-3885 v.3.docx/4871-4331-9229, v. 1

|  |  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |

4. Identify all communications between Debtor and VB regarding the status of any tower lease during the Period.

5. Identify all communications between Debtor and VB regarding the termination, cessation, discontinuation, or non-performance of any the tower lease during the Period.

6. Identify all amounts charged by VB to or against HPRN during the Period relating to any tower lease or settlement agreement, including without limitation the information necessary to complete and/or populate the following fields set forth below.

| Lease or Contact Number | Location | Call Letters | AM or FM | Invoice# | Balance due after payment |  |  |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |

7. Identify all amounts paid by or on half of HPRN relating to any tower lease or any settlement agreement during the Period.

| Lease or Contact Number | Location | Call Letters | AM or FM | Invoice# | Balance due after payment | Payment Date | Payment Amount |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |

8. Identify the legal fees spent since the Petition Date by VB.