

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed July 12, 2024**

**United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HIGH PLAINS RADIO NETWORK, LLC, | § | CASE NO. 24-70089-swe11V |
| | § | (Chapter 11, Subchapter V) |
| | § | |
| DEBTOR. | § | |

**FURTHER INTERIM ORDER GRANTING MOTION TO USE CASH COLLATERAL AND NOTICE OF FINAL HEARING (RE: DOCKET NO. 11)**

On June 28, 2024 the Court conducted a further hearing regarding the *Emergency Motion to Use Cash Collateral* (Docket No. 11) (the "Motion to Use Cash Collateral" or the "Motion") filed herein on April 2, 2024 by High Plains Radio Network LLC, debtor and debtor in possession ("HPRN" or the "Debtor").

The Court finds that HPRN provided due and appropriate notice of the Motion, the relief requested therein, and the emergency hearing (the "Notice") has been served by the Debtor on (i) the Office of the United States Trustee for Region 6, (ii) the parties listed in the matrix filed in this case, (iii) any persons possessing a security interest in the assets of the Debtor and any person possessing a security interest in the cash collateral of the Debtor; (iv) certain other parties identified in the certificate of service filed with the Court (collectively, the "Noticed Parties").

Upon the record established at the hearing, the Court is of the opinion that the following Order should be entered.

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACTS AND CONCLUSIONS OF LAW:

A. On March 26, 2024 (the "Petition Date"), the Debtor filed its voluntary petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Code"). The Debtor continues to manage its assets as a debtor in possession pursuant to Code §§ 1107 and 1108.

B. The Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. The Motion is a core proceeding as defined in 28 U.S.C. § 157(b). Venue of the Chapter 11 Case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C. Under the circumstances, the Notice given by the Debtor of the Motion and the interim hearing constitutes due and sufficient notice thereof and complies with Bankruptcy Rule 4001(c).

D. Debtor's primary creditor with respect to cash collateral is the Small Business Administration (the "SBA" or the "Lender").

E. The Lender likely asserts an interest in, inter alia, the accounts, equipment, and inventory of the Debtor.

F. Sufficient cause exists for immediate entry of this order pursuant to Bankruptcy Rules 4001(c)(2). The Debtor requires immediate access to and use of the Cash Collateral in order to continue normal business operations.

G. No party appearing in this Chapter 11 Case has filed or made an objection to the relief sought in the Motion and the entry of this order on an interim basis, or any objections that were made are hereby overruled, or have been resolved by agreement.

Based upon the foregoing, and after due consideration and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that:

1. The Motion is granted on an interim basis pursuant to Bankruptcy Rule 4001(c)(2).

2. The cash and revenue generated by the Debtor post-petition are available for use by the Debtor as provided in this Order.

3. Pending a final hearing as set forth below, the Debtor is authorized to use Cash Collateral under the terms of the budget, attached hereto as **Exhibit H029.01** (the "Budget"). The expenses of the Debtor shall not exceed 25% within Exhibit H029.01 per line item category, absent the written consent of the Lender, which consent shall not be unreasonably withheld.

4. This interim authorization will expire on the earlier of (i) the conclusion of a final hearing on the Motion or (ii) further order of this Court.

5. This order does not authorize the Debtor to pay any prepetition obligations without further order of this Court.

6. During the period governed by this interim order, the Debtor must maintain an accounting of all funds and the Debtor shall segregate, remit, and deposit all of the Cash Collateral consistent with the Debtor's past and ordinary practices.

7. Nothing contained in this Order limits the expenditure of any cash in the possession of the Debtor that is not Cash Collateral.

8. As adequate protection for any diminution in the value of the Lender's interest in the Lender's collateral caused by the Debtor's use of Cash Collateral, the Lender is hereby granted valid, perfected, and enforceable replacement security interests in and liens upon the collateral referenced and described in the prepetition UCC-1 financing statement filed by the Lender with the Texas Secretary of State, only to the same extent and according to the same priority as the Lender's pre-petition lien position, and only to the extent of (*x*) the use of any Cash Collateral in which the Lender has an interest in excess of the Budget and (*y*) any actual diminution in the value of the Debtor's interest(s) in the Debtor's property resulting from the use of Cash Collateral (the "Post-petition Collateral"). The security interests and liens granted to the Lender shall at all times be senior to the rights of the Debtor and any successor trustees in these or any subsequent proceedings under the Code to the extent that the Lender's prepetition security interests and liens are senior to the rights of the Debtor. The security interests and liens herein granted (i) are and shall be in addition to all security interests, liens, mortgages, and rights to set off existing in favor of the Lender, on the Petition Date; (ii) in the same priority as the prepetition liens in favor of the Lender to the extent that prepetition liens and security interests are valid, perfected, enforceable, and non-avoidable; (iii) are and shall be valid, perfected, enforceable, and effective as of the Petition Date without any further action by the Debtor or the Lender and without the execution, filing, or recordation of any financing statements, security agreements, or other documents, and (iv) shall secure payment of principal as well as any interest, costs, or other charges to which the Lender may be entitled post-petition, but only to the extent that these items represent a diminution in value of the Lender's interest in its collateral.

9. To the extent of any inadequacy of the Post-petition Collateral with respect to the maintenance of position of the Lender, then, as further adequate protection, the Lender shall also be entitled to assert an administrative expense claim under Code §§ 361(3) and 503(b)(1).

10. This interim order shall be sufficient and conclusive evidence of the priority, perfection, and validity of the liens granted herein, effective as of the date and time of entry of this order, without any further act and without regard to any other federal, state, or local requirements or law requiring notice, filing, registration, recording, or possession of the collateral or other act to validate or perfect such security interest or lien. If the Lender hereafter requests that the Debtor execute and deliver to the Lender financing statements, instruments, or documents considered by the Lender to be necessary or desirable to further evidence the perfection of the replacement liens and security interests granted in this order, the Debtor is authorized and directed to execute and

deliver those financing statements, instruments, or documents. Nothing in this Order shall in any way restrict the scope of the Lender's pre-petition liens, security interests, rights of set-off, or claims with respect to its collateral, and all liens, security interests, and mortgages on the Lender's collateral shall extend to the fullest extent permitted by Code § 552(b).

11. The replacement liens granted to the Lender herein exclude and shall not encumber any Code Chapter 5 avoidance claims of the Debtor and/or of the estate.

12. The liens on the Lender's Post-petition Collateral are subordinated to fees payable to the Subchapter V Trustee. The Debtor is also authorized to pay the Subchapter V Trustee interim compensation in accordance with the *Scheduling Order and Notice of Status Conference.* (Docket No. docket no. 18).

13. The terms of this Order shall in no way prejudice any (i) subsequent trustee, (ii) statutory committee or (iii) any party in interest that would otherwise have standing, to contest the pre-petition interests of the Lender in the Debtor's property and the amounts of the Debtor's indebtedness to the Lender.

14. The final hearing on the Motion pursuant to Bankruptcy Rule 4001(c)(2) is scheduled for **July 26, 2024 AT 10:00 A.M.** prevailing Central time (the "Hearing Date") before this Court.

**The final hearing will be conducted via a WebEx. THE WEBEX INSTRUCTIONS ARE ATTACHED TO THIS ORDER.**

| | |
|---|---|
| **For WebEx Video Participation/Attendance**: | https://us-courts.webex.com/meet/everett |
| **For WebEx Telephonic Participation/Attendance**: | Dial-In: 1-650-479-3207<br>Access Code: 2304 017 9738 |

The Debtor shall promptly mail copies of this order to the Noticed Parties. Any party in interest objecting to the relief sought at the final hearing shall serve and file written objections, which objections shall be served upon (a) counsel for Debtor – Jeff Carruth, Weycer, Kaplan, Pulaski & Zuber, P.C., and (b) counsel to the Lenders as shown below,

Dawn Whalen Theiss
Assistant United States Attorney
1100 Commerce St., Ste. 300
Dallas, Texas 75242
dawn.theiss@usdoj.gov

and (c) the Office of the U.S. Trustee for Region 6 to Erin Schmidt, at erin.schmidt2@usdoj.gov, and (d) the SubChapter V Trustee, Scott Seidel, at scott@scottseidel.com, and shall be filed with the Clerk of the United States Bankruptcy Court for the Northern District of Texas, in each case to allow actual receipt of the foregoing no later than **July 25, 2024, at 5:00 p.m**., prevailing Central time on the business day immediately prior to the Hearing Date.

**FURHTER INTERIM ORDER GRANTING MOTION TO USE CASH COLLATERAL AND NOTICE OF FINAL HEARING (RE: DOCKET NO. 11) — Page 4**
order cash collateral 003 4884-1142-8807 v.2[1] / 4884-1142-8807, v. 1

15. Notwithstanding any other provisions of this Order, or any agreements approved hereby, any statutory ad valorem tax liens (collectively, the "Tax Liens") held by any taxing authority in the State of Texas (the "Taxing Authorities") for prepetition and postpetition ad valorem taxes shall not be primed nor made subordinate to any liens or superpriority administrative expense claims granted to any party hereby to the extend such Tax Liens are valid, senior, perfected, and unavoidable, and all parties' rights to object to the priority, validity, amount, and extent of the claims and liens asserted by the Taxing Authorities are fully preserved.

16. As adequate protection, the Debtor shall remit to Union Funding Source, Inc the amount of $1,000 per week beginning the week of April 8, 2024. Each of the Debtor, the SBA, and Union Funding Source, Inc ("Union Funding") reserve all facts, claims, issues, rights, remedies, and/or defenses with respect to ownership of the receivables of the Debtor as asserted in the documents attached to the pleading(s) of Union Funding and including whether Union Funding is entitled under such documents or otherwise to retain such adequate protection payments. Such amounts are authorized as part of and/or in addition to the Budget.

17. As adequate protection, the Debtor shall remit to the SBA adequate protection payments of $180.00 per month, on or before the last day of each month, commencing with the month of April, 2024. Such amounts are authorized as part of and/or in addition to the Budget.

**####END OF ORDER####**

Submitted by:
Jeff Carruth (TX SBN: 24001846)
**WEYCER, KAPLAN, PULASKI & ZUBER, P.C.**
3030 Matlock Rd. Suite 201
Arlington, Texas 76105
Telephone: (713) 341-1158
Fax: (866) 666-5322
E-mail: jcarruth@wkpz.com

ATTORNEYS FOR HIGH PLAINS RADIO NETWORK, LLC,
DEBTOR AND DEBTOR IN POSSESSION

## EXHIBIT H029.01 - BUDGET 13 WEEK THROUGH SEPT. 23 WEEK

High Plains Radio Network — 13-week budget. No admission of liability.

| Calendar Start of Week | 7/1/2024 | 7/8/2024 | 7/15/2024 | 7/22/2024 | 7/29/2024 | 8/5/2024 | 8/12/2024 | 8/19/2024 | 8/26/2024 | 9/2/2024 | 9/9/2024 | 9/16/2024 | 9/23/2024 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Week: | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| **Start Cash** | 16,217 | 33,717 | 23,281 | 42,991 | 42,367 | 45,217 | 60,717 | 36,991 | 61,991 | 34,217 | 51,717 | 21,281 | 40,991 |
| **Receipts** | | | | | | | | | | | | | |
| Operating income | 20,000 | 40,000 | 40,000 | 30,000 | 20,000 | 20,000 | 40,000 | 30,000 | 20,000 | 20,000 | 20,000 | 40,000 | 40,000 |
| **Total Cash Receipts** | **36,217** | **73,717** | **63,281** | **72,991** | **62,367** | **65,217** | **100,717** | **66,991** | **81,991** | **54,217** | **71,717** | **61,281** | **80,991** |
| **Operating Expenses** | | | | | | | | | | | | | |
| Payroll | 0 | (45,936) | 0 | (30,624) | 0 | 0 | (45,936) | 0 | (30,624) | 0 | (45,936) | 0 | (30,624) |
| Utilities & Leases & Ins. | 0 | 0 | 0 | 0 | (17,150) | 0 | 0 | 0 | (17,150) | 0 | 0 | 0 | (17,150) |
| Programming Related | 0 | 0 | (13,110) | 0 | 0 | 0 | (13,110) | 0 | 0 | 0 | 0 | (13,110) | 0 |
| Vertical Bridge Leases | (2,500) | (2,500) | 0 | 0 | 0 | (2,500) | (2,500) | 0 | 0 | (2,500) | (2,500) | 0 | 0 |
| Corp & Ins & Admin. | 0 | (2,000) | 0 | 0 | 0 | (2,000) | 0 | 0 | 0 | 0 | (2,000) | 0 | 0 |
| **Total OpEx** | **(2,500)** | **(50,436)** | **(13,110)** | **(30,624)** | **(17,150)** | **(4,500)** | **(61,546)** | **0** | **(47,774)** | **(2,500)** | **(50,436)** | **(13,110)** | **(47,774)** |
| **Prof. Fees/Admin. Expenses** | | | | | | | | | | | | | |
| WKPZ | 0 | 0 | (5,000) | 0 | 0 | 0 | 0 | (5,000) | 0 | 0 | 0 | (5,000) | 0 |
| Settlment PMTS | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Hanmi Bank - AMUR | 0 | 0 | (1,000) | 0 | 0 | 0 | (1,000) | 0 | 0 | 0 | 0 | (1,000) | 0 |
| SBA | 0 | 0 | (180) | 0 | 0 | 0 | (180) | 0 | 0 | 0 | 0 | (180) | 0 |
| SubV Trutsee | 0 | 0 | (1,000) | 0 | 0 | | (1,000) | 0 | 0 | 0 | 0 | (1,000) | 0 |
| **Total Prof. Fees/Admin. Exp,** | **0** | **0** | **(7,180)** | **0** | **0** | **0** | **(2,180)** | **(5,000)** | **0** | **0** | **0** | **(7,180)** | **0** |
| **Total Disbursements** | **(2,500)** | **(50,436)** | **(20,290)** | **(30,624)** | **(17,150)** | **(4,500)** | **(63,726)** | **(5,000)** | **(47,774)** | **(2,500)** | **(50,436)** | **(20,290)** | **(47,774)** |
| **Net Cash Flow** | **33,717** | **23,281** | **42,991** | **42,367** | **45,217** | **60,717** | **36,991** | **61,991** | **34,217** | **51,717** | **21,281** | **40,991** | **33,217** |

EXHIBIT H029 - BUDGET 13 WEEK THROUGH SEPT. 23 WEEK

| Operations Budget | W-Tex | Month % |
|---|---|---|
| KXYN & KRIA Tower Lease - Lift Systems | 700 | 2.4% |
| KGRW Tower Lease - City of Friona | 500 | 1.7% |
| KNNK Tower Lease - South Plains Com | 750 | 2.5% |
| KXYN & KRIA Tower Electric - Swisher Elec | 500 | 1.7% |
| KZZN Tower Electric - Xcel | 300 | 1.0% |
| Vertical Bridge Tower Lease | 1250 | 4.2% |
| | 0 | 0.0% |
| | 0 | 0.0% |
| Equipment Insurance - Liberty Mutual | 750 | 2.5% |
| Internet Feed Service - SecureNet | 100 | 0.3% |
| Natural Gas - Atmos | 100 | 0.3% |
| Office Electric - Xcel Hrfd & Plvw | 600 | 2.0% |
| Office Water - Trash - Sewer - Hrfd & Plvw | 200 | 0.7% |
| Real Property Tax - Hrfd & Plvw & Ltfc | 600 | 2.0% |
| Personal Property Tax - All Counties | 100 | 0.3% |
| **Leases - Utilities - Insurance - Property Tax** | **6450** | **21.7%** |
| Cell Services - $80 Per Station - Verizon | 400 | 1.3% |
| Programming & Automation - Arrakis Adobe | 100 | 0.3% |
| Sales & Sports Travel - $80 Per Station | 400 | 1.3% |
| FCC Annual Fees - FM $2400 - AM $600 | 850 | 2.9% |
| Royalties - ASCAP @ $160 Ea. | 800 | 2.7% |
| BMI @ $160 Ea | 800 | 2.7% |
| GMR @ $25 Ea | 125 | 0.4% |
| SESAC @ $25 Ea | 125 | 0.4% |
| Sound Exchange @ $100 Each Feed | 200 | 0.7% |
| **Prog - Travel - Broadcast - Royalties** | **3800** | **12.8%** |
| Hanmi & Amur Loan Pmt | 250 | 0.8% |
| Sidel Court | 250 | 0.8% |
| SBA Int. Pmt. | 45 | 0.2% |
| Carruth Attorney (thru Sept) | 1250 | 4.2% |
| **Payments and Legal Expenses** | **1795** | **6.0%** |
| Sports Mgr - Johnny | 1000 | 3.4% |
| MS Prod Talent - Chris - Plainview | 1000 | 3.4% |
| MS Prod Talent - Jeri - Hereford | 1000 | 3.4% |
| | 0 | 0.0% |
| Sports Ancers @ $200 Per Mth Per Station | 1000 | 3.4% |
| Office & Traffic Mgr - Tracie | 1750 | 5.9% |
| Sales Mgr Local - Jeri | 1000 | 3.4% |
| Sales Rep #1 Hereford - | 500 | 1.7% |
| Sales Rep #2 Friona - | 500 | 1.7% |
| Sales Rep #3 Littlefield - | 500 | 1.7% |
| | 0 | 0.0% |
| | 0 | 0.0% |
| Engineering - Mike | 750 | 2.5% |
| Agency Sales Mgr. - Tiffany | 750 | 2.5% |
| Property Maint. - Gentry | 750 | 2.5% |
| Promotions Mgr. - Kristi | 500 | 1.7% |
| Gen. Sales Mgr. - Monte | 1000 | 3.4% |
| Employee Tax Match 10% | 1200 | 4.0% |
| **Payroll** | **13200** | **44.4%** |
| Corporate Expenses | 500 | 1.7% |
| **Fees - Misc. - Other - ROUND OFF** | 1255 | 4.2% |
| **Monthly Total** | **27000** | **100.0%** |
| **Commissions Added at 10% of the Monthly Total** | **2700** | 9.1% |
| **Combined Monthly Total** | **29700** | |
| **Combined Annual Total** | **356400** | |

| Operations Budget | Great Plains | Month % |
|---|---|---|
| KYEB - KVWC Tower Lease - Titan Systems | 1200 | 5.0% |
| | 0 | 0.0% |
| | 0 | 0.0% |
| KYEB - KVWC Tower Electric - TXU | 800 | 3.3% |
| | 0 | 0.0% |
| Vertical Bridge Tower Lease | 1250 | 5.2% |
| | 0 | 0.0% |
| Office Int-Phones - Bluepeak | 300 | 1.2% |
| Equipment Insurance - Liberty Mutual | 750 | 3.1% |
| Internet Feed Service - SecureNet | 100 | 0.4% |
| Natural Gas - Summit | 100 | 0.4% |
| Office Electric - Altus | 400 | 1.7% |
| Office Water - Trash - Sewer - Altus | 100 | 0.4% |
| Real Property Tax - Altus & Vern & Fred | 300 | 1.2% |
| Personal Property Tax - All Counties | 100 | 0.4% |
| **Leases - Utilities - Insurance - Property Tax** | **5400** | **22.3%** |
| Cell Services - $80 Per Station - Verizon | 320 | 1.3% |
| Programming & Automation - Arrakis Adobe | 100 | 0.4% |
| Sales & Sports Travel - $80 Per Station | 320 | 1.3% |
| FCC Annual Fees - FM $2400 | 800 | 3.3% |
| Royalties - ASCAP @ $160 Ea. | 640 | 2.6% |
| BMI @ $160 Ea | 640 | 2.6% |
| GMR @ $25 Ea | 100 | 0.4% |
| SESAC @ $25 Ea | 100 | 0.4% |
| Sound Exchange @ $100 Each Feed | 200 | 0.8% |
| **Prog - Travel - Broadcast - Royalties** | **3220** | **13.3%** |
| Hanmi & Amur Loan Pmt | 250 | 1.0% |
| Sidel Court | 250 | 1.0% |
| SBA Int. Pmt. | 45 | 0.2% |
| Carruth Attorney (thru Sept) | 1250 | 5.2% |
| **Payments and Legal Expenses** | **1795** | **7.4%** |
| Sports Mgr - Kathy | 800 | 3.3% |
| Production Affidavits & FCC Quarterly - Jacob | 300 | 1.2% |
| MS Prod Talent - Cal - Altus | 2250 | 9.3% |
| | 0 | 0.0% |
| Sports Ancers @ $100 Per Mth Per Station | 400 | 1.7% |
| Office & Traffic Mgr - Tracie | 1750 | 7.2% |
| Sales Mgr Local - Trudy | 1500 | 6.2% |
| Sales Rep #1 Altus - Nik | 500 | 2.1% |
| Sales Rep #2 Frederick - Jennifer | 500 | 2.1% |
| Sales Rep #3 Vernon - | 500 | 2.1% |
| | 0 | 0.0% |
| | 0 | 0.0% |
| Engineering - Mike | 750 | 3.1% |
| Agency Sales Mgr. - Tiffany | 750 | 3.1% |
| Property Maint. - Gentry | 750 | 3.1% |
| Promotions Mgr. - Kristi | 500 | 2.1% |
| Gen. Sales Mgr. - Monte | 1000 | 4.1% |
| Employee Tax Match 10% | 1225 | 5.1% |
| **Payroll** | **13475** | **55.7%** |
| Corporate Expenses | 500 | 2.1% |
| **Fees - Misc. - Other - ROUND OFF** | 830 | 3.4% |
| **Monthly Total** | **22000** | **113.3%** |
| **Commissions Added at 10% of the Monthly Total** | **2200** | 9.1% |
| **Combined Monthly Total** | **24200** | |
| **Combined Annual Total** | **290400** | |

| Operations Budget | E-Tex | Month % |
|---|---|---|
| KYYK Tower Lease - American | 1600 | 3.9% |
| KWRD Tower Lease - Titan | 700 | 1.7% |
| KCKL & KLVQ Tower Lease - Titan | 1500 | 3.7% |
| KYYK & KNET Utility - Reliant | 500 | 1.2% |
| KCKL & KLVQ Utility - TXU | 400 | 1.0% |
| Vertical Bridge Tower Lease | 1250 | 3.1% |
| Office Apartment Expense | 1000 | 2.5% |
| Office Int-Phones - Frontier & Etex & BrtSpd | 800 | 2.0% |
| Equipment Insurance - Liberty Mutual | 750 | 1.8% |
| Internet Feed Service - SecureNet | 100 | 0.2% |
| Natural Gas - None | 0 | 0.0% |
| Office Electric - Reliant & SWEPC | 700 | 1.7% |
| Office Water - Trash - Sewer - Pal & Hend | 200 | 0.5% |
| Real Property Tax - Palestine & Henderson | 700 | 1.7% |
| Personal Property Tax - All Counties | 100 | 0.2% |
| **Leases - Utilities - Insurance - Property Tax** | **10300** | **25.3%** |
| Cell Services - $80 Per Station - Verizon | 400 | 1.0% |
| Programming & Automation - Arrakis Adobe | 100 | 0.2% |
| Sales & Sports Travel - $80 Per Station | 400 | 1.0% |
| FCC Annual Fees - FM $2400 - AM $600 | 550 | 1.4% |
| Royalties - ASCAP @ $160 Ea. | 800 | 2.0% |
| BMI @ $160 Ea | 800 | 2.0% |
| GMR @ $25 Ea | 125 | 0.3% |
| SESAC @ $25 Ea | 125 | 0.3% |
| Sound Exchange @ $100 Each Feed | 200 | 0.5% |
| **Prog - Travel - Broadcast - Royalties** | **3500** | **8.6%** |
| Hanmi & Amur Loan Pmt | 250 | 0.6% |
| Sidel Court | 250 | 0.6% |
| SBA Int. Pmt. | 45 | 0.1% |
| Carruth Attorney (thru Sept) | 1250 | 3.1% |
| **Payments and Legal Expenses** | **1795** | **4.4%** |
| Sports Mgr - Paul | 1200 | 2.9% |
| MS Prod Talent - Stephanie - Athens | 2500 | 6.1% |
| MS Prod Talent - Mark - Henderson | 1250 | 3.1% |
| MS Prod Talent - Kat - Palestine | 2500 | 6.1% |
| Sports Ancers @ $200 Per Mth Per Station | 1000 | 2.5% |
| Office & Traffic Mgr - Tasha | 1750 | 4.3% |
| Sales Mgr Local - Stephanie - Athens | 3000 | 7.4% |
| Sales Mgr Local - Kenny - Henderson | 1800 | 4.4% |
| Sales Mgr Local - Thor - Palestine | 1000 | 2.5% |
| Sales Rep #1 - - Athen | 500 | 1.2% |
| Sales Rep #2 - Ashley - Henderson | 500 | 1.2% |
| Sales Rep #3 - - Palestine | 500 | 1.2% |
| Engineering - Mike | 750 | 1.8% |
| Agency Sales Mgr. - Tiffany | 750 | 1.8% |
| Property Maint. - Gentry | 750 | 1.8% |
| Promotions Mgr. - Kristi | 500 | 1.2% |
| Gen. Sales Mgr. - Monte | 1000 | 2.5% |
| Employee Tax Match 10% | 2125 | 5.2% |
| **Payroll** | **23375** | **57.4%** |
| Corporate Expenses | 500 | 1.2% |
| **Fees - Misc. - Other - ROUND OFF** | 1030 | 2.5% |
| **Monthly Total** | **37000** | **100.0%** |
| **Commissions Added at 10% of the Monthly Total** | **3700** | 9.1% |
| **Combined Monthly Total** | **40700** | |
| **Combined Annual Total** | **488400** | |

| Operations Budget | Delta | Month % |
|---|---|---|
| KFFA Tower Rent - Mondy Tower All Exp | 600 | 2.3% |
| Mtn. Home Tower & Office Lease | 600 | 2.3% |
| | 0 | 0.0% |
| | 0 | 0.0% |
| | 0 | 0.0% |
| Vertical Bridge Tower Lease | 1250 | 4.7% |
| | 0 | 0.0% |
| Office Int-Phones - Optimum | 900 | 3.4% |
| Property & Equipment Ins GNVL - South Group | 600 | 2.3% |
| Internet Feed Service - SecureNet | 100 | 0.4% |
| Natural Gas - Black Hills Gas | 100 | 0.4% |
| Office Electric - NAEC - Entergy - Entergy | 700 | 2.7% |
| Office Water - Trash - Sewer - Helena & GNVL | 160 | 0.6% |
| Real Property Tax - Helena & Greenville | 300 | 1.1% |
| Personal Property Tax - All Counties | 100 | 0.4% |
| **Leases - Utilities - Insurance - Property Tax** | **5410** | **20.5%** |
| Cell Services - $80 Per Station - Verizon | 240 | 0.9% |
| Programming & Automation - Arrakis Adobe | 100 | 0.4% |
| Sales & Sports Travel - $80 Per Station | 240 | 0.9% |
| FCC Annual Fees - FM $2400 | 600 | 2.3% |
| Royalties - ASCAP @ $160 Ea. | 480 | 1.8% |
| BMI @ $160 Ea | 480 | 1.8% |
| GMR @ $25 Ea | 75 | 0.3% |
| SESAC @ $25 Ea | 75 | 0.3% |
| Sound Exchange @ $100 Each Feed | 300 | 1.1% |
| **Prog - Travel - Broadcast - Royalties** | **2590** | **9.8%** |
| Hanmi & Amur Loan Pmt | 250 | 0.9% |
| Sidel Court | 250 | 0.9% |
| SBA Int. Pmt. | 45 | 0.2% |
| Carruth Attorney (thru Sept) | 1250 | 4.7% |
| **Payments and Legal Expenses** | **1795** | **6.8%** |
| MS Prod Talent - Scott - Mtn Hm | 1500 | 5.7% |
| MS Prod Talent - Leon - Helena | 1500 | 5.7% |
| MS Prod Talent - Johnny - Greenville | 1000 | 3.8% |
| | 0 | 0.0% |
| Sports Ancers @ $200 Per Mth Per Station | 600 | 2.3% |
| Office & Traffic Mgr - Tasha | 1750 | 6.6% |
| Sales Mgr Local - Johnny - Greenville | 2000 | 7.6% |
| Sales Mgr Local - Deward - Helena | 1000 | 3.8% |
| Sales Mgr Local - - Mtn. Hm | 1000 | 3.8% |
| | 0 | 0.0% |
| | 0 | 0.0% |
| | 0 | 0.0% |
| Engineering - Mike | 750 | 2.8% |
| Agency Sales Mgr. - Tiffany | 750 | 2.8% |
| Property Maint. - Gentry | 750 | 2.8% |
| Promotions Mgr. - Kristi | 500 | 1.9% |
| Gen. Sales Mgr. - Monte | 1000 | 3.8% |
| Employee Tax Match 10% | 1410 | 5.3% |
| **Payroll** | **15510** | **58.8%** |
| Corporate Expenses | 500 | 1.9% |
| **Fees - Misc. - Other - ROUND OFF** | 785 | 3.0% |
| **Monthly Total** | **24000** | **100.0%** |
| **Commissions Added at 10% of the Monthly Total** | **2400** | 9.1% |
| **Combined Monthly Total** | **26400** | |
| **Combined Annual Total** | **316800** | |

| | |
|---|---|
| **Combined Monthly Total** | **123000** |
| **Combined Annual Total** | **1452000** |

Hearings in the Wichita Falls Division of the Northern District of Texas Bankruptcy are pre-scheduled as either LIVE or WEBEX hearings as set forth on Judge Everett's yearly docket dates. There is no fee/charge for the participants who make appearances via Webex, although you will have to download the WebEx application to your electronic device. The WebEx meeting link for Judge Everett's courtroom is: https://us-courts.webex.com/meet/everett . The number for Webex telephonic appearances (US/Canada) is: 1-650-479-3207; Access code: 2304 017 9738. **Please note: Webex appearances at a LIVE hearing are not an option**.

---

**Please review the information below prior to participating in a hearing via WebEx.**

**CONNECTION INSTRUCTIONS FOR PARTICIPATING IN A WEBEX VIRTUAL HEARING**

The Court will allow participation in a virtual hearing using either of the following two methods. Please connect at least 10 minutes prior to the hearing time. It is recommended that attorneys discuss the logistics of the WebEx appearance and these instructions/tips with their clients/witnesses at least 48 hours before the hearing.

**Option 1: Using the WebEx app on your smartphone, tablet, laptop, or desktop.**

It is strongly preferred that participants who may speak during a hearing use the WebEx application ratherthan using the "call-in" option described in Option 2.

Attorneys and/or witnesses who anticipate offering extensive testimony or legal argument or conducting examination are required to utilize the video function. The court may consider special requests for other appearance options on a case-by-case basis.

Please connect using only one device. Using two or more devices may cause audio feedback issues.

If using a cell phone or tablet for video, it should be set in a stationary position. Holding a cell phone or tablet in your hand while speaking does not yield a good video for the Court.

**NOTE: If you are experiencing audio issues when using the WebEx application,** you may use the "CallMe At" selection under "Audio Connection" to move just the audio portion of the WebEx conference to your telephone.

**Option 2: Call-in via phone (audio only).**

The call-in number for Webex telephonic appearances (US/Canada) is: 1-650-479-3207. Access code: 2304 017 9738. The access code should be input when prompted.

**HELPFUL HINTS AND ETIQUETTE**

- Please use the mute function when you are not speaking. Please be aware that sometimes the court mutes everyone when there is background noise. When you want to speak, make sure you are not on mute. Call-in users should dial *6 to unmute your line.
- Remember to state your name for the record each time before speaking and speak slowly and clearly so thecourt can get a good record.
- Use headphones whenever possible, especially if using a desktop PC with external speakers. We have foundthat newer iPhones provide the best visual and audio feed – better than most desktop computers. If you areon a personal computer, headphones or earbuds are required for those who need to speak during the hearing.
- During examination attorneys and witnesses should use a separate camera and microphone, when possible. To avoid feedback parties using separate devices must not be in the same room. The Court may consider special requests on a case-by-case basis.
- WebEx participants may use the "share" button to easily share their screen or document with the Court or other WebEx participants. Press "stop sharing" to remove the presentation from the meeting.
- When making an appearance from a vehicle, please park in a safe location with windows rolled up (to minimize background distraction and noise) and use a headset that is ear-to-phone (not the vehicle's hands-free speaker-phone option).
- Suggestions for participating in a WebEx hearing from home: If you are having connectivity problems, turn off devices that may be using bandwidth on your home network. Devices or applications such as Facetime, Roku, streaming media players, video games, or large downloads can negatively impact the audioand video quality of the WebEx meeting.
- Participants are reminded that they should wear attire suitable for court.
- Participants who wish to test their WebEx connection or the share-screen functionality in advance of the hearing may arrange a "practice run" by contacting the courtroom deputy via email to swe_settings@txnb.uscourts.gov.

**NOTICE OF HEARING CONTENT FOR MATTERS SET ON VIDEO DOCKET DATES**

**IMPORTANT**: Video dockets will be conducted via Webex video at https://us-courts.webex.com/meet/everett . When electronically filing the Notice of Hearing via CM/ECF select "https://us-courts.webex.com/meet/everett" as the location of the hearing (note: this option appears immediately after the first set of Wichita Falls locations). **NOTE: Chapter 13 matters set for pre-hearing conference will be conducted electronically by the Chapter 13 trustee at 8:30 AM via the Go-To platform:** https://meet.goto.com/110600453 . Dial in (for audio only): 1 (646) 749-3122 (US); Access Code: 110 600 453.

The Notice of Hearing filed in the case and served on parties in interest must: (1) provide notice of the above WebEx video participation/attendance link for Judge Everett, (2) provide notice of the above Go-To-Meeting video link (for matters requiring a pre-hearing conference), and (3) attach a copy of these WebEx Hearing Instructions or provide notice that they may be obtained from Judge Everett's webpage at: Judge Everett's Hearing dates | Northern District of Texas | United States Bankruptcy Court (uscourts.gov) .

**EXHIBITS AND DEMONSTRATIVE AIDS**

Any party intending to introduce evidence at a hearing must file an exhibit list with a true and correct copy of each designated exhibit filed as a separate, individual attachments thereto so that the Court and all participants have ready access to all designated exhibits. Exhibits should be filed by the date that they would normally be exchanged pursuant to our local rules using the "notice" or "list (witness/exhibit/generic)" or "Support/Supplemental doc" event in ECF.

For evidentiary hearings when more than ten exhibits have been filed in ECF or when the total page count of all exhibits exceeds 500 pages, Judge Everett requests a thumb/USB drive be delivered to him prior to the hearing at: U.S. Bankruptcy Court, Attn: Stephen Manz, 1100 Commerce Street, Room 1254, Dallas, TX 75242.

Paper copies of exhibits are not encouraged; however, paper copies may be provided to the witness(s) at an in-person hearing if preferred.

Demonstrative aids and Power Points may be shared with the Court and other Webex participants during a video hearing via the "share" button in Webex. If these demonstrative aids and/or Power Points are admitted as exhibits, they would then have to be filed on the ECF docket after the hearing.

During a Webex hearing lawyers may refer to (and offer) their exhibits by referencing the exhibit's ECF document number for the Court and other Webex participants to access. After the hearing, the court will create a Minute Entry reflecting which exhibits were admitted. You should consider emailing exhibits to witnesses ahead of time since they may not have access to PACER.