Jeff Carruth (TX SBN: 24001846)
**WEYCER, KAPLAN, PULASKI & ZUBER, P.C.**
2608 Hibernia, Suite 105
Dallas, TX 75204-2514
Telephone: (713) 341-1158
Fax: (713) 961-5341
E-mail: jcarruth@wkpz.com

ATTORNEYS FOR
HIGH PLAINS RADIO NETWORK, LLC,
DEBTOR AND DEBTOR IN POSSESSION

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **HIGH PLAINS RADIO NETWORK,** | § | **CASE NO. 24-70089-swe11** |
| **LLC,** | § | |
|     **DEBTOR.** | § | **EXPEDITED HEARING REQUESTED** |
| | § | |

**MOTION TO APPROVE PROCEDURES RELATED TO SALES OF RADIO STATION ASSETS AND TO LIMIT FUTURE NOTICES**

**TO THE HONORABLE SCOTT W. EVERETT, U.S. BANKRUPTCY JUDGE:**

High Plains Radio Network LLC, the debtor and debtor in possession ("HPRN" or the "Debtor"), file this *Motion to Approve Procedures Related to Sales of Radio Station Assets and to Limit Future Notices* (the "Motion for Sale Procedures" or the "Motion") and in support thereof would show to the Court the following.

**EMERGENCY / EXPEDITED HEARING REQUESTED**

1.    Debtor concurrently has filed a separatee motion seeking emergency and/or expedited consideration of this Motion on **during the earliest date available during the week of August 19, 2024.**

## INTRODUCTION

2.      This motion seeks to approve procedures by which the Debtor may enter into one or more Code § 363 sales transactions, including the assumption of various contracts and/or leases, as arranged by the Broker previously employed in this case.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this case and this contested matter pursuant to Sections 105, 363, 365, and 1101 et seq. of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Code") and Rules 6006, and 9014 of the Federal Rules of Bankruptcy Procedure.

4.      Venue action is proper in this Court pursuant to 28 U.S.C. § 1409.

5.      The Court may try this action to a conclusion and enter final orders under *Stern v. Marshall*, 131 S. Ct. 2594 (U.S. 2011).

## RELIEF REQUESTED

6.      Pursuant to Code §§ 105, 363, and 365, the Debtor respectfully requests entry of an order providing for procedures by which the Debtor may sell assets by one or more private sales and assume and assign various executory contracts and/or leases related thereto.

7.      A proposed form of sales procedure order (the "Sales Procedure Order") is attached hereto and incorporated by reference herein.  ***Parties are advised that the final form of order may change as a result of the hearing.***

## FACTUAL BACKGROUND AND BASIS OF RELIEF

**The identity and background of the Debtor and Debtor in Possession.**

8.      HPRN owns and operates a chain of rural AM and FM radio stations in parts of Texas, Oklahoma, and Arkansas.

**The Commencement of the Bankruptcy Cases.**

9.      On March 26, 2024, HPRN commenced the above-captioned Chapter 11 case by filing a voluntary petition.

10.     HPRN commenced this case primarily as a result of ongoing difficulties with various tower leases and challenges in the rapidly evolving radio industry.

**Factual background in support of the relief requested.**

11.     On July 2, 2024, the Court entered the *Final Order Granting Motion of Debtor to Employ Business Broker and Grant Related Relief (Re: Docket No. 72)* (Docket No. 161) to employ Media Services Group, Inc., led by Mr. Bill Whitley (collectively the "Broker") as the Broker to market the radio station assets of the Debtor.

12.     The mission of the Broker is to identify one or more potential buyers of some or all of the radio stations of the Debtor, including the equipment and other personal property, licenses including the FCC licenses, executory contracts, and leases including tower leases and a handful of office leases (collectively, the "Radio Station Assets").

13.     The Broker has identified one or more groups which may be willing and able to buy some or all of the Radio Station Assets.

14.     Matters with Vertical Bridge REIT, LLC ("Vertical Bridge") have reached a point whereby the Broker may now proceed with putting together sales which may be presented to the Court.

15.     The Debtor believes the most efficient and most effective means to achieve the best possible outcome of a sale process is by permitting the Broker to negotiate one or more private sales for the sale and/or assignment, as applicable, of the Radio Station Assets, instead of proceeding with bid procedures and a protracted bidding and/or auction process.  The Debtor

proposes instead to proceed to Court approval of such transactions by and through the procedures proposed below.

16. The Debtor has associated these sale procedures with Vertical Bridge, and Vertical Bridge supports the contemplated sale process in through these procedures rather than a protracted bidding and auction process, *although Vertical Bridge is expected to provide comments and/or adjustments to the procedures before the hearing.*

17. As demonstrated originally in connection with the Court-approved employment of the Broker, the Broker was selected with the agreement of Vertical Bridge and possesses decades of experience in marketing broadcast assets.

18. Accordingly, the Debtor believes that relying upon the extensive expertise of the Broker will achieve the dual results of maximizing the value to the estate as well as capturing such value in a relatively short amount of time.

19. The Debtor has filed with this Motion a proposed form of Sales Procedures Order that sets forth the sale and assumptions and assignment procedures.

20. The proposed procedures below are consistent with Fed. Bankr. P. 6004(b) in that more than seven (7) days is provided to object to each proposed sale.

21. The proposed procedures below also are consistent with Fed. Bankr. P. 6004(f) in that the Debtor proposes to transact the Radio Station Assets by a private sale, and each sale notice will include an itemized statement of the property sold, the name of each purchaser, and the price to be received.

## SALE AND ASSUMPTION AND ASSIGNMENT PROCEDURES

**(1)** **Procedures for the Sale of Radio Station Assets Free and Clear of all Liens, Claims, Encumbrances and Other Interests**

22. The Debtor seeks entry of the Sale Procedures Order authorizing and approving the following procedures with respect to the sale of the Radio Station Assets (the "<u>Sale Procedures</u>").

a. **Sale Notice**. The Debtor will file one or more notices with the Court (each, a "<u>Sale Notice</u>") regarding the particular Radio Station Assets that it is seeking to sell to a potential purchaser (the "<u>Buyer</u>") pursuant to Code § 363. Each Sale Notice shall provide, among other relevant information: (i) a copy of the sales contract, which will identify, among other things, the Buyer and the purchase price; (ii) the compensation to be paid to the Broker upon sale closing; (iii) the proposed closing date of the sale (the "<u>Closing Date</u>"); and (iv) a copy of the proposed sale order for that sale.

b. **Sale Notice Parties**. The Debtor will cause the Sale Notice to be filed on the Court's docket and served by e-mail or first class mail upon the following parties (collectively, the "<u>Sale Notice Parties</u>"): (i) the Office of the United States Trustee; (ii) the Internal Revenue Service; (iii) counsel for Vertical Bridge, (iv) all parties who are known to possess or assert a lien, claim, encumbrance, or interest in or upon all or part of the particular Radio Station Assets; (v) all applicable United States, state, and local regulatory or taxing authorities, recording offices or any governmental entity which have a reasonably known interest in the Property(ies); (vi) the Debtor's top 20 unsecured creditors; and (vii) any party requesting notice in the case. The Sale Notice will be sent by direct e-mail to all such parties in addition to ECF and/or regular mail notice, as applicable.

c. **Objections to Proposed Sale**. Any objections to a proposed sale must be filed with the Court and served so as to be actually received by Debtor's counsel and the Sale Notice Parties no later than **ten (10)** days after service of the Sale Notice (the "<u>Sale Objection Deadline</u>").

d. **No Timely Objections — Entry of Sale Order**. In the event that no party files an objection to a Sale Notice by the Sale Objection Deadline, then the Court may enter the Sale Order for the applicable Radio Station Assets (that are the subject of the relevant Sale Notice) without further notice or a hearing.

e. **Hearing if Timely Objection**. In the event of any timely objection to a Sale Notice, a hearing regarding the Sale Notice (the "<u>Hearing</u>") will be held at the Court's earliest convenience after expiration of the Sale

Objection Deadline. If an objection is properly filed and served on the Debtor's counsel and the Sale Notice Parties as specified above, unless such parties agree otherwise in writing, such Property(ies) will only be deemed sold upon entry by the Court of a consensual form of sale order resolving the objection as between the objecting party and the Debtor, or, if resolution is not reached, upon further order of the Court.

f.  **Modification of Sale Notice**.  The Debtor reserves the right to remove any Property from a Sale Notice at any time prior to the Closing Date.

g.  **Waive of Rule 6004(h) stay**.  Each Sale Notice and proposed Sale Order may provide that the 14-stay of Fed. R. Bank. P. 6004(h) shall not apply to the relief granted in the Sale Order.

23.    The form of the proposed Sale Notice is attached hereto as **Exhibit H030.**

24.    The Debtor further requests that it be permitted to pay reasonable transaction costs related to each sale including, but not limited to, Broker commissions, finder fees, recording fees, title insurance costs, survey charges, ordinary course attorneys' fees, and transfer taxes (collectively, the "Transaction Costs").

25.    **EXCEPT AS MAY BE SPECIFIED IN PARTICULAR SALE NOTICE, ALL SALES WILL BE FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS PURSUANT TO CODE § 363, WITH SUCH LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS TO ATTACH TO THE PROCEEDS OF THE SALE TO THE SAME EXTENT, AND WITH THE SAME PRIORITY, AS EXISTED PRIOR TO THE PETITION DATE.**

26.    Accordingly, the Debtor requests that the Court approve the Sale Procedures, including the form and manner of the Sale Notice attached to the Sale Procedures Order and the payment of all associated Transaction Costs.

**(2)** **Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases of Real Property**

27.     As of the Petition Date, the Debtor is a party to many licenses, contracts, and leases, including FCC licenses, tower leases, office leases, equipment leases, and other contracts (collectively, the "Contracts and Leases").

28.     For the avoidance of doubt, the Debtor believes that all of its equipment leases constitute secured financing transactions that constitute potentially secured claims, rather than leases of personal property under Code § 365; however, such leases may be treated through the Assumption and Assignment Procedures (as defined below).

29.     The Debtor seeks to establish a procedure where it may assume and assign these Contracts and Leases in conjunction with the sale of the Radio Station Assets.

30.     Absent the relief requested in this Motion, the Debtor would be required to file separate motions to assume individual Contracts and Leases, resulting in substantial cost and delay.

31.     Debtor intends for these procedures to minimize the cost and administrative burden on the Debtor's estate and to foster judicial economy.

32.     Accordingly, the Debtor seeks entry of the Sale Procedures Order authorizing and approving the following procedures with respect to assumption and assignment of the Contracts and Leases associated with the Radio Station Assets (the "Assumption and Assignment Procedures").

      a.     **Assumption and Assignment Notice**.  In conjunction with each Sale Notice discussed above, the Debtor will file one or more notices with the Court (each, an "Assumption and Assignment Notice") with a list of those Contracts and Leases that the Debtor seeks to assume pursuant to Code. § 365 and assign to the Buyer of the Radio Station Assets specified in each such Sale Notice.  The Assumption and Assignment Notice shall set forth, among other relevant information: (i) the Contracts and Leases to be assumed and assigned (the "Assigned Contracts"); (ii) the names and

addresses of the counterparties to such Assigned Contracts (the "Assumption and Assignment Counterparties"); (iii) the identity of the proposed assignee of such Assigned Contracts (i.e., the Buyer); (iv) the proposed effective date of the assumption and assignment for the Assigned Contracts, which will correspond with the Closing Date for the related Radio Station Assets; (v) the proposed cure amount, if any; (vi) information establishing the Buyer's ability to provide adequate assurance of future performance; and (vii) the deadlines and procedures for filing objections to the proposed assumption and assignment.

b.    **Assumption and Assignment Notice Parties**.  The Debtor will cause the Assumption and Assignment Notice to be filed on the Court's docket and served by e-mail or first class mail upon the following parties (collectively, the "Assumption and Assignment Procedure Parties"): (i) the Office of the United States Trustee; (ii) the Internal Revenue Service; (iii) counsel for Vertical Bridge, (iv) each Assumption and Assignment Counterparty; (v) the Buyer; and(vii) any party requesting notice in the case.   The Assumption and Assignment Notice will also be sent via overnight delivery on each affected Assumption and Assignment Counterparty and Assignee.

c.    **Objections to Proposed Assumption and Assignment**.  Any objections to a proposed assumption and assignment of an Assigned Contract must be filed with the Court and served so as to be actually received by the Debtor's counsel and the Assumption and Assignment Procedure Parties no later than **ten (10) days** after service of the Assumption and Assignment Notice (the "Assumption and Assignment Objection Deadline").

d.    **No Timely Objections — Entry of Order Assuming and Assigning.**  In the event that no party files an objection to a Assumption and Assignment Notice by the Assumption and Assignment Objection Deadline, then the Court may enter the Sale Order for the applicable Radio Station Assets (that are the subject of the relevant Assumption and Assignment Notice) without a hearing.

*Each Sale Order will include provisions for both for a Code §363 sale of the Radio Station Assets and the assumption and assignment of the relevant Contracts and Leases as provided in the Assumption and Assignment Notice.*

e.    **Hearing if Timely Objection**.  In the event of a timely filed objection, the Hearing regarding the Assumption and Assignment Notice will be held at the Court's earliest convenience after expiration of the Assumption and Assignment Objection Deadline (to correspond with the sale Hearing). If an objection is properly filed and served on the Debtor's counsel and the Assumption and Assignment Notice Parties as specified above, unless

such parties agree otherwise in writing, such Contract and/or Lease will only be deemed assumed and assigned upon entry by the Court of a consensual form of order resolving the objection as between the objecting party and the Debtor, or, if resolution is not reached, upon further order of the Court.

f.    **Modification of Assumption and Assignment Notice**.    The Debtor reserves the right to remove any Contract or Lease from an Assumption and Assignment Notice at any time prior to the Closing.

g.    **Waive of Rule 6004(h) stay**.    Each Sale Notice and proposed Sale Order may provide that the 14-stay of Fed. R. Bank. P. 6004(h) shall not apply to the relief granted in the Sale Order.

33.    The form of the proposed Assumption and Assignment Notice is attached hereto as **Exhibit H031.**

34.    If an objection is not timely filed and served by the Assumption and Assignment Objection Deadline, upon entry of an order approving the applicable sale, (a) the Cure Amounts will be binding upon each Assumption Counterparty, will constitute a final determination of the assumption, and no additional cure amounts will be due; (b) each Assumption Counterparty will be deemed to have received adequate assurance of future performance; (c) the effective date of such assumption and assignment will be the applicable Closing Date; (d) any provisions in such Assigned Contract that prohibit or condition assignment thereof or, as a result of such assignment, allow the parties thereto to terminate, recapture, impose any penalty or fee, place a condition on renewal or extension, or modify any term or condition upon the assignment thereof, shall constitute unenforceable anti-assignment provisions that are void and of no force and effect; (e) to the extent such executory contract or unexpired lease is actually assigned to Buyer, in accordance with Code § 365, the Buyer will be deemed to be substituted for the Debtor, and will be fully and irrevocably vested with all rights, title, and interest of the Debtor thereunder, and such executory contract or unexpired lease will be in full force and effect and enforceable in accordance with its respective terms; and (f) pursuant to Code § 365(k), after the assignment by

the Debtor of an Assigned Contract, the Debtor will have no liability for any breach thereof that occurs after such assignment.

**(3)    Form of Notice – Post-card or Single Sheet with QR Code**

35.    The Debtor also requests that the Court permit that the Debtor conduct the service of regular mail that may be required in connection with this sale process by sending a post card, perhaps even an over-sized post card, or single sheet of paper, with an explanation of the notice and a scannable QR code that links to the Sale Notice and the Assumption and Assignment Notice, as well as contact information for the undersigned counsel by which any party could receive by overnight courier or electronic delivery a full-sized paper copy of the notices.

36.    This request is made in light of the approximately $850.00 or more in noticing expenses already incurred by the Debtor to date, the limited resources of the Debtor, the escalating costs of noticing overall affecting all bankruptcy cases, including the recent increase in postal rates, and the possibility of multiple notices occurring during this sale process.

37.    Granting this relief would be no different than what occurs in large cases with respect to the claims agents and noticing companies sending out plans and other mass amounts of documents by a thumb drive or other, similar means.

38.    Also, admittedly, notice by a QR code likely is more effective than the common practice in small cases of copying pleadings four pages per sheet for mailing.

39.    The Debtor will present an example form of the proposed form of QR code mail out notice at the hearing on this Motion.

## RELIEF REQUESTED

40.    Pursuant to Code §§ 105, 361, and 363 the Debtor respectfully requests an expedited hearing on this Motion and entry an order approving the procedures described above..

41.    A proposed form of Sales Procedure Order is attached hereto and incorporated by reference herein. ***Parties are advised that the final form of order may change as a result of the hearing.***

## RESERVATION OF RIGHTS

42.    HPRN reserves the right to amend and/or supplement this Motion prior to any hearing.

43.    Debtor may also file supplements to this document reflecting comments and/or adjustments to the proposed form of the procedures prior to the hearing as comments are received.

## PRELIMINARY DESIGNATION OF WITNESSES AND EXHIBITS

44.    HPRN designates the following as potential exhibits for any hearing on this Motion: (1) the exhibits attached to this Motion; (2) the exhibits attached to any other pleading filed in this case by HPRN; (3) any other exhibits designated by HPRN as to any other matter; (4) any exhibits designated by any other party.

45.    HPRN designates the following as potential witnesses for any hearing on this Motion.  (1) Monte Spearman; (2) any other witnesses designated by any other party.

## CONCLUSION AND PRAYER

WHEREFORE, High Plains Radio Network LLC, Debtor and Debtor in Possession, respectfully requests that the Court set an expedited hearing on this Motion and approve of the sale and notice procedures set forth above and the proposed form of Sale Procedures Order. Debtor further requests such other and further relief to which the Debtor is entitled at law or in equity.

Dated:  August 2, 2024

Respectfully submitted:

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By: _____/s/ Jeff Carruth_____
    JEFF CARRUTH (TX SBN: 24001846)
    2608 Hibernia, Suite 105
    Dallas, TX 75204-2514
    Telephone: (713) 341-1158
    Fax: (713) 961-5341
    E-mail:  jcarruth@wkpz.com

ATTORNEYS FOR
HIGH PLAINS RADIO NETWORK, LLC
DEBTOR AND DEBTOR IN POSSESSION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on August 2, 2024 (1) by electronic notice to all ECF users who have appeared in this case to date, and/or as set forth below and/or (2) by regular mail to all parties entitled to notice under Fed. R. Bankr .P. 2002(a) and/or 6004(a).  Debtor also will file a supplemental certificate of service as to this Motion.

---

**COPIES OF THE EXHIBITS WERE NOT SERVED BY REGULAR MAIL.  PLEASE CONTACT THE UNDERSIGNED IF YOU WISH TO RECEIVE THE EXHIBITS.**

---

    _____/s/Jeff Carruth_____
    Jeff Carruth

**PROPOSED FINAL ORDER**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **HIGH PLAINS RADIO NETWORK,** | § | **CASE NO. 24-70089-swe11** |
| **LLC,** | § | |
| **DEBTOR.** | § | |
| | § | |

**ORDER GRANTING MOTION TO APPROVE PROCEDURES RELATED TO SALES OF RADIO STATION ASSETS AND TO LIMIT FUTURE NOTICES (RE: DOCKET NO. __)**

On _____, 2024, the Court conducted a hearing regarding the *Motion to Approve Procedures Related to Sales of Radio Station Assets and to Limit Future Notices* (Docket No. ___) (the "Motion for Sale Procedures" or the "Motion") filed herein on August 2, 2024 by High Plains Radio Network LLC, debtor and debtor in possession ("HPRN" or the "Debtor").

The Court finds that HPRN provided due and appropriate notice of the Motion, the relief requested therein, and the expedited hearing to the parties entitled to receive notice (collectively, the "Noticed Parties").

Upon the record established at the hearing, the Court makes the following findings and otherwise is of the opinion that the following Order should be entered.

**THE COURT FINDS AND DETERMINES THAT:**

A. **Sale and Assumption and Assignment Procedures.**

The Debtor has articulated good and sufficient reasons for authorizing and approving the Sale Procedures and the Assumption and Assignment Procedures, as fair, reasonable, and appropriate under the circumstances and designed to achieve the highest or otherwise best offer and to maximize the value of Debtor's estate. The Debtor, with the assistance of its Broker, has engaged and continue to engage in a fulsome marketing and sale process to solicit and develop

the highest or otherwise best offers for the Radio Station Assets of the Debtor. The Sale Procedures and the Assumption and Assignment Procedures are designed to build on that marketing and sale process following entry of this Order.

**B.      Notice of the Motion.**

The notice of the Motion and of the Hearing is reasonable and sufficient in light of the circumstances and nature of the relief requested in the Motion, and no other or further notice of the Motion or the Sale Hearing is necessary. A reasonable and fair opportunity to object to the Motion and the relief granted in this Order has been afforded under the circumstances.

**C.      Sale Notice.**

The Notice of Proposed Sale, substantially in the form attached hereto as **Exhibit H030** (the "Sale Notice"), is reasonably calculated to provide all interested parties with timely and proper notice of the proposed sale, including: (i) the Property to be sold, the Buyer, the sales price, and related information; (ii) the objection deadline for the sale of the Property and the date, time and place of the Hearing, if scheduled; (iii) a copy of the relevant Purchase and Sale Agreement; and (iv) representations describing the sale as being free and clear of liens, claims, encumbrances, and other interests, with all such liens, claims, encumbrances, and other interests attaching with the same validity and priority to the sale proceeds, and no other or further notice of any sale shall be required.

**D.      Assumption and Assignment Notice.**

The Notice of Proposed Assumption and Assignment, substantially in the form attached hereto as **Exhibit H031**, (the "Assumption and Assignment Notice"), is reasonably calculated to provide all interested parties with timely and proper notice of the proposed assumption of Assigned Contracts and assignment of such contracts to the Buyer, including: (i) identification

of the Assigned Contracts, the counterparty to such contracts, and the proposed cure amount

(the "Cure Amount"); (ii) the Assumption and Assignment Procedures and certain dates and

deadlines related thereto; (iii) the objection deadline and the date, time and place of the Hearing,

if scheduled; and (iv) representations describing the legal consequences of the assumption and

assignment of the Assigned Contracts, and no other or further notice of such assumption and

assignment shall be required.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      The Debtor is authorized to utilize the Sale Procedures and Assumption and

Assignment Procedures to sell the Radio Station Assets under this Order.

**I.      Sale Procedures and Related Relief**

3.      The following procedures with respect to sales of the Properties (the "Sale

Procedures") are hereby approved:

      a.    **Sale Notice**. The Debtor will file one or more notices with the Court (each, a "Sale Notice") regarding the particular Radio Station Assets that it is seeking to sell to a potential purchaser (the "Buyer") pursuant to Code § 363.   Each Sale Notice shall provide, among other relevant information: (i) a copy of the sales contract, which will identify, among other things, the Buyer and the purchase price; (ii) the compensation to be paid to the Broker upon sale closing; (iii) the proposed closing date of the sale (the "Closing Date"); and (iv) a copy of the proposed sale order for that sale.

      b.    **Sale Notice Parties**.  The Debtor will cause the Sale Notice to be filed on the Court's docket and served by e-mail or first class mail upon the following parties (collectively, the "Sale Notice Parties"): (i) the Office of the United States Trustee; (ii) the Internal Revenue Service; (iii) counsel for Vertical Bridge, (iv) all parties who are known to possess or assert a lien, claim, encumbrance, or interest in or upon all or part of the particular Radio Station Assets; (v) all applicable United States, state, and local regulatory or taxing authorities, recording offices or any governmental entity which have a reasonably known interest in the Property(ies); (vi) the Debtor's top 20 unsecured creditors; and (vii) any party requesting notice in the case.  The Sale Notice will be sent by direct

e-mail to all such parties in addition to ECF and/or regular mail notice, as applicable.

c.      **Objections to Proposed Sale**.  Any objections to a proposed sale must be filed with the Court and served so as to be actually received by Debtor's counsel and the Sale Notice Parties no later than **ten (10)** days after service of the Sale Notice (the "Sale Objection Deadline").

d.      **No Timely Objections — Entry of Sale Order**.  In the event that no party files an objection to a Sale Notice by the Sale Objection Deadline, then the Court may enter the Sale Order for the applicable Radio Station Assets (that are the subject of the relevant Sale Notice) without further notice or a hearing.

e.      **Hearing if Timely Objection**.  In the event of any timely objection to a Sale Notice, a hearing regarding the Sale Notice (the "Hearing") will be held at the Court's earliest convenience after expiration of the Sale Objection Deadline. If an objection is properly filed and served on the Debtor's counsel and the Sale Notice Parties as specified above, unless such parties agree otherwise in writing, such Property(ies) will only be deemed sold upon entry by the Court of a consensual form of sale order resolving the objection as between the objecting party and the Debtor, or, if resolution is not reached, upon further order of the Court.

f.      **Modification of Sale Notice**.  The Debtor reserves the right to remove any Property from a Sale Notice at any time prior to the Closing Date.

g.      **Waiver of Rule 6004(h)**.  Each Sale Notice and proposed Sale Order may provide that the 14-stay of Fed. R. Bankr. P. 6004(h) shall not apply to the relief granted in the Sale Order.

## II.      Assumption and Assignment Procedures

4.      The following procedures (the "Assumption and Assignment Procedures") are

approved in connection with the assumption and assignment:

a.      **Assumption and Assignment Notice**.  In conjunction with each Sale Notice discussed above, the Debtor will file one or more notices with the Court (each, an "Assumption and Assignment Notice") with a list of those Contracts and Leases that the Debtor seeks to assume pursuant to Code. § 365 and assign to the Buyer of the Radio Station Assets specified in each such Sale Notice.  The Assumption and Assignment Notice shall set forth, among other relevant information: (i) the Contracts and Leases to be assumed and assigned (the "Assigned Contracts"); (ii) the names and addresses of the counterparties to such Assigned Contracts (the "Assumption and Assignment Counterparties"); (iii) the identity of the

proposed assignee of such Assigned Contracts (i.e., the Buyer); (iv) the proposed effective date of the assumption and assignment for the Assigned Contracts, which will correspond with the Closing Date for the related Radion Station Assets; (v) the proposed cure amount, if any; (vi) information establishing the Buyer's ability to provide adequate assurance of future performance; and (vii) the deadlines and procedures for filing objections to the proposed assumption and assignment.

b.　　**Assumption and Assignment Notice Parties**.  The Debtor will cause the Assumption and Assignment Notice to be filed on the Court's docket and served by e-mail or first class mail upon the following parties (collectively, the "<u>Assumption and Assignment Procedure Parties</u>"): (i) the Office of the United States Trustee; (ii) the Internal Revenue Service; (iii) counsel for Vertical Bridge, (iv) each Assumption and Assignment Counterparty; (v) the Buyer; and(vii) any party requesting notice in the case.  The Assumption and Assignment Notice will also be sent via overnight delivery on each affected Assumption and Assignment Counterparty and Assignee.

c.　　**Objections to Proposed Assumption and Assignment**.  Any objections to a proposed assumption and assignment of an Assigned Contract must be filed with the Court and served so as to be actually received by the Debtor's counsel and the Assumption and Assignment Procedure Parties no later than **<u>ten (10) days</u>** after service of the Assumption and Assignment Notice (the "<u>Assumption and Assignment Objection Deadline</u>").

d.　　**No Timely Objections — Entry of Order Assuming and Assigning**  In the event that no party files an objection to a Assumption and Assignment Notice by the Assumption and Assignment Objection Deadline, then the Court may enter the Sale Order for the applicable Radio Station Assets (that are the subject of the relevant Assumption and Assignment Notice) without a hearing.

*Each Sale Order will include provisions for both for a Code §363 sale of the Radio Station Assets and the assumption and assignment of the relevant Contracts and Leases as provided in the Assumption and Assignment Notice.*

e.　　**Hearing if Timely Objection**.  In the event of a timely filed objection, the Hearing regarding the Assumption and Assignment Notice will be held at the Court's earliest convenience after expiration of the Assumption and Assignment Objection Deadline (to correspond with the sale Hearing). If an objection is properly filed and served on the Debtor's counsel and the Assumption and Assignment Notice Parties as specified above, unless such parties agree otherwise in writing, such Contract and/or Lease will only be deemed assumed and assigned upon entry by

the Court of a consensual form of order resolving the objection as between the objecting party and the Debtor, or, if resolution is not reached, upon further order of the Court.

f.   **Modification of Assumption and Assignment Notice**.  The Debtor reserves the right to remove any Contract or Lease from an Assumption and Assignment Notice at any time prior to the Closing.

g.   **Waiver of Rule 6004(h)**.  Each Sale Notice and proposed Sale Order may provide that the 14-stay of Fed. R. Bankr. P. 6004(h) shall not apply to the relief granted in the Sale Order.

5.   The Debtor is authorized to take all actions as are necessary or appropriate to implement the Assumption and Assignment Procedures.

6.   Other than as expressly set forth in this Order or the Sale Procedures, the Debtor reserves its rights, in its reasonable business judgment and in a manner consistent with its fiduciary duties and applicable law, to modify the Assumption and Assignment Procedures, in any manner that it reasonably determine will best promote the goals of the Assumption and Assignment Procedures, or impose additional customary terms and conditions in connection with a proposed assumption and assignment, including without limitation extending the deadlines set forth in the Assumption and Assignment Procedures or modifying the form Notice of Assumption and Assignment.

7.   Only those Assigned Contracts that are included on a final Assumption and Assignment Notice will be assumed and assigned to the Buyer.

### III.   Other Related Relief

8.   The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied, and that the relief requested is necessary to avoid immediate and irreparable harm.

9.   Notwithstanding Bankruptcy Rule 6004(h) or 6006(d), this Final Order shall be effective and enforceable immediately upon its entry.

10.     All time periods set forth in this Final Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

11.     To the extent the provisions of this Final Order are inconsistent with the provisions of any exhibits referenced herein or with the Motion, the provisions of this Final Order shall control.

12.     The Debtor is authorized and empowered to take all actions they deem necessary to implement the relief granted in this Final Order in accordance with the Motion and to implement the Sale and Assumption and Assignment Procedures.

13.     This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Final Order.

### ####END OF ORDER####

Submitted by:

Jeff Carruth (TX SBN: 24001846)
**WEYCER, KAPLAN, PULASKI & ZUBER, P.C.**
2608 Hibernia, Suite 105
Dallas, TX 75204-2514
Telephone: (713) 341-1158
Fax: (713) 961-5341
E-mail: jcarruth@wkpz.com

PROPOSED ATTORNEYS FOR
HIGH PLAINS RADIO NETWORK, LLC,
DEBTOR AND DEBTOR IN POSSESSION

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF TEXAS
### WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HIGH PLAINS RADIO NETWORK, LLC, | § | CASE NO. 24-70089 |
| | § | |
| DEBTOR. | § | |
| | § | |

## NOTICE OF PROPOSED SALE OF RADIO STATION ASSETS

**TO THE HONORABLE SCOTT W. EVERETT, U.S. BANKRUPTCY JUDGE:**

On [•], 2023, the Court entered the Order [  ] [Docket No. [•] (the "Sale Procedures Order")[1] attached hereto as **Exhibit HXXX**, by which the Court approved the sale procedures for commercial real estate owned by the Debtor.

Pursuant to the Sale Procedures Order, the Debtor, in consultation with its professionals, has selected the following buyer (the "Buyer") with respect to following Subject Radio Station Assets (the "Property"). A copy of the proposed Purchase and Sale Agreement is attached hereto as **Exhibit HXXX**.

| Stations | Buyer | Closing Date |
|---|---|---|
| | | |

The proposed order approving of the sale described herein (the "Final Sale Order") is attached hereto as **Exhibit HXXX**.

Any party wishing to file an objection to the proposed sale of the Property to Buyer must file a written objection with the Court in accordance with the Sale Procedures Order (each, an "Objection") so as to be received by the Sale Notice Parties on or before [•], 2024 at [•] prevailing Eastern Time (the "Objection Deadline"). In the event that a timely objection is filed, the Court will set an expedited, final, evidentiary hearing to consider the proposed sale and the objection.

ANY PARTY OR ENTITY WHO FAILS TO TIMELY MAKE AN OBJECTION TO THE PROPOSED SALE ON OR BEFORE THE OBJECTION DEADLINE SHALL BE FOREVER BARRED FROM ASSERTING ANY OBJECTION TO THE SALE, INCLUDING WITH RESPECT TO THE DISPOSITION OF THE PROPERTY FREE AND CLEAR OF ALL LIENS,

---

[1] All capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Sale Procedures Order or the Debtor's Emergency Motion for Entry of Interim and Final Orders (I) Establishing Procedures for the (A) Sale of Real Estate Free and Clear of All Liens, Claims, and Encumbrances; (B) Assumption and Assignment of Executory Contracts and Unexpired Leases of Non-Residential Real Property; and (II) Granting Related Relief [Docket No. [•]].

CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, EXCEPT AS SET FORTH IN SUCH OTHER AGREEMENT WITH THE BUYER.

In the event that no objection is filed by the Objection Deadline, the Court may enter the Final Sales Order without further notice or hearing.


Dated: August 2, 2024          Respectfully submitted:

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
By: ___*/s/ Jeff Carruth*___
    JEFF CARRUTH (TX SBN: 24001846)
    2608 Hibernia, Suite 105
    Dallas, TX 75204-2514
    Telephone: (713) 341-1158
    Fax: (713) 961-5341
    E-mail: jcarruth@wkpz.com

ATTORNEYS FOR
HIGH PLAINS RADIO NETWORK, LLC,
DEBTOR AND DEBTOR IN POSSESSION

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF TEXAS
### WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HIGH PLAINS RADIO NETWORK, LLC, | § | CASE NO. 24-70089 |
| | § | |
| DEBTOR. | § | |
| | § | |

**NOTICE OF (I) POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) CURE AMOUNTS**

> **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY BE A COUNTERPARTY TO AN EXECUTORY CONTRACT OR AN UNEPIRED LEASE WITH HIGH PLAINS RADIO NETWORK LLC.**
>
> **PARTIES RECEIVING THIS NOTICE SHOUL (1) READ THIS NOTICE CAREFULLY AS YOUR RIGHTS MAY BE AFFEDED BY THE TRANSACTIONS DESCRIBED HEREIN AND (2) LOCATE YOUR NAME AND CONTRACT AND/OR LEASE ON EXHIBIT A ATTACHED HERETO.**

PLEASE TAKE NOTICE OF THE FOLLOWING:

On [•], 2024, the Court entered the Order [ ] [Docket No. [•]] (the "Sale Procedures Order") attached hereto as **Exhibit HXXX**, by which the Court approved the sale procedures for the Radio Station Assets owned by the Debtor, including the procedures for the assumption and assignment of executory contracts and unexpired leases associated with such properties.

The Debtor, in consultation with its professionals, has selected the following buyer (the "Buyer") with respect to following Radio Station Assets (the "Subject Radio Station Assets").

| Property Address | Buyer | Closing Date |
|---|---|---|
| | | |
| | | |
| | | |

Pursuant to the Sales Procedures Order and Code § 365, the Debtor may potentially assume and assign to the Buyer the executory contracts and/or unexpired leases associated with the Property that are listed on Exhibit B hereto (an "Assignable Contracts").

The Debtor has indicated on **Exhibit HXXX** the cure amount(s) that the Debtor asserts are sufficient to cure all prepetition defaults and pay all amounts accrued under the applicable Assignable Contract (the "Cure Amount").

---

**NOTICE OF (I) POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) CURE AMOUNTS — Page 1**

Reference to an Assignable Contract on this Notice does not constitute an admission that such Assignable Contract is an executory contract or unexpired real property lease within the meaning of the Bankruptcy Code and applicable law, and the Debtor reserves all rights, claims, defenses, and causes of action with respect to all Assignable Contracts.

The presence or absence of an Assignable Contract on **Exhibit HXXX** shall not prevent the Debtor or the Buyer from subsequently determining either (i) not to assume such Assignable Contract at any time before such Assignable Contract is actually assumed and assigned pursuant to an Order of the Court or (ii) to assume a contract or lease that is not listed on Exhibit B.

A party to an Assignable Contract (a "Contract Notice Party") objecting to the proposed assumption of an Assignable Contract and assignment of such contract to Buyer or the proposed Cure Amount must file a written objection with the Court in accordance with the Sale Procedures Order (each, an "Objection") so as to be received by the Sale Notice Parties on or before [•], 2023 at [•] prevailing Eastern Time (the "Objection Deadline").

Unless a Contract Notice Party timely files and serves an Objection in accordance with the Sale Procedures Order, such Contract Notice Party shall (a) be forever barred from objecting to the Cure Amount (if any) and from asserting any additional cure or other amounts with respect to its Assignable Contract, and the Debtor and the Buyer shall be entitled to rely solely upon the Cure Amount set forth on Exhibit B; (b) be forever barred from asserting that any conditions to the assumption and assignment of any Assignable Contract must be satisfied before such Assignable Contract may be assumed and assigned, or that any required consent to any such assignment has not been given; (c) be deemed to have consented to the assumption and assignment; (d) be deemed to have agreed that all defaults under the applicable Assignable Contract arising or continuing prior to the effective date of assignment have been cured; (e) be forever barred and estopped from asserting that the Buyer failed to provide adequate assurance of future performance; and (f) be forever barred, estopped, and permanently enjoined from asserting or claiming against the Debtor, the Buyer, or their respective property that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied under such Assignable Contract or that there is any objection or defense to the assumption and assignment of such Assignable Contract.

Where a Contract Notice Party files an Objection, including an Objection asserting a cure amount higher than the proposed Cure Amount, (the "Disputed Cure Amount"), then (i) to the extent that the parties are able to consensually resolve the Objection or Disputed Cure Amount, the Debtor shall promptly provide the parties in interest notice and opportunity to object to such proposed resolution, or (ii) to the extent the parties are unable to consensually resolve the Objection or Disputed Cure amount, such dispute will be determined at an expedited, final, evidentiary hearing to be set by the Court.

If you agree with the Cure Amount indicated on **Exhibit HXXX,** and otherwise do not object to the Debtor's assumption and assignment of your lease or contract, you need not take any further action.

Pursuant to the terms of the proposed final sale order attached hereto as **Exhibit HXXX,** the Debtor shall be deemed to have assumed and assigned each of the Assignable Contracts (unless the Buyer

elects in its sole discretion not to assume such Assignable Contract) as of the date of, and effective only upon, the closing of the sale of the Property, and absent such closing, each of the Assignable Contracts shall neither be deemed assumed nor assigned and shall in all respects be subject to further administration under the Bankruptcy Code. The proposed form of the final sale order remains subject to ongoing review by the Debtor and the Buyer.

Dated:  August 2, 2024          Respectfully submitted:

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By:____ */s/ Jeff Carruth*_____

JEFF CARRUTH (TX SBN: 24001846)
2608 Hibernia, Suite 105
Dallas, TX 75204-2514
Telephone: (713) 341-1158
Fax: (713) 961-5341
E-mail:  jcarruth@wkpz.com

ATTORNEYS FOR
HIGH PLAINS RADIO NETWORK, LLC,
DEBTOR AND DEBTOR IN POSSESSION