Jeff Carruth (TX SBN: 24001846)
**WEYCER, KAPLAN, PULASKI & ZUBER, P.C.**
2608 Hibernia, Suite 105
Dallas, TX 75204-2514
Telephone: (713) 341-1158
Fax: (713) 961-5341
E-mail: jcarruth@wkpz.com

Aaron Wagner (TX SBN: 24037655)
**KABAT, CHAPMAN & OZMER, LLP**
171 17th Street NW, Suite 1550
Atlanta, Georgia 30363
Direct: (971) 270-1789
Main:  (404) 400-7300
E-mail : awagner@kcozlaw.com

ATTORNEYS FOR
HIGH PLAINS RADIO NETWORK, LLC,
DEBTOR AND DEBTOR IN POSSESSION

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **HIGH PLAINS RADIO NETWORK, LLC,** | § | **CASE NO. 24-70089-swe11** |
| | § | |
| DEBTOR. | § | **EXPEDITED HEARING REQUESTED** |
| | § | for November 12, 2024, 9:30 a.m. |

## MOTION OF DEBTOR TO APPROVE RESOLUTION AGREEMENT WITH VERTICAL BRIDGE REIT, LLC AND ITS AFFILIATES

**TO THE HONORABLE SCOTT W. EVERETT, U.S. BANKRUPTCY JUDGE:**

High Plains Radio Network LLC, the debtor and debtor in possession ("HPRN" or the "Debtor"), file this *Motion of Debtor to Approve Resolution Agreement with Vertical Bridge REIT, LLC and its Affiliates* (the "Motion") and in support thereof would show to the Court the following.

### EXPEDITED HEARING REQUESTED FOR NOVEMBER 12, 2024, 9:30 A.M.

1.      Debtor respectfully requests that hearing be set on this matter on November 12, 2024, at 9:30 a.m.

2.      Debtor will file a motion for expedited hearing concurrently with the filing of this Motion.

## INTRODUCTION

3.      This Motion seeks approval, pursuant to Sections 105(a), 362, 363 and 365 of Title 11 of the United States Code ("Bankruptcy Code" or "Code") and Rules 4001, 6004, 6006 and 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") of a global resolution (the "Resolution") between the Debtor and Vertical Bridge REIT, LLC and its affiliates (collectively "Vertical Bridge").

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334.

5.      This matter constitutes a core proceeding under 28 U.S.C. §157(b).

6.      Venue is proper under 28 U.S.C. §§1408 and 1409.

7.      The statutory predicates for the relief sought in this Motion include Code §§ 105(a), 362, 363 and 365 and Bankruptcy Rules 4001, 6004, 6006 and 9019.

8.      The Court has constitutional authority to decide this Motion under *Stern v. Marshall*, 564 U.S. 462 (2011) and its progeny.

## FACTUAL BACKGROUND

9.      On March 26, 2024, (the "Petition Date") Debtor commenced the underlying bankruptcy case (the "Bankruptcy Case") by the filing of a voluntary Chapter 11 petition.

10.     Debtor continues to exist and manage this case as debtor in possession.

11.     Prior to the Petition Date, Debtor and Vertical Bridge had entered into a Master Lease for communications space between the parties that was executed on February 26, 2018 (the "Master Lease"), and its accompanying lease supplements ("Lease Supplements," and together with the Master Lease, the "Subject Leases").

12.     Prior to the Petition Date, Debtor and Vertical Bridge were parties to a lawsuit entitled *Vertical Bridge REIT, LLC v. High Plains Radio Network, LLC*, docketed with the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, at docket No. 50-2022-CA-001423 (the "Lawsuit"). In the Lawsuit, Vertical Bridge (a) made certain allegations and plead certain causes of action relating to the Subject Leases; and (b) filed a motion to enforce Debtors the obligations of the Debtor under a May 20, 2022 settlement agreement executed by Debtor and Vertical Bridge. Debtor opposed such relief sought therein by asserting, inter alia, that it signed the May 20, 2022 settlement agreement under duress and that it was fraudulently induced to sign the Subject Leases. The Lawsuit was stayed by the filing of the Bankruptcy Case.

13.     On April 30, 2024, Vertical Bridge filed the *Motion of Creditor Vertical Bridge for Entry of an Order (I) Granting Vertical Bridge Relief from the Automatic Stay, or (II) Alternatively, Granting (a) Adequate Protection to Vertical Bridge with Immediate Payment of its Administrative Claim for Post-Petition Rent and (b) Compelling Immediate Assumption or Rejection of Unexpired Leases of Nonresidential Real Property* (Docket No. 65 and 66) (the "Vertical Bridge Motion").

14.     In the Vertical Bridge Motion, Vertical Bridge sought relief from the automatic stay to enforce its obligations under the Subject Leases and continue the Lawsuit to judgment or, alternatively, to compel immediate payment of the post-petition obligations under the Subject Leases, adequate protection of its rights under the Subject Leases, and immediately assumption or rejection of the Subject Leases.

15.     On June 4, 2024, Vertical Bridge filed Proof of Claim 27 in the total amount of $4,546,618.86, which also included an asserted right to setoff in the amount of $60,893.56, against

certain obligations allegedly owed by Vertical Bridge to Debtor pursuant to the Ground Rent ("Vertical Bridge Proof of Claim 27").

16.     On April 30, 2024 and May 1, 2024, respectively, Debtor filed (a) *Debtor High Plains Radio Network, LLCs Response and Objections to Creditor Vertical Bridge's Motion for Entry of an Order (I) Granting Vertical Bridge Relief from the Automatic Stay, or (II) Alternatively, Granting (A) Adequate Protection to Vertical Bridge with Immediate Payment of its Administrative Claim for Post-Petition Rent and (B) Compelling Immediate Assumption or rejection of Unexpired Leases of Nonresidential Real Property (Re: Docket No. 65)* and (b) *Motion to Discontinue Utility Service at Vertical Bridge REIT LLC Inactive and/or Rejected Locations* (Docket No. 70) (the "Debtor Motions" and with the Vertical Bridge Motion, the "Pending Motions").

17.     On May 14, 2024, Debtor filed its response to the Vertical Bridge Motion (Docket No. 93 and 94). On May 21, 2024, Vertical Bridge filed its response to the Debtor Motions (Docket No. 110) and Reply in Support of the Vertical Bridge Motion (Docket No. 111).

18.     The parties have engaged in efforts to resolve (a) Pending Motions, (b) the allegations and defenses in the Lawsuit as set forth in the "Agreed Judgment" submitted herewith, and (c) proposed treatment of the Subject Leases in connection with the ongoing efforts to sell all of the assets of the Debtor in connection with this Bankruptcy Case (the "Resolution Agreement").

19.     The parties have negotiated together and with the assistance of the Subchapter V Trustee.

20.     In lieu of further litigation, the Debtor and Vertical Bridge have reached an agreement to resolve all remaining issues and controversies between them, which agreement is

contained in (1) the *Resolution Agreement* attached hereto as **Exhibit H043** and (2) the *Agreed Judgment* attached hereto as **Exhibit H045**.

21.    The main points of the Resolution Agreement as set forth in Exhibit H043 include that:

   a.    HPRN shall pay administrative rent in the amount of $5,000 per month accruing from April, 2024 forward through and until a final disposition of the Subject Leases, and a schedule for the payment of these amounts;

   b.    HPRN will continue the sale process, and the cure amount for the Subject Leases shall be $10,000 per each Subject Lease (in addition to any unpaid administrative rent) plus Additional Rent as might be due under each Subject Lease up to a maximum additional amount of $10,000 per each Subject Lease;

   c.    the potential for the rejection of any of the Subject Leases which are not part of a sales transaction; and

   d.    the ability of Vertical Bridge to file a rejection damages claim with respect to any of the Subject Leases that are not assumed and/or assigned.

22.    The main points of the Agreed Judgment, which will be filed in the Lawsuit as set forth in Exhibit H045 include that:

   a.    The parties agree to resolve the Lawsuit by execution of the Agreed Judgment, which includes, inter alia, (a) reduction of the amount of Vertical Bridge's Proof of Claim 27 to the agreed amount of $1,500,000, (b) withdrawal of HPRN's defenses to Vertical Bridge's claims in the Lawsuit, (c) mutual releases of the claims arising prior to the Petition Date, and (d) entry of a Notice of Withdrawal of Defenses and Stipulation to Judgment in the Florida Court, as specifically detailed in the Agreed Judgment.

   b.    The automatic stay will be modified to allow the Agreed Judgment to be filed in the Florida Court, in order to settle and resolve the disputes in the Lawsuit.

   c.    Upon entry of the Agreed Judgment by the Florida Court, Vertical Bridge's Proof of Claim 27 shall be an allowed general unsecured claim as of the Petition Date in the amount of $1,500,000.00, without prejudice to any administrative claim and/or Rejection Claim (as defined in the Resolution Agreement) which Vertical Bridge may later assert in the Bankruptcy Case, provided that any such administrative claims for rent under the Subject

Leases and/or Rejection Claim shall be limited as provided in the Resolution Agreement and order thereon (the "9019 Order").

d.    To the extent there is any conflict between the Resolution Agreement and the Agreed Judgment, with respect to any dispute that relates to any matter arising post-Petition Date, this Agreement shall govern; and, with respect to any dispute that relates to any matter arising pre-Petition Date, the Agreed Judgment shall govern.

## RELIEF REQUESTED

23.    Pursuant to Code §§ 105(a), 362, 363 and 365 Bankruptcy Rules 4001, 6004, 6006 and 9019, the Debtor respectfully requests that the Court approve the Resolution between Vertical Bridge and HPRN.

24.    A proposed form the 9019 Order is submitted with this Motion and is incorporated by reference herein.

25.    Notwithstanding anything Bankruptcy Rules 4001(a)(3) and 6004(h), Debtor requests that the 9019 Order be effective and enforceable immediately upon entry thereof.

***26.    The Debtor advises creditors and parties in interest that the form and content of the proposed Resolution Agreement and the 9019 Order may change prior to at the hearing on this Motion in order to more clearly reflect the Resolution among the parties and/or to addressed comments and/or objections of any parties.***

## BASIS OF RELIEF

27.    The Court must determine whether or not to approve compromises of existing controversies. The Court may approve the settlement if they are fair and equitable. *In re Matter of AWECO, Inc.*, 725 F.2d 293 (5th Cir. 1984).

28.    A proposed settlement must be "fair and equitable" and in the best interests of the estate. *See In re Moore*, 608 F. 3d 253, 263 (5th Cir. 2010) (internal citations omitted).

29.     Five factors inform the "fair and equitable" analysis: (1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law; (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience, and delay, including the difficulties, if any, to be encountered in the matter of collection; (3) the paramount interest of the creditors and a proper deference to their respective views; (4) the extent to which the settlement is truly the product of arm's-length bargaining and not fraud or collusion; and (5) all other factors bearing on the wisdom of the compromise. See id.

30.     The Resolution between HPRN and Vertical Bridge satisfies all of the *Moore* factors.

    a.    First, although HPRN believes that ultimately a reasonable chance has existed to prevail in the Lawsuit, the ultimate outcome was uncertain because there was a prior settlement of the Lawsuit, which did not raise duress or fraud as a defense. Given the law's preference for enforcing settlements, HPRN faced an uphill and uncertain battle to present its defenses and avoid enforcement of the settlement and a significant judgment. Continued litigation of the Lawsuit was also going to involve significant expense and exposure, which is greatly reduced and mitigated in the Resolution Agreement.

    b.    Second, the Lawsuit, whether removed to this Court or whether it would have proceeded to conclusion in the Florida state court, would have required the expenditure of significant additional resources by HPRN, and the outcome would have delayed a resolution of this Bankruptcy Case and required more time than the time which is necessary to conduct a sale process.

    c.    Third, the overall settlement facilitates the long-contemplated sale process of HPRN, which will benefit the overall body of creditors which overwhelmingly consist of equipment lenders other than Vertical Bridge.

    d.    Fourth, the settlement truly is the product of arm's-length and hard fought negotiations which have occurred in painstaking detail with respect to the elements of each settlement document over the course of this summer to the point of the filing of this Motion.

    e.    Fifth, this settlement resolves the fundamental economic and legal difficult facing HPRN before bankruptcy and which precipitated the commencement

of this Bankruptcy Case, and now allows for HPRN to maximize the value of its assets through the sales process.

31.     Additional factors and analysis may be presented at the hearing on this Motion or presented in amended and/or supplemental pleadings prior to the hearing.

## **RESERVATION OF RIGHTS**

32.     The Debtor reserves the right to amend and/or supplement this pleading at any time prior to the preliminary hearing and/or the final hearing with respect to the Motion.

## **CONCLUSION AND PRAYER**

WHEREFORE, High Plains Radio Network, LLC, Debtor and Debtor in Possession, respectfully requests that the Court approve the Resolution between the Debtor and Vertical Bridge as reflected in the *Resolution Agreement*, authorize the Debtor to execute any final Resolution Agreement in substantial conformity with the Resolution Agreement, and grant such other and further relief to which the Debtor may be entitled at law or in equity.

Dated:  November 4, 2024            Respectfully submitted:

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By:___*/s/ Jeff Carruth*_____
    JEFF CARRUTH (TX SBN: 24001846)
    2608 Hibernia, Suite 105
    Dallas, TX 75204-2514
    Telephone: (713) 341-1158
    Fax: (713) 961-5341
    E-mail:  jcarruth@wkpz.com

ATTORNEYS FOR
HIGH PLAINS RADIO NETWORK, LLC
DEBTOR AND DEBTOR IN POSSESSION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on November 4, 2024 (1) by electronic notice to all ECF users who have appeared in this case to date, and/or as set forth below and/or (2) by regular mail to all parties entitled to notice under Bankruptcy Rule 2002(a), 4001 and/or 6004(a). Debtor also will file a supplemental certificate of service as to this Motion.

**COPIES OF THE EXHIBITS WERE NOT SERVED BY REGULAR MAIL. PLEASE CONTACT THE UNDERSIGNED IF YOU WISH TO RECEIVE THE EXHIBITS.**

*/s/Jeff Carruth*
Jeff Carruth

## ECF NOTICE LIST

**24-70089-swe11 Notice will be electronically mailed to (duplicates deleted):**

Christopher V. Arisco on behalf of Creditor Midland States Bank d/b/a Midland Equipment Finance
carisco@padfieldstout.com

Owen Colin Babbock on behalf of Creditor Balboa Capital Corporation
obabcock@padfieldstout.com

Jeffery D. Carruth on behalf of Debtor High Plains Radio Network, LLC
jcarruth@wkpz.com,
jcarruth@aol.com;atty_carruth@trustesolutions.com;carruthjr87698@notify.bestcase.com;ATTY_CARRUTH@bluestylus.com;jcarruth@ecf.courtdrive.com

Paul H. Cross on behalf of Creditor Hanmi Bank
phclease@msn.com

JaKayla DaBera on behalf of Creditor BankFinancial, N.A.
jdabera@krcl.com, jdabera@ecf.courtdrive.com;ecf@krcl.com

John Easter on behalf of Creditor Pawnee Leasing Corporation
jeaster@padfieldstout.com

Shanna M. Kaminski on behalf of Interested Party Union Funding Source, Inc.
skaminski@kaminskilawpllc.com

Sherrel K. Knighton on behalf of Creditor Malakoff ISD
Sherrel.Knighton@lgbs.com, Dora.Casiano-Perez@lgbs.com;Sean.French@lgbs.com;Eva.Parker@lgbs.com;Alexis.Hall@lgbs.com;Dallas.Bankruptcy@lgbs.com

Matthew F. Kye on behalf of Creditor Amur Equipment Finance, Inc.
mkye@kyelaw.com, dsullivan@kyelaw.com

Julie Anne Parsons on behalf of Creditor The County of Stephens, Texas
jparsons@mvbalaw.com,
karla.alexander@mvbalaw.com;theresa.king@mvbalaw.com;juanie.montalvo@mvbalaw.com;julie.parsons@ecf.courtdrive.com

Michael P. Ridulfo on behalf of Creditor BankFinancial, N.A.
mridulfo@krcl.com, rcoles@krcl.com, scallier@krcl.com;mridulfo@ecf.courtdrive.com

Scott M. Seidel -SBRA V
scott@scottseidel.com, csms11@trustesolutions.net;susan.seidel@earthlink.net

Dawn Whalen Theiss on behalf of Creditor Small Business Administration
dawn.theiss@usdoj.gov, brooke.lewis@usdoj.gov;CaseView.ECF@usdoj.gov

United States Trustee
ustpregion06.da.ecf@usdoj.gov

David Weitman on behalf of Creditor Vertical Bridge REIT, LLC
david.weitman@klgates.com

**REGULAR MAIL LIST / MATRIX**

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| 1 | SERVICE LIST | Case No. 24-70089 | In re: High Plains Radion Network LLC | | | | UPDATED: | 8/5/2024 | |
| 2 | Name | Address1 | Address2 | Address3 | City | State | Zip | Email | Method of Service / Comment |
| 3 | The County of Stephens, Texas | c/o Julie Anne Parsons | McCreary Veselka Bragg & Allen, P.C. | P.O. Box 1269 | Round Rock | TX | 78680-1269 | jparsons@mvbalaw.com | NDA4CIf |
| 4 | The County of Stephens, Texas | c/o Julie Anne Parsons McCreary, Veselka, Bragg & Allen, P.C. | PO Box 1269 | | Round Rock | TX | 78680-1269 | julie.parsons@mvbalaw.com | NDA4CIf |
| 5 | Eastland County Appraisal District | c/o Julie Anne Parsons McCreary, Veselka, Bragg & Allen, P.C. | PO Box 1269 | | Round Rock | TX | 78680-1269 | | NDA4CIf |
| 6 | The County of Henderson, Texas | c/o Julie Anne Parsons | McCreary Veselka Bragg & Allen, P.C. | P.O. Box 1269 | Round Rock | TX | 78680-1269 | jparsons@mvbalaw.com | NDA4CIf |
| 7 | The County of Henderson, Texas | c/o Julie Anne Parsons McCreary, Veselka, Bragg & Allen, P.C. | PO Box 1269 | | Round Rock | TX | 78680-1269 | julie.parsons@mvbalaw.com | NDA4CIf |
| 8 | The Fundworks LLC | c/o Dedicated Financial GBC | 4000 Lexington Ave N, Suite 125 | | Shoreview | MN | 55126 | bankruptcy@dedicatedgbc.com | NDA4CIf |
| 9 | Mitsubishi HC Capital America, Inc. | c/o Jacob Sellers | 825 Nicollet Mall, Suite 1648 | | Minneapolis | MN | 55400 | jacob@greenellesellers.com | NDA4CIf |
| 10 | Broadcast Music, Inc. | 7 World Trade Center | 250 Greenwich St | | New York | NY | 10007 | rodriguez-cohen@bmi.com | NDA4CIf |
| 11 | Malakoff ISD | Linebarger Goggan Blair & Sampson, LLP | 2777 N. Stemmons Freeway, Suite 1000 | | Dallas | TX | 75207 | dallas.bankruptcy@lgbs.com | NDA4CIf |
| 12 | Malakoff ISD | c/o Sherrel K Knighton | 2777 N Stemmons Fwy, Ste. 1000 | | Dallas | TX | 75207-2328 | Sherrel.Knighton@lgbs.com | NDA4CIf |
| 13 | Pawnee Leasing Corporation | 3801 Automation Way #207 | | | Ft Collins | CO | 80525-5735 | | Regular Mail |
| 14 | Hanmi Bank | Attn. Paul Cross Esq. | 11300 N. Central Expressway Ste. 604 | | Dallas | TX | 75243 | phclease@msn.com | NDA4CIf |
| 15 | Marlin Lease Corp | 300 Fellowship Rd | | | Mount Laurel | NJ | 08054 | | Regular Mail |
| 16 | Meridian Equipment Finance, LLC | c/o Salduttl Law Group | 1040 King Highway N, Ste. 100 | | Cherry Hill | NJ | 08034 | nmcdowell@slgcollect.com | NDA4CIf |
| 17 | U.S. Small Business Admin | 150 Westpark Way | Suite 130 | | Euless | TX | 76040 | rebekah.southwarn@sba.gov | NDA4CIf |
| 18 | U.S. Bank N.A. d/b/a U.S. Bank Equipment Fin | 1310 Madrid Street | | | Marshall | MN | 56258 | | Regular Mail |
| 19 | Internal Revenue Service | PO Box 7346 | | | Philadelphia | PA | 19101-7346 | | Regular Mail |
| 20 | iHeart Media | 20880 Stone Oak Parkway | 3rd Floor | | San Antonio | TX | 78258 | baddebtprevention@iheartmedia.com | Regular Mail |
| 21 | Wintrust Specialty Finance | PO Box 3892 | | | Seattle | WA | 98124 | | Regular Mail |
| 22 | Wintrust Specialty Finance | 2050 Main Street | Suite 230 | | Irvine | CA | 92614 | tchudnl@wintrust.com | Regular Mail |
| 23 | Cellco Partnership d/b/a Verizon Wireless | William M Vermette | 22001 Loudoun County Pkwy | | Ashburn | VA | 20147 | william.vermette@verizon.com | Regular Mail |
| 24 | Regions Bank d/b/a Ascentium Capital | 23970 US 59 North | | | Kingwood | TX | 77339 | tinaleonond@ascentiumcapital.com | Regular Mail |
| 25 | Blue Bridge Financial, Inc. | 11921 Freedom Drive | Suite 1130 | | Reston | VA | 20190-1192 | jdoy@bluebridgefinancial.com | Regular Mail |
| 26 | Amur Equipment Finance | c/o Matthew K. Kye | Kye Law Group, P.C. | 201 Old Country Road, Suite 120 | Melville | NY | 11747 | mkye@kyelaw.com | NDA4CIf |
| 27 | ASCAP | 250 West 58th Street | | | New York | NY | 10107 | lwagener@ascap.com | Regular Mail |
| 28 | Summit | 6680 Parkway 09 #300 | | | Mason | OH | 45040-7979 | | Regular Mail |
| 29 | Balboa Capital Corporation | c/o Owen C. Babcock | Padfield & Stout LLP | 100 Throckmorton St., #700 | Fort Worth | TX | 76102 | obabcock@padfieldstout.com | NDA4CIf |
| 30 | United Funding | 1835 E Hollandale Beach BLVD | | | Hollandale Beach | FL | 33009-4619 | | NDA4CIf |
| 31 | Union Funding Source, Inc. | Shanna M. Kaminski | Kaminski Law, PLLC | P.O. Box 247 | Grass Lake | MI | 49240 | skaminski@kaminskilawpllc.com | Regular Mail |
| 32 | United First, LLC | 27-01 Queens Plaza North, | Suite 802 | | Long Island City | NY | 11101 | skaminski@kaminskilawpllc.com | Regular Mail |
| 33 | Vertical Bridge REIT LLC | 750 Park of Commerce Dr #200 | | | Boca Raton | FL | 33487-3650 | | NDA4CIf |
| 34 | Vertical Bridge REIT LLC | Brandy A. Sargent | K&L Gates | One SW Columbia St., Ste 1900 | Portland | OR | 97204 | brandy.sargent@klgates.com | NDA4CIf |
| 35 | Vertical Bridge REIT LLC | David Weltman | K&L Gates | 1717 Main Street Suite 2800 | Dallas | TX | 75201 | david.weltman@klgates.com | NDA4CIf |
| 36 | Vertical Bridge REIT LLC | David R. Osipovich | K&L Gates | 210 Sixth Ave | Pittsburgh | PA | 15222 | david.osipovich@klgates.com | NDA4CIf |
| 37 | Hanszen LaPorte | c/o Kent M. Hanszen | 14201 Memorial Dr | | Houston | TX | 77079-6731 | khanszen@hanszenlaporte.com | Regular Mail |
| 38 | Midland States Bank d/b/a Midland Equipment | c/o Christopher V. Arisco | Padfield & Stout, LLP | 100 Throckmorton St., #700 | Fort Worth | TX | 76102 | carisco@padfieldstout.com | NDA4CIf |
| 39 | BankFinancial, N.A. | c/o Michael P. Ridulfo | Kane Russell Coleman Logan PC | 5151 San Felipe, Suite 800 | Houston | TX | 77056 | mridulfo@krcl.com | NDA4CIf |
| 40 | BankFinancial, N.A. | c/o Jokyla DaBera | Kane Russell Coleman Logan PC | 5151 San Felipe, Suite 800 | Houston | TX | 77056 | jdabera@krcl.com | NDA4CIf |
| 41 | BMI | PO Box 630893 | | | Cincinnati | OH | 45263-0893 | | Regular Mail |
| 42 | Bryn Mawr Equipment Finance Inc. | 801 Lancaster Avenue | | | Bryn Mawr | PA | 19010-3305 | | Regular Mail |
| 43 | Channel Partners Capital LLC | Attn Legal Department | 1111 E College Drive | Suite 200 | Marshall | MN | 56258-1968 | | Regular Mail |
| 44 | City of Altus | 509 S Main St | | | Altus | OK | 73521-3135 | | Regular Mail |
| 45 | City of Friona | 623 Main St | | | Friona | TX | 79035 | | Regular Mail |
| 46 | City of Hereford | PO Box 2277 | | | Hereford | TX | 79045-2277 | | Regular Mail |
| 47 | City of Plainview | 202 W 5th | | | Plainview | TX | 79072-8232 | | Regular Mail |
| 48 | City of Vernon | 1725 Wilbarger St | | | Vernon | TX | 76384-4741 | | Regular Mail |
| 49 | Crest Capitol | PO Box 88233 | | | Atlanta | GA | 30356-8233 | | Regular Mail |
| 50 | CT Corp. Sys. | Attn: SPRS | 330 N Brand Blvd | | Glendale | CA | 91203-2308 | | Regular Mail |
| 51 | D&D Telecommunications | PO Box 6988 | | | Abilene | TX | 79608 | | Regular Mail |
| 52 | Eastland County Appraisal District | c/o Julie Parsons | McCreary, Veselka, Bragg & Allen, PC | P.O. Box 1269 | Round Rock | TX | 78680-1269 | jparsons@mvbalaw.com | Regular Mail |
| 53 | Entergy Utility | PO Box 8105 | | | Baton Rouge | LA | 70891-8105 | | Regular Mail |
| 54 | Federal Communications Com. | 45 L Street NE | | | Washington | DC | 20554-0001 | | Regular Mail |
| 55 | Financial Agent Services | PO Box 2576 | | | Springfield | IL | 62708-2576 | | Regular Mail |
| 56 | First State Bank Athens | PO Box 471 | | | Athens | TX | 75751-0471 | | Regular Mail |
| 57 | Global Music Rights | 1801 W Olympic Blvd | | | Pasadena | CA | 91199-2280 | | Regular Mail |
| 58 | Hanmi Bank | 5403 Olympic Dr, #200 | | | Gig Harbor | WA | 98335-1853 | | NDA4CIf |
| 59 | Hanmi Bank | 1100 E Pioneer Parkway | | | Arlington | TX | 76010-5866 | | NDA4CIf |
| 60 | Hanmi Bank | 11300 North Central Expressway | Suite 604 | | Dallas | TX | 75243 | phclease@msn.com | NDA4CIf |
| 61 | High Plains Radio Network, LLC | PO Box 1419 | | | Vernon | TX | 76385-1419 | | Regular Mail |
| 62 | High Plains Radio Network, LLC | c/o Aaron Wagner | Kabat Chapman & Ozmer, LLP | 171 17th Street NW, Suite 1550 | Atlanta | GA | 30363 | awagner@kcozlaw.com | NDA4CIf |
| 63 | Hitachi Capital America Corp. | 7808 Creekridge Circle | Suite 250 | | Edina | MN | 55439-2647 | | Regular Mail |

| | SERVICE LIST | Case No. 24-70089 | In re: High Plains Radion Network LLC | | | | UPDATED: | 8/5/2024 |
|---|---|---|---|---|---|---|---|---|
| | Name | Address1 | Address2 | Address3 | City | State | Zip | Email | Method of Service / Comment |
| 64 | Internal Revenue Service | Centralized Insolvency Operation | PO Box 7317 | | Philadelphia | PA | 19101-7317 | | Regular Mail |
| 65 | Internal Revenue Service | 1100 Commerce Street | M/S MC5027DAL | | Dallas | TX | 75242 | | Regular Mail |
| 66 | Jeffery D. Carruth | Weycer Kaplan Pulaski & Zuber, P.C. | 2608 Hibernia | Suite 105 | Dallas | TX | 75204-2514 | jcarruth@wkpz.com | Regular Mail |
| 67 | Liberty Mutual Insurance | 175 Berkeley Street | | | Boston | MA | 02116-3350 | | Regular Mail |
| 68 | Lift Systems | PO Box 7233 | | | Abilene | TX | 79608 | | Regular Mail |
| 69 | Liteland Solutions | 99 Wall St #2613 | | | New York | NY | 10005-4301 | | Regular Mail |
| 70 | M Properties | 2627 West Road | | | Mtn. Home | AR | 72653 | | Regular Mail |
| 71 | Martin Leasing Corp | 300 Fellowship Rd | | | Mount Laurel | NJ | 08054-1722 | | Regular Mail |
| 72 | Media Facilities | 1740 Dell Range Blvd. #418 | | | Cheyenne | WY | 82009-4961 | | Regular Mail |
| 73 | Meridian | 367 Eagleview Blvd. | | | Exton | PA | 19341-1156 | | Regular Mail |
| 74 | Meridian Equipment Finance LLC | 9 Old Lincoln Highway | | | Malvern | PA | 19355-2551 | | Regular Mail |
| 75 | Midland States Bank | 1801 Park 270 Drive | Suite 200 | | St. Louis | MO | 63146-4022 | | Regular Mail |
| 76 | Mitsubishi HC | 7201 Metro Blvd. Ste 800 | | | Edina | MN | 55439-1333 | | Regular Mail |
| 77 | Monte Spearman | 4837 Silverwood Dr. | | | Johnstown | CO | 80534 | | direct email |
| 78 | Monte Spearman | PO Box 3649 | | | Palestine | TX | 75802 | | Regular Mail |
| 79 | New Lane Fin. B-M | 801 Landcaster Ave | | | Bryn Mawr | PA | 19010-3305 | | Regular Mail |
| 80 | North Arkansas Electric | PO Box 1000 | | | Salem | AR | 72576-1000 | | Regular Mail |
| 81 | Optimum Telephone | 1111 Stewart Ave. | | | Bethpage | NY | 11714-3581 | | Regular Mail |
| 82 | Pawnee Leasing Corporation | c/o John T. Easter | Padfield & Stout, LLP | 100 Throckmorton St., #700 | Fort Worth | TX | 76102 | jeaster@padfieldstout.com | NOA 4 CF |
| 83 | SBA Covid 19 Disaster Loan | PO Box 3918 | | | Portland | OR | 97208-3918 | | NOA 4 CF |
| 84 | Small Business Administration | c/o Dawn Whalen Theiss, Asst. US Attny | 1100 Commerce Street, 3rd Fl | | Dallas | TX | 75242-1699 | dawn.theiss@usdoj.gov | NOA 4 CF |
| 85 | Scott M. Seidel -986A-V | Seidel Law Firm | 6505 West Park Blvd | Suite 306 | Plano | TX | 75093-6212 | scott@scottseidel.com | NOA 4 CF |
| 86 | SecureNet | 101 N. Federal HWY Ste 601 | | | Boca Raton | FL | 33432-3969 | | Regular Mail |
| 87 | SESAC | PO Box 5246 | | | New York | NY | 10008-5246 | | Regular Mail |
| 88 | South Plains Communications | 5811 34th St | | | Lubbock | TX | 79407 | | Regular Mail |
| 89 | Summit Natural Gas | PO Box 676358 | | | Dallas | TX | 75267-6358 | | Regular Mail |
| 90 | Texas Comptroller | Rev Acct Div - Bankruptcy Section | PO Box 13528 | | Austin | TX | 78711-3528 | | Regular Mail |
| 91 | The Fundworks | 299 S. Main St, #1300 | | | Saltlake City | UT | 84111-2241 | | Regular Mail |
| 92 | Titan Tower | PO Box 6972 | | | Abilene | TX | 79608 | | Regular Mail |
| 93 | Turbo Capital | 2308 N Market St | | | Wilmington | DE | 19802-4230 | | Regular Mail |
| 94 | TXU Utility | PO Box 650638 | | | Dallas | TX | 75265-0638 | | Regular Mail |
| 95 | U.S. Bank Equipment Finance | 1310 Madrid Street | | | Marshall | MN | 56258-4099 | | Regular Mail |
| 96 | U.S. Small Business Administration | 1545 Hawkins Blvd Ste 202 | | | El Paso | TX | 79925-2654 | | NOA 4 CF |
| 97 | U.S. Small Business Administration | c/o Dawn Whalen Theiss | 1100 Commerce St Ste 300 | | Dallas | TX | 75242 | dawn.theiss@usdoj.gov | NOA 4 CF |
| 98 | United States, Trustee | 1100 Commerce Street | Room 976 | | Dallas | TX | 75242-0996 | erin.schmidt2@usdoj.gov | NOA 4 CF |
| 99 | Verizon Cell Phone | PO Box 660108 | | | Dallas | TX | 75266-0108 | | Regular Mail |
| 100 | Xcel Energy | Attn Bankruptcy Department | Po Box 9477 | | Minneapolis | MN | 55484-0001 | | Regular Mail |
| 101 | Zula Com | PO Box 3649 | | | Palestine | TX | 75802-3649 | | direct email |

**PROPOSED ORDER**

## RESOLUTION AGREEMENT

### I.    Parties

The following persons are the parties (collectively, the "Parties") to this *Resolution Agreement* (the "Agreement" or "Resolution Agreement").  The Effective Date of this Agreement is defined below.

1.01    High Plains Radio Network, LLC a Texas limited liability company ("HPRN" or the "Debtor").

1.02    Vertical Bridge REIT, LLC, a Florida limited liability company, for itself and its affiliates (collectively "Vertical Bridge").

### II.    Rules of Construction and Definitions

2.01    Party names and terms are defined under Article I of this Agreement.

2.02    All exhibits referenced and described in this Agreement are incorporated by reference herein as if fully set forth verbatim.

2.03    "9019 Motion" means and refers to the *Motion of Debtor to Approve Resolution Agreement with Vertical Bridge REIT, LLC (Docket No. 220)* filed or to be filed in the Bankruptcy Case.

2.04    "9019 Order" means and refers to the final, non-appealable *Order Granting Motion of Debtor to Approve Resolution Agreement with Vertical Bridge REIT, LLC (Re: Docket No. 220)* entered or to be entered in the Bankruptcy Case, and which 9019 Order shall dispose of the Pending Motions, in the form attached hereto as **Exhibit H044**.

2.05    "Agreed Judgment" means and refers to the Settlement Agreement and Mutual Release to resolve the Lawsuit, in the form attached hereto as **Exhibit H045**.

2.06    "Agreement" means and refers to this *Resolution Agreement.*

2.07    "Bankruptcy Case" means and refers to Case No. 24-70089, *In re High Plains Radio Network, LLC,* pending in the United States Bankruptcy Court for the Northern District of Texas, Wichita Falls Division.

2.08    "Bankruptcy Court" or "Court" means and refers to the Bankruptcy Court presiding over the Bankruptcy Case.

2.09    "Code" means and refers to the United States Bankruptcy Code, Title 11 United States Code, 11 U.S.C. §101 et seq.

2.10    "Debtor Motions" means and refers to (a) *Debtor High Plains Radio Network, LLCs Response and Objections to Creditor Vertical Bridge's Motion for Entry of an Order (I) Granting Vertical Bridge Relief from the Automatic Stay, or (II) Alternatively, Granting*

*(A) Adequate Protection to Vertical Bridge with Immediate Payment of its Administrative Claim for Post-Petition Rent and (B) Compelling Immediate Assumption or rejection of Unexpired Leases of Nonresidential Real Property* (Re: Docket No. 65) and (b) *Motion to Discontinue Utility Service at Vertical Bridge REIT LLC Inactive and/or Rejected Locations* (Docket No. 70)

2.11   "<u>Effective Date</u>" means and refers to the date on which the Bankruptcy Court enters the 9019 Order and it becomes final and non-appealable.

2.12   "<u>Florida Court</u>" means the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

2.13   "<u>Ground Rent</u>" means and refers to the monthly rental owed by Vertical Bridge to HPRN relating to the ground lease(s) of location US-TX-5163, US-TX-5164, US-OK-5007, US-OK-5016 by HPRN as landlord to Vertical Bridge as tenant.

2.14   "<u>Lawsuit</u>" means and refers to Case No. 50-2022-CA-001423; *Vertical Bridge REIT, LLC v. High Plains Radio Network, LLC,* in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

2.15   "<u>Pending Motions</u>" means and refers to, collectively, the Vertical Bridge Motion and Debtor Motions.

2.16   "<u>Petition Date</u>" means March 26, 2024.

2.17   "<u>Radio Station Assets</u>" means the Debtor's radio stations, including the equipment and other personal property, licenses including the FCC licenses, executory contracts, and leases including tower leases proposed to be sold as part of the Sale Process (as defined herein).

2.18   "<u>Rejection Claim</u>" means and refer to any general unsecured lease rejection damages claim which may be filed by Vertical Bridge in relation to the rejection of any of the Subject Leases.

2.19   "<u>Subchapter V Trustee</u>" means Scott Seidel in his capacity as the appointed Subchapter V Trustee in the Bankruptcy Case.

2.20   "<u>Subject Leases</u>" means and refers any and all tower leases which exist or may have existed between the Debtor and Vertical Bridge as of the Petition Date, and consisting of the Master Leaseback Agreement dated February 26, 2018 and Lease Supplements (sometimes identified as a "Site Lease Agreement") for the tower leases referenced and described in **Schedule 001** attached hereto and incorporated by reference herein.

2.21   "<u>Three Station Group</u>" means and refers to the three stations which the Debtor sold pre-petition but which stations broadcast from VBR towers as of the Petition Date, and which consist of KLVT-AM, KWKQ-FM, and KLXK-FM.

2.22    "Vertical Bridge Motion" means and refers to *Motion of Creditor Vertical Bridge for Entry of an Order (I) Granting Vertical Bridge Relief from the Automatic Stay, or (II) Alternatively, Granting (a) Adequate Protection to Vertical Bridge with Immediate Payment of its Administrative Claim for Post-Petition Rent and (b) Compelling Immediate Assumption or Rejection of Unexpired Leases of Nonresidential Real Property* (Docket No. 65 and 66) filed by Vertical Bridge in the Bankruptcy Case.

2.23    "Vertical Bridge Proof of Claim 27" means the *Proof of Claim* in the total amount of $4,546,618.86 including certain (a) defined back rent, (b) monthly rent obligations from June 2023 to the Petition Date, (c) certain defined late fees, (d) and attorneys' fees filed in the Bankruptcy Case by Vertical Bridge on or about June 4, 2024 as Claim No. 27.

2.24    Defined terms which are not a proper noun need not be capitalized in order to carry the meaning provided in this Article II of this Agreement.

### III.    Recitals

3.01    Prior to the Petition Date, Debtor and Vertical Bridge were parties to the Lawsuit; whereby Vertical Bridge (a) made certain allegations and pleaded certain causes of action relating to the Subject Leases; and (b) filed a motion to enforce the obligations of the Debtor under a May 20, 2022 settlement agreement executed by Debtor and Vertical Bridge. Debtor opposed such relief sought in by asserting, inter alia, that it signed the May 20, 2022 settlement agreement under duress and that it was fraudulently induced to sign the Subject Leases. The Lawsuit was stayed by the filing of the Bankruptcy Case.

3.02    On April 30, 2024, Vertical Bridge filed the Vertical Bridge Motion. In the Vertical Bridge Motion, Vertical Bridge sought relief from the automatic stay to enforce its obligations under the Subject Leases and continue the Lawsuit to judgment or, alternatively, to compel immediate payment of the post-petition obligations under the Subject Leases, adequate protection of its rights under the Subject Leases, and immediately assumption or rejection of the Subject Leases.

3.03    On June 4, 2024, filed the Vertical Bridge Proof of Claim 27 in the total amount of $4,546,618.86, which also included an asserted right to setoff in the amount of $60,893.56, against certain obligations allegedly owed by Vertical Bridge to Debtor pursuant to the Ground Rent.

3.04    On April 30, 2024 and May 1, 2024, respectively, Debtor filed the Debtor Motions.

3.05    On May 14, 2024, Debtor filed its response to the Vertical Bridge Motion (Docket No. 93 and 94). On May 21, 2024, Vertical Bridge filed its response to the Debtor Motions (Docket No. 110) and Reply in Support of the Vertical Bridge Motion (Docket No. 111).

3.06    The Parties have engaged in efforts to resolve (a) Pending Motions, (b) the allegations and defenses in the Lawsuit as set forth in the Agreed Judgment, and (c) proposed treatment of the Subject Leases in connection with the expected effort to sell all of the assets of the Debtor in connection with this Bankruptcy Case. The Parties have negotiated together and with the assistance of the Subchapter V Trustee.

### IV.    Acknowledgments and Agreement

NOW THEREFORE, in consideration of the promises and agreements set forth in this Agreement, and subject to the approval of the Bankruptcy Court, the Parties by the execution of this Agreement hereby agree to the following.

4.01.  **Effectiveness and Enforceability of this Agreement**.  The Agreement shall become binding and enforceable upon the Parties only upon the 9019 Order being entered by the Bankruptcy Court and becoming final and non-appealable.  Debtor shall promptly file the 9019 Motion following the execution of this Agreement.

4.02.  **Scope of Settlement Agreement — Resolution of Pending Motions**.  In addition to the agreements and obligations set forth herein, this Resolution Agreement and the 9019 Order together resolve the Pending Motions.  As set forth in the 9019 Order, the Pending Motions are resolved without prejudice as provided herein.

4.03.  **Resolution of the Lawsuit and Allowed Claim**.

> a.    The Parties agree to resolve the Lawsuit by execution of the Agreed Judgment, which includes, *inter alia,* (a) reduction of the amount of Vertical Bridge's Proof of Claim 27 to the agreed amount of $1,500,000, (b) withdrawal of HPRN's defenses to Vertical Bridge's claims in the Lawsuit, (c) mutual releases of the claims arising prior to the Petition Date, and (d) entry of a Notice of Withdrawal of Defenses and Stipulation to Judgment in the Florida Court, as specifically detailed in **Exhibit 103**.

> b.    The automatic stay will be modified by the 9019 Order to allow the Agreed Judgment to be filed in the Florida Court, in order to settle and resolve the disputes in the Lawsuit.

> c.    Upon entry of the Agreed Judgment by the Florida Court, Vertical Bridge's Proof of Claim 27 shall be an allowed general unsecured claim as of the Petition Date in the amount of $1,500,000.00, without prejudice to any administrative claim and/or Rejection Claim which Vertical Bridge may later assert in the Bankruptcy Case, *provided that* any such administrative claims for rent under the Subject Leases and/or Rejection Claim shall be limited as provided in this Agreement and the 9019 Order.

> d.    To the extent there is any conflict between this Agreement and the Agreed Judgment, with respect to any dispute that relates to any matter arising post-Petition Date, this Agreement shall govern; and, with respect to any dispute that relates to any matter arising pre-Petition Date, the Agreed Judgment shall govern.

4.04.    **Subject Leases and Sale Process**.

a.      The Subject Leases remain unexpired as of the Petition Date and may be assumed or rejected by the Debtor in accordance with the Code, this Agreement, and the 9019 Order.

b.      The Debtor promptly shall file the necessary motions and seek to prosecute a Code § 363 sale process for all of the assets of the Debtor, utilizing the broker engaged by the Debtor, and including the potential assumption and assignment of the Subject Leases (the "***Sale Process***"). Debtor will conduct the Sale Process in good faith and actively market all of the existing stations and all Subject Leases through January 31, 2025, and Debtor's deadline to assume or reject the Subject Leases pursuant to Code 365(d)(4) shall be extended through that date. For the avoidance of doubt, the Debtor's equipment and other property may remain in place at all Subject Lease locations to facilitate the Sale Process without increase to the Base Administrative Rent or the Additional Administrative Rent, for so long as all Base Administrative Rent obligations are timely paid and all of Debtor's maintenance obligations at such towers are observed, including payment of utilities and provision of insurance.

c.      The Debtor shall consult with Vertical Bridge with respect to the Sale Process. Vertical Bridge reserves the right to object to any portion of Sale Process that is contrary to this Agreement, the 9019 Order, and/or any other order of the Court.

4.05.    **Disposition of the Subject Leases, Potential Rejection, and Resulting Claim(s)**.

a.      The Debtor will include all of the Subject Leases in the Sale Process for potential assumption and/or assignment, subject to further order of the Court to approve such assumption and/or assignment, or entry into new lease with potential purchaser.

b.      For purpose of this Agreement and the Sale Process, any new, amended, and/or restated lease negotiated between Vertical Bridge and any purchaser of one or more Radio Station Assets through the Sales Process shall constitute the assumption and assignment of each such Subject Lease through the Sale Process. The terms of any such new or amended lease shall be subject to Vertical Bridge's acceptance in its sole discretion, which acceptance shall not be unreasonably withheld, provided that the maximum initial rental rate which Vertical Bridge may seek to charge any potential purchaser of the Radio Station Assets or assigned/new tenant under a new or modified Subject Lease will not be higher than the rate provided by Vertical Bridge with respect to the same location in connection with the Sale Process.

c.      The Debtor may seek to reject any of the Subject Leases that ultimately are not assumed and/or assigned as part of the Sale Process. If the Debtor has

not sought to assume or assume and assign a Subject Lease through the Sale Process or by separate motion on or before January 31, 2025 (or such later date as Vertical Bridge may agree to in writing in its sole discretion), then the Subject Leases shall be deemed rejected. The effective date of such rejection shall be no earlier than the time that all utilities associated with the tower of such Subject Lease have been transferred by Debtor to Vertical Bridge and all of Debtor's personal property has been removed from the tower.

d.       The Parties will cooperate in good faith to facilitate such transfer of utilities and removal of equipment no later than April 1, 2025. For the avoidance of doubt, each of the Subject Leases is subject to separate and/or individual assumption and/or rejection regardless of any construction of and/or limitation within the Master Leaseback Agreement or any other agreement between the Parties.

e.       Any order of the Court providing for the rejection of any Vertical Bridge lease may fix the date by which Vertical Bridge may file a Rejection Claim, which may include, but shall not be limited to, amounts due to Vertical Bridge under the terms of the Subject Leases for damage to the subject premises and any amounts due and owing under the Subject Lease that Vertical Bridge has not otherwise expressly waived or settled as part of this Resolution Agreement or the Agreed Judgment. Debtor reserves the right to object to any Rejection Claim with respect to the amount of such Rejection Claim only, and, for the avoidance of doubt, the Debtor shall not object to any Rejection Claim based on any purported termination, expiration, or rejection of any of the Subject Leases prior to the Petition Date.

f.       Nothing in this Resolution Agreement shall be deemed as consent by Vertical Bridge to an extension of time for the Debtor to assume or reject the Subject Leases past January 31, 2025. Nothing in this Resolution Agreement shall prohibit Vertical Bridge from providing notice of termination of a Subject Lease related to any damaged or destroyed tower as provided therein.

4.06.   **Base Administrative Rent Obligation / Adequate Protection Payment**.

a.       The administrative rent and/or the adequate protection obligation of the Debtor to Vertical Bridge shall accrue in the amount of $5,000 per month commencing on April 1, 2024 for the month of April 2024 and continuing thereafter until further order of the Court ("***Base Administrative Rent***"). Base Administrative Rent will continue to accrue monthly in the same amount until earlier of such time as all of the stations associated with the Subject Leases have been sold or all of the Subject Leases have been rejected.

b.      The Debtor shall pay Vertical Bridge according to the following schedule in **Table 1** below, which includes the Base Administrative Rent of $5,000 per month, plus additional amounts necessary to catch up for unpaid Base Administrative Rent to date (such difference between the monthly amounts set forth in Table 1 below and $5,000 per month, the "***Catch Up Amount***"). Upon the completion of the first sale of any of the Radio Station Assets, any Catch Up Amount set forth in Table 1 below that the Debtor has not yet paid shall become due and payable out of the proceeds of such sale.  For the avoidance of doubt, any payments in Table 1 that fall due before the Effective Date shall be due and payable within two (2) business days of the Effective Date.

| Table 1 | | | |
|---|---|---|---|
| **Due Date** | **Base Admin Rent** | **Catch Up Amount** | **Total Amount** |
| 8/29/2024 | 5,000.00 | 5,000.00 (for 4/2024) | 10,000.00 |
| 9/20/2024 | 5,000.00 | 2,500.00 (for 5/2024) | 7,500.00 |
| 10/20/2024 | 5,000.00 | 2,500.00 (for 5/2024) | 7,500.00 |
| 11/20/2024 | 5,000.00 | 2,500.00 (for 6/2024) | 7,500.00 |
| 12/20/2024 | 5,000.00 | 2,500.00 (for 6/2024) | 7,500.00 |
| 1/20/2025 | 5,000.00 | 2,500.00 (for 7/2024) | 7,500.00 |
| 2/20/2025 | 5,000.00 | 2,500.00 (for 7/2024) | 7,500.00 |
| 3/20/2025 | 5,000.00 | 0.00 | 5,000.00 |
| 4/20/2025 | 5,000.00 | 0.00 | 5,000.00 |
| (Continued as needed) | 5,000.00 | 0 | 5,000.00 |

c.      If any Base Administrative Rent is not paid by the Due Date (as set forth in **Table 1**, above) or within seven (7) business days thereafter, Vertical Bridge shall have relief from the automatic stay to enforce its rights under the Subject Leases upon filing a notice of default with the Court.  No further motion or order will be required.

d.      No failure of the Debtor to pay rent will relieve the estate of the Base Administrative Rent or Additional Administrative Rent, as applicable. No rejection of a Subject Lease will relieve the estate of the obligation to pay any Base Administrative Rent (including any Catch Up Amount) accrued prior to the effective date of rejection.

e.      Vertical Bridge will commence negotiations with the Three Station Group to enter into new tower leases between Vertical Bridge and any of the Three Station Group.

f.      If a new tower lease is executed with one of the Three Station Group (the terms of which are subject to Vertical Bridge's acceptance in its sole discretion), the Parties agree that the rejection of the corresponding Subject Lease of the Debtor relating to the particular Three Station Group location will occur upon the effective date of the new lease.  Vertical Bridge may

file a Rejection Claim related to the rejected Subject Lease for the difference between the rejected Subject Lease and the new tower lease, if any.

g. Entry into a new lease with one of the Three Station Group shall not reduce the amount of the Base Administrative Rent.

**4.07.** **Additional Administrative Rent Claim**.

a. If a station associated with a Subject Lease is sold by the Debtor and the Subject Lease related to such station is assumed and assigned to the buyer or the buyer of such station enters into a new lease with Vertical Bridge related to such station, then Vertical Bridge shall be allowed an additional administrative claim associated with each such station in the amount of $10,000, to be paid in full at closing of the sale (an "***Additional Administrative Rent***"). The Additional Administrative Rent shall be in lieu of and shall satisfy any cure claim associated with each Subject Lease under Code § 365(b)(1), and thus shall fully satisfy any cure obligation(s) when paid. The Additional Administrative Rent shall not reduce the amount of Vertical Bridge's Proof of Claim 27 or any Rejection Claim.

   i. The Additional Administrative Rent claim may be increased to include any amounts which Debtor otherwise would be liable under the Subject Leases for any money or charges of whatsoever nature as required to be paid by HPRN under the terms of the Subject Lease as "Additional Rent," and shall be capped at a maximum amount of $10,000 per each Subject Lease, provided that such cap shall not apply to any Subject Lease related to the Three Station Group.

b. If the Debtor seeks to reorganize all or some of its existing business under a Chapter 11 plan outside of the Sale Process, then, in addition to any Base Administrative Rent claim, Vertical Bridge shall be allowed an Additional Administrative Rent claim in the amount of $10,000 for each such station associated with a Vertical Bridge Subject Lease that is to be operated by the Debtor after reorganization, and such $10,000 when paid shall satisfy any cure claim for purposes of assuming each such Subject Lease under a confirmed chapter 11 plan. The Additional Administrative Rent claim shall not reduce the amount of Vertical Bridge's Proof of Claim 27 or any Rejection Claim. Such Additional Administrative Rent claim shall be paid as provided in the confirmed plan.

   i. The Additional Administrative Rent claim may be increased to include any amounts which Debtor otherwise would be liable under the Subject Leases for any money or charges of whatsoever nature as required to be paid by HPRN under the terms of the Subject Lease as "Additional Rent" and shall be capped at a maximum amount of $10,000 per each Subject Lease.

4.08. __Limited Overall Scope of VBR Claims__.  For the avoidance of doubt, all of the claims and/or potential claims of Vertical Bridge which may be asserted against the Debtor in connection with the Subject Leases and/or the Bankruptcy Case are controlled by this Resolution Agreement, the 9019 Order, and the Agreed Judgment.

4.09. __Ground Rent owed to HPRN by Vertical Bridge__.

  a.    Any Ground Rent allegedly owed by Vertical Bridge prior to the Petition Date is deemed resolved and satisfied by the Agreed Judgment.

  b.    From and after the Petition Date, any Ground Rent that may be claimed by the Debtor against or from Vertical Bridge related to locations identified as US-TX-5163, US-TX-5164, US-OK-5007, US-OK-5016 shall be deemed satisfied through June 30, 2030, and will not be deducted from any Base Administrative Rent or Additional Administrative Rent.

4.10. __Power to the Towers and Insurance__.  The Debtor shall continue to supply electricity and maintain Debtor's other obligations under the Subject Leases (including provision of insurance) at the towers involved in the Subject Leases at the expense of the Debtor through and until the assignment and/or final disposition of each of the Subject Leases.  If Debtor fails to maintain such obligations, Vertical Bridge shall have relief from the automatic stay to enforce its rights under the Subject Leases upon filing a notice of default with the Court.

4.11. __Notices__.  Any notices that are required by this Agreement or that may otherwise be given regarding the subject matter of the Agreement shall be given to each of the Parties at each Party's last known addresses and to their respective attorney(s).  Any notice to the attorneys may be accomplished by email if also accompanied by a writing sent by fax and/or regular mail.

4.12. __Warranty of Non-Transfer__.  Each Party warrants and represents to the others that they are the sole and exclusive owner of all matters being confirmed herein and of the claims asserted against the other and that no Party has assigned, transferred, licensed, sold, or encumbered to any person or entity not a party to this Agreement any such items or any part or portion thereof and each Party shall defend, indemnify and hold harmless each other Party from and against any claim including the payment of attorneys' fees and costs actually incurred whether or not litigation is commenced based on or in connection with or arising out of any such assignment, transfer, lien, sale, or encumbrance made.

4.13. __Time is of the Essence__.  Time is of the essence with respect to the obligations under this Settlement Agreement.

4.14. __Binding Effect__.

  a.    This Agreement, including the Exhibits hereto, is fully integrated and contains the entire agreement of the Parties with respect to the subject matter addressed herein and may not be contradicted except by a writing signed by the Parties.  The terms of this Agreement are contractual and are not mere recitals.

b.  The Parties acknowledge that this Agreement is executed after negotiations between and among representatives of the Parties hereto.  The Parties agree that: (a) each Party and its attorneys have conducted their own investigation concerning the facts surrounding the matters covered by this Agreement and in voluntarily choosing to execute this Agreement, have relied upon their own analyses of such facts and not on any information furnished by any other Party or their representatives; (b) there are no oral or other written agreements concerning the subject matter of this Agreement; and (c) any right to rely on any oral or written statement of any Party or any failure of any Party to state any fact is expressly waived and released, it being the intent of the Parties hereto to waive any claims for fraudulent inducement.

c.  If an ambiguity or question of intent or interpretation arises, the Agreement will be construed as if drafted jointly by the Parties and no presumption or burden of proof will arise favoring or disfavoring any Party because of the authorship of any provision of the Agreement.

d.  This Agreement is binding upon and inures to the benefit of each of the Parties and their respective partners, parents, subsidiaries, affiliates, agents, attorneys, representatives, servants, officers, directors, employees, heirs, and personal representatives.

e.  This Agreement shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns.

f.  This Agreement is personal to the Parties hereto and are not intended to create any right in any person who is not a Party to this Agreement, except as otherwise set forth herein.  The Parties are legally competent to execute this Agreement.

4.15.  **No Other Representations or Warranties**.   The Parties acknowledge that no representations or warranties of any kind have been made by anyone to induce the signing of this Agreement other than as expressly set forth in this Agreement.

4.16.  **Amendment; Waiver**.  This Agreement may be amended or modified only explicitly in a writing signed by all of the Parties.  No compliance with any condition or covenant set forth herein may be waived other than by a writing executed by the Party waiving compliance.  No failure or delay by a Party in exercising any right, power, or privilege hereunder shall operate as a waiver thereof nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any other right, power, or privilege.  Any such amendments or modifications may be made as of any effective date specified therein, notwithstanding the actual date of the execution of the amendment.

4.17.  **Miscellaneous**.

a.  *Allocation of expenses*.  *Except as expressly provided elsewhere in this Agreement and;/or the 9019 Order*, each Party shall bear, pay, and discharge all of their own expenses (including, but not limited to, attorneys'

fees, court costs and other expenses) incurred in connection with, arising from and relating to the disputes, litigation referenced herein, the additional transactions referenced in this Agreement, and the negotiation, execution, and performance of this Agreement.

b.     ***Further assurances***.  Each of the Parties shall execute and deliver (and shall cooperate in the execution and delivery of) all the documents reasonably necessary to evidence or perfect the terms of this Agreement.

c.     ***Multiple counterparts***.  This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which shall constitute one Agreement.  The Parties further agree that copies of this Agreement and any of the attached Exhibits, including any facsimile copies or .pdf file copies with signatures, shall be binding and treated as original agreements.

d.     ***Headings, construction of words***.  The paragraph headings contained in this Agreement are for convenience only.  Whenever appropriate, the masculine gender may include the feminine or neuter, the singular, the plural, and vice versa.

e.     ***Severability***.  Should any portion(s) of this Agreement be declared to be illegal or unenforceable by a court of competent jurisdiction, then the remaining portions of this Agreement not affected by such judicial declaration shall remain in full force and effect and thereby bind the Parties.

f.     ***Extensions of time***.  Any deadline falling on a Saturday, Sunday, or state or federal legal holiday shall be extended to the immediate next day which is not a Saturday, Sunday, or legal holiday.

<u>***{continued on following sheet}***</u>

**HIGH PLAINS RADIO NETWORK, LLC**

a Texas limited liability company

**VERTICAL BRIDGE REIT, LLC**

By:_____

By:_____

Its:    President/Manager

Its:

**EXHIBIT H043**

## SCHEDULE 001

| Lease Numb. | Site Numb. | Site Location | Station Calls |
|---|---|---|---|
| 1807 | US-TX-5036 | Lubbock | KDAV AM |
| 3348 | US-TX-5049 | Plainview | KKYN FM |
| 3349 | US-TX-5049 | Plainview | KRIA FM |
| 3351 | US-TX-5050 | Plainview | KREW AM |
| 3352 | US-TX-5051 | Plainview A | KVOP AM |
| 3353 | US-TX-5052 | Plainview B | KVOP AM |
| 3354 | US-TX-5053 | Plainview C | KVOP AM |
| 3355 | US-TX-5054 | Plainview D | KVOP AM |
| 5396 | US-AR-5023 | Calico Rock | KJMT FM |
| 5397 | US-AR-5024 | Viola | KCMC FM |
| 5398 | US-AR-5025 | Emback | KRZP FM |
| 5527 | US-TX-5163 | Levelland | KLVT AM |
| 5528 | US-TX-5164 | Littlefield | KZZN AM |
| 5897 | US-OK-5007 | Altus | KEYB FM |
| 5898 | US-OK-5016 | Hollis | KJOK FM |
| 5899 | US-OK-5016 | Hollis | KKRE FM |
| 5996 | US-OK-5017 | Frederick | KYBE FM |
| 5997 | US-OK-5019 | Frederick | KTAT AM |
| 6612 | US-MS-5036 | Greenville | WDMS FM |
| 6613 | US-MS-5036 | Greenville | WGVM AM |
| 6624 | US-AR-5034 | Helena | KFFA FM |
| 6625 | US-AR-5035 | Helena | KFFA AM |
| 7800 | US-TX-5363 | Malakoff | KCKL FM |
| 7801 | US-TX-5364 | Athens | KLVQ AM |
| 7803 | US-TX-5364 | Athens | KLVQ AM |
| 7821 | US-CO-5066 | Buena Vista | KSKE AM |
| 7995 | US-AR-5039 | Gurdon | KYXK FM |
| 7996 | US-AR-5040 | Caddo Valley | KWPS FM |
| 8338 | US-AR-5036 | Benton | KAFN AM |
| 8339 | US-AR-5037 | Malvern | KZYP AM |
| 8340 | US-AR-5038 | Arkadelphia | KDEL FM |
| 8341 | US-AR-5038 | Arkadelphia | KVRC AM |
| 8682 | US-TX-5493 | Graham | KWKQ FM |
| 8683 | US-TX-5494 | Graham | KSWA AM |
| 8684 | US-TX-5495 | Breckenridge | KLXK FM |
| 8685 | US-TX-5495 | Breckenridge | KROO AM |
| 9867 | US-TX-5577 | Vernon | KVWC AM |
| 9868 | US-TX-5577 | Vernon | KVWC FM |
| 10006 | US-TX-5578 | Lariat | KICA AM |
| 10007 | US-TX-5578 | Lariat | KICA FM |
| 10008 | US-TX-5578 | Lariat | KKYC FM |
| 10009 | US-TX-5579 | Friona | KGRW FM |
| 10010 | US-TX-5579 | Friona | KKNM FM |

**EXHIBIT H044**

---

**EXHIBIT H044**

---

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **HIGH PLAINS RADIO NETWORK,** | § | **CASE NO. 24-70089-swe11** |
| **LLC,** | § | |
| DEBTOR. | § | |
| | § | |

---

**ORDER GRANTING MOTION OF DEBTOR TO APPROVE RESOLUTION AGREEMENT WITH VERTICAL BRIDGE REIT, LLC AND ITS AFFILIATES (RE: DOCKET NO. 220)**

---

On November 12, 2024, the Court conducted a hearing regarding the *Motion of Debtor to Approve Resolution Agreement with Vertical Bridge REIT, LLC and Its Affiliates* (Docket No. 220) (the "Motion") filed herein on November 4, 2024 by High Plains Radio Network, LLC, Debtor and Debtor in Possession in the above-captioned case (the "Debtor").

The Court finds and concludes that: (a) the Court has jurisdiction over the Motion and the relief requested therein pursuant to 28 USC §§ 157 and 1134, (b) based upon the certificate of service attached to the Motion, good and sufficient notice of the Motion has been given under the Federal and Local Bankruptcy Rules, (c) no party in interest filed a response or objection to the Motion or any such response or objection is overruled by this Order, and (d) upon review of the record of this case and with respect to the Motion that (i) the relief requested by the Motion is an exercise of the Debtor's sound business judgment and in the bet interest of the Debtor's estate, (ii) cause exists to grant the relief requested therein, including relief from the automatic stay, and

---

ORDER GRANTING MOTION OF DEBTOR TO APPROVE RESOLUTION AGREEMENT WITH VERTICAL
BRIDGE REIT, LLC AND ITS AFFILIATES — Page 1

**EXHIBIT H044**

(iii) the settlements contained in the Motion involve litigation that would be complicated, protracted, expensive, and uncertain and will cause delay and potential diminution of the estate; the Parties are represented by competent and experienced counsel; the settlements were negotiated at arms' length by the Parties, and the proposed settlements are equitable, fair and reasonable, and in the best interests of the Debtor and the Debtor's estate.

NOW, THEREFORE, IT IS THEREFORE ORDERED THAT:

1. The Motion is granted as set forth herein.

2. All capitalized terms shall have the same meanings as ascribed to such terms in the Motion, unless otherwise defined herein.

3. The Debtor is authorized to execute the *Resolution Agreement*, attached hereto as **Exhibit H043**, and the *Agreed Judgment*, attached to the Resolution Agreement, each of which is approved in its entirety and as specifically set forth herein.

4. As set forth in the Resolution Agreement, upon entry of the Agreed Judgment, Vertical Bridge Proof of Claim 27 shall be deemed an allowed general unsecured claim in the amount of $1,500,000.00, which shall be without prejudice to Vertical Bridge's right to assert administrative expense claims and/or Rejection Claim(s) as set forth in the Resolution Agreement.

5. Vertical Bridge shall be entitled to an allowed administrative expense claim in an amount calculated in accordance with Sections 4.06 and 4.07 of the Resolution Agreement.

6. Nothing in this Order nor the Resolution Agreement shall be deemed or construed as an assumption or rejection of any of the Subject Leases, each of which (i) the Debtors shall market as part of the Sale Process and (ii) shall be the subject of a future order providing for the assumption, assumption and assignment, or rejection thereof in connection with the Sale Process or separate motion of the Debtor. If the Debtor has not sought to assume or assume and assign a Subject Lease through the Sale Process or by separate motion on or before January 31, 2025 (or such later date as Vertical Bridge may agree to in writing in its sole discretion), then the subject leases shall be deemed rejected. The effective date of such rejection shall be no earlier than the time that all utilities associated with the tower of such Subject Lease have been transferred by Debtor to Vertical Bridge and all of Debtor's personal property has been removed from the tower. The Debtor and Vertical Bridge will cooperate in good faith to facilitate such transfer of utilities and removal of equipment no later than April 1, 2025.

7. To the extent the Debtor ultimately seeks to reject any of the Subject Leases, any such order approving such rejection(s) shall specify the date by which Vertical Bridge must file a Rejection Claim. Any such Rejection Claim(s) shall remain subject to the protections and limitations expressly set forth in the Resolution Agreement.

**ORDER GRANTING MOTION OF DEBTOR TO APPROVE RESOLUTION AGREEMENT WITH VERTICAL BRIDGE REIT, LLC AND ITS AFFILIATES — Page 2**
HPRN - 9019 Order (Bankr Resolution)-320494688-v4 002 4870-3943-8582 v 4.docx/4864-8087-6534, v. 1
320494688.4

**EXHIBIT H044**

8.  Upon entry of this Order, the automatic stay under section 362 of the Bankruptcy Code shall be modified solely to the extent necessary to allow the Debtor and Vertical Bridge to execute and file the Agreed Judgment with the Florida Court.

9.  Debtor is authorized to make the Base Administrative Rent payments as set forth in the Resolution Agreement.  If any Base Administrative Rent is not paid by the Due Date or within seven (7) business days thereafter, Vertical Bridge shall have relief from the automatic stay to enforce its rights under the Subject Leases upon filing a notice of default with the Court.  No further motion or order will be required.

10.  The Debtor and Vertical Bridge are hereby authorized and empowered to undertake the actions that are necessary or prudent to implement each of the Resolution Agreement and the Agreed Judgment.

11.  Each of the Debtor and Vertical Bridge and its affiliates is ordered and directed to execute and deliver all instruments and documents necessary to effectuate the Resolution Agreement.

12.  Notwithstanding anything Federal Bankruptcy Rules 4001(a)(3) and 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

13.  The Court shall retain jurisdiction to enforce this Order and the Resolution Agreement.


#### END OF ORDER ####


*{continued on following sheet}*

**ORDER GRANTING MOTION OF DEBTOR TO APPROVE RESOLUTION AGREEMENT WITH VERTICAL
BRIDGE REIT, LLC AND ITS AFFILIATES — Page 3**
HPRN - 9019 Order (Bankr Resolution)-320494688-v4 002 4870-3943-8582 v.4 docx/4864-8087-6534, v. 1
320494688.4

**EXHIBIT H044**

Submitted by:
JEFF CARRUTH (TX SBN: 24001846)
WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
2608 Hibernia, Suite 105
Dallas, TX 75204-2514
Telephone: (713) 341-1158
Fax: (713) 961-5341
E-mail:  jcarruth@wkpz.com


ATTORNEYS FOR
HIGH PLAINS RADIO NETWORK, LLC
DEBTOR AND DEBTOR IN POSSESSION

## APPROVED AS TO FORM:

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By:____/s/ Jeff Carruth_____
        JEFF CARRUTH (TX SBN: 24001846)
        2608 Hibernia, Suite 105
        Dallas, TX 75204-2514
        Telephone: (713) 341-1158
        Fax: (713) 961-5341
        E-mail:  jcarruth@wkpz.com


ATTORNEYS FOR
HIGH PLAINS RADIO NETWORK, LLC
DEBTOR AND DEBTOR IN POSSESSION


K&L Gates LLP

By:____/s/ Brandy Sargent*_____
        David Weitman
        Texas State Bar No. 21116200
        Brandy Sargent
        (Admitted Pro Hac Vice)
        K&L Gates LLP
        1717 Main Street, Suite 2800
        Dallas, Texas 75201
        T: (214) 939-5500
        F: (214) 939-5849
        david.weitman@klgates.com
        brandy.sargent@klgates.com


COUNSEL FOR VERTICAL BRIDGE REIT, LLC

*Signature by permission by /s/ Jeff Carruth*

**ORDER GRANTING MOTION OF DEBTOR TO APPROVE RESOLUTION AGREEMENT WITH VERTICAL BRIDGE REIT, LLC AND ITS AFFILIATES — Page 4**
HPRN - 9019 Order (Bankr Resolution)-320494688-v4 002 4870-3943-8582 v.4.docx/4864-8087-6534, v. 1
320494688.4



**EXHIBIT H043**

RESOLUTION AGREEMENT

4864-8087-6534, v. 1

**EXHIBIT H045**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Agreement of Settlement and Mutual Release (hereinafter "Settlement Agreement") is entered into as of November ___, 2024 (the "Effective Date") by and between Vertical Bridge REIT, LLC and its affiliates (collectively "Vertical Bridge") and High Plains Radio Network, LLC ("HPRN"), hereinafter jointly referred to as the "Parties," and sets forth the terms upon which the Parties have agreed to settle any and all claims between the Parties relating in any way to the matter of Vertical Bridge REIT, LLC v. High Plains Radio Network, LLC, docketed with the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, at docket No. 50-2022-CA-001423 (the "Lawsuit"). The Effective Date of this Settlement Agreement shall be the date upon which the last Party signs.

## WITNESSETH:

**WHEREAS,** Vertical Bridge filed the Lawsuit wherein it makes certain allegations and plead certain causes of action relating to a Master Lease for communications space between the Parties that was executed on February 26, 2018 (the "Master Lease"), and its accompanying lease supplements ("Lease Supplements") (collectively, the "Lease").

**WHEREAS,** the Parties previously reached a settlement agreement dated May 20, 2022, which such agreement was subsequently amended (collectively, the "May 20, 2022 settlement agreement").

**WHEREAS,** in July 2023, Vertical Bridge alleges that HPRN stopped performing its obligations under the Lease and May 20, 2022 settlement agreement.

**WHEREAS,** on August 2, 2023, Vertical Bridge filed a motion to enforce the May 20, 2022 settlement agreement, which motion HPRN opposed asserting, *inter alia*, that it signed the May 20, 2022 settlement agreement under duress and that it was fraudulently induced to sign the Lease.

**WHEREAS,** on March 26, 2024, HPRN filed for bankruptcy in connection with which the parties have separately settled all claims they may have post-bankruptcy petition relative to the Lease Supplements by virtue of a separate agreement. The *In re High Plains Radio Network, LLC* bankruptcy is currently pending in the United States Bankruptcy Court for the Northern District of Texas, Wichita Falls Division (the "Bankruptcy Court") at case no. 24-70089 (the "Bankruptcy Action"). Contemporaneously herewith, HPRN and Vertical Bridge have also negotiated and executed a settlement of all disputes related to the Bankruptcy Action (the "Bankruptcy Resolution Agreement").

**WHEREAS,** the Parties wish to avoid further delays, expense, burdens, and uncertainties of litigation and have reached an amicable resolution of their disputes relative to all amounts owed under the Lease and May 20, 2022 settlement agreement (and amendment thereto) prior to March 26, 2024 as a business accommodation unrelated to the merits of the respective claims and potential counterclaims of the Parties.

1

319254241.7
4873-9438-2582, v. 1

**EXHIBIT H045**

**NOW, THEREFORE,** in consideration of the agreements, covenants, and conditions contained in this Settlement Agreement, and for good and valuable consideration, the receipt and sufficiency of which each of the Parties hereby acknowledges, the Parties, intending to be legally bound, agree as follows:

1.      **STIPULATED JUDGMENT**

In consideration of the promises set forth in this Settlement Agreement, HPRN agrees that the Court may enter judgment against it in the Lawsuit in the amount of one million five hundred thousand dollars and zero cents ($1,500,000.00) (the "Stipulated Judgment Amount"). HPRN acknowledges and agrees that in exchange for the promises set forth in this Settlement Agreement, Vertical Bridge has agreed to forego recovery of late fees, or any other costs or damages it claims it is entitled to, pursuant to the May 20, 2022 settlement agreement (and amendment thereto), the Lease, and the Lawsuit. The Stipulated Judgment Amount shall constitute the full and final settlement of any and all claims Vertical Bridge had against HPRN and HPRN had against Vertical Bridge as of the date that HPRN filed for bankruptcy—March 26, 2024 (the "Petition Date"). Resolution of the any and all claims arising on or after the Petition Date is accomplished by the Bankruptcy Resolution Agreement.

2.      **WITHDRAWAL OF DEFENSES**

HPRN further agrees that within five (5) business days of full execution of this Settlement Agreement, HPRN will file a Notice of Withdrawal of Defenses and Stipulation to Judgment in the Lawsuit whereby it will withdraw all of its defenses, including its fraud and duress defenses. HPRN further agrees that it will not raise those defenses again, or state any affirmative claims based upon the same factual allegations related to those defenses, in defense of or in support of any future lawsuit, but instead waives and dismisses those defenses, claims, and the allegations in support thereof, with prejudice.

3.      **NON-ADMISSION OF LIABILITY**

This Settlement Agreement is not to be construed in any way as an admission of liability by HPRN or Vertical Bridge as to any contract, statute, rule, ordinance, regulation, or common law principle; provided, however, that the Lease remains in full force and effect except with respect to (a) the total amount due and owing to Vertical Bridge as of the Petition Date and (b) Vertical Bridge's waiver of any "late fees" or "late payment penalties" due with respect to the May 20, 2022 settlement agreement (and any amendments thereto) as compromised herein.

4.      **MUTUAL RELEASE**

In consideration of the withdrawal of defenses and entry of the Stipulated Judgment Amount in the Lawsuit, the Parties, intending to be legally bound, do hereby unconditionally and irrevocably release and forever discharge each other from and against any and all actual and potential claims and causes of action of every nature and description, including any future, known, or unknown claims, and causes of action that had accrued as of the Petition Date, and including, without limitation, all rights or claims based upon any and all federal, state, and local laws,

2

319254241.7
4873-9438-2582, v. 1

**EXHIBIT H045**

executive orders, ordinances, constitutions, common laws, statutes, and regulations, and/or related to or arising out of the Lawsuit or the May 20, 2022 settlement agreement (and amendment thereto) and/or Master Lease and Lease Supplements. This is to be construed as a "MUTUAL RELEASE" of all claims, including unknown claims, which the undersigned ever had, may have had, now have, or may have in the future against each other, related to or arising out of any claim or allegation contained in the Lawsuit.

5.    **NON-DISPARAGEMENT**

     The Parties agree that they will not make, or cause to be made through a third party, any disparaging, insulting, critical, libelous, or slanderous statements or comments regarding the other Party, whether verbally, in writing, or electronically, including in connection with any filings with the FCC or other public agency. The Parties will take reasonable steps to remove any disparaging statements currently posted online or elsewhere and file corrections (to the extent possible) with the FCC and other public agencies to remove any such disparaging comments from previous filings, within 30 days Notice of the existence of any such statements from the other Party. The rights and protections of this Paragraph 7 shall extend to the Parties' employees, affiliated entities, independent contractors, managers, officers, directors, successors, and assigns. "Disparage" shall mean to make any statement, written or oral, that casts a negative light of any kind, or implies or attributes any negative quality. The Parties agree that the obligations of this Paragraph extend only to the responsibility to take steps to remove any such statements, but recognize and agree that ultimately the removal of any such statements may not be possible or may otherwise not be in the control of the Party which has taken reasonable steps to have them removed.

6.    **GOVERNING LAW AND VENUE**

     This Settlement Agreement shall in all respects be interpreted, enforced, and governed under the laws of the State of Florida. Any action or proceeding to enforce any provision of, or based on any right arising out of, this Settlement Agreement shall be brought exclusively in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, which shall have exclusive jurisdiction over the parties with respect to any dispute or controversy between them arising under or in connection with the Settlement Agreement, the Lease, or any collateral document. Each of the parties irrevocably consents to the exclusive jurisdiction of said court (and of the appropriate appellate courts) in any such action or proceeding and waives any objection to venue laid therein. Process in any action or proceeding may be served on any party anywhere in the world. For purposes of construing this Settlement Agreement, this Settlement Agreement shall be deemed to have been drafted by all Parties and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

7.    **ENTIRE AGREEMENT**

     This Settlement Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior negotiations, proposed or otherwise, written or oral, concerning the subject matter hereof, except the Lease and Bankruptcy Resolution Agreement. To the extent there is any conflict between this Settlement Agreement and the Bankruptcy Resolution Agreement, with respect to any dispute that relates to any matter arising post-Petition Date, the

3

319254241.7
4873-9438-2582, v. 1

**EXHIBIT H045**

Bankruptcy Resolution Agreement shall govern, and with respect to any dispute that relates to any matter arising pre-Petition Date, this Settlement Agreement shall govern. Each Party acknowledges that in entering into this Settlement Agreement, it has not relied on any promise, representation, or warranty not contained in this Settlement Agreement.

8.      **SEVERABILITY**

If any portion of this Settlement Agreement is determined to be invalid by law, the Parties agree that the remaining portions of this Settlement Agreement not declared invalid will continue in full force and effect.

9.      **NO ORAL MODIFICATION**

No change or modification of this Settlement Agreement shall be valid unless it is contained in writing and signed by all of the Parties.

10.     **PARTIES FURTHER ACKNOWLEDGE**

The Parties further acknowledge that:

(a)      They are entering into this Settlement Agreement freely, voluntarily and of their own will, after having had the opportunity to consult with and be advised by the legal counsel of their choice; and that none of the Parties have made any representation, statement, promise, inducement, threat or suggestion to induce them to sign this Settlement Agreement, except the statements expressly set forth herein;

(b)      They have full authority to enter into, deliver, and perform under this Settlement Agreement, and that all acts and actions have been taken to grant such authority, and that no third-party consent, which has not already been obtained, is required;

(c)      They have not relied on any representation or statement not set forth in this Settlement Agreement; and

(d)      They understand and acknowledge that they have been allowed a reasonable period of time within which to carefully consider and execute this Settlement Agreement.

11.     **COUNTERPARTS**

This Settlement Agreement may be executed simultaneously in counterparts, each of which shall be deemed an original, and all such counterparts shall comprise but one agreement. Executed counterparts may be exchanged among the Parties in facsimile form or in the form of scanned PDFs, and execution in this manner shall be deemed to be execution in the original.

**[THIS SPACE INTENTIONALLY LEFT BLANK]**

4

319254241.7
4873-9438-2582, v. 1

**EXHIBIT H045**

BY SIGNING BELOW, THE PARTIES FURTHER ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS SETTLEMENT AGREEMENT.   THEY UNDERSTAND THE MEANING AND INTENT OF THIS DOCUMENT.  THEY HAVE SIGNED IT VOLUNTARILY, OF THEIR OWN FREE WILL, WITH THE ADVICE OF COUNSEL, INTENDING TO BE LEGALLY BOUND.

Date: _____          _____
                                   ON BEHALF OF
                                   VERTICAL BRIDGE REIT, LLC

Date: _____          _____
                                   ON BEHALF OF
                                   HIGH PLAINS RADIO NETWORK, LLC

5

319254241.7
4873-9438-2582, v. 1