# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| HIGH PLAINS RADIO NETWORK, LLC, | § § | CASE NO. 24-70089-swe |
| | | (Chapter 11, SubV) |
| DEBTOR. | § § § | |

**INTERIM ORDER EXTENDING USE CASH COLLATERAL AND NOTICE OF FINAL HEARING (RE: DOCKET NO. _____)**

On December ____, 2024 , the Court conducted a hearing regarding the *Motion to Extend Use of Cash Collateral* (Docket No. ____) (the "Motion to Use Cash Collateral" or the "Motion") filed herein on December 12, 2024 by High Plains Radio Network LLC, debtor and debtor in possession ("HPRN" or the "Debtor").

The Court finds that HPRN provided due and appropriate notice of the Motion, the relief requested therein, and the hearing (the "Notice") has been served by the Debtor on (i) the Office of the United States Trustee for Region 6, (ii) the parties listed in the matrix filed in this case, (iii) any persons possessing a security interest in the assets of the Debtor and any person possessing a security interest in the cash collateral of the Debtor; (iv) certain other parties identified in the certificate of service filed with the Court (collectively, the "Noticed Parties").

Upon the record established at the hearing and/or prior hearings, the Court is of the opinion that the following Order should be entered.

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACTS AND CONCLUSIONS OF LAW:

A. On March 26, 2024 (the "Petition Date"), the Debtor filed its voluntary petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Code"). The Debtor continues to manage its assets as a debtor in possession pursuant to Code §§ 1107 and 1108.

B. The Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. The Motion is a core proceeding as defined in 28 U.S.C. § 157(b). Venue of the Chapter 11 Case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C. Under the circumstances, the Notice given by the Debtor of the Motion and the hearing constitutes due and sufficient notice thereof and complies with Bankruptcy Rule 4001(c).

D. Debtor's primary creditor with respect to cash collateral is the Small Business Administration (the "SBA" or the "Lender").

E. The Lender likely asserts an interest in, inter alia, the accounts, equipment, and inventory of the Debtor.

F. Sufficient cause exists for immediate entry of this order pursuant to Bankruptcy Rules 4001(c)(2). The Debtor requires continued access to and use of the Cash Collateral in order to continue normal business operations.

G. No party appearing in this Chapter 11 Case has filed or made an objection to the relief sought in the Motion and the entry of this order on an interim basis, or any objections that were made are hereby overruled, or have been resolved by agreement.

Based upon the foregoing, and after due consideration and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that:

1. The Motion is granted on a interim basis.

2. The cash and revenue generated by the Debtor post-petition are available for use by the Debtor as provided in this Order.

3. As set forth below, the Debtor is authorized to use Cash Collateral under the terms of the budget, attached hereto as **Exhibit H046** (the "Budget"). The expenses of the Debtor shall not exceed 25% within **Exhibit H046** per line item category, absent the written consent of the Lender, which consent shall not be unreasonably withheld.

4. This authorization will expire on upon conclusion of the last week set forth in the Budget. The Debtor may seek to extend this authorization by subsequent motion, notice, and opportunity for a hearing.

5. This order does not authorize the Debtor to pay any prepetition obligations without further order of this Court.

6. During the period governed by this order, the Debtor must maintain an accounting of all funds and the Debtor shall segregate, remit, and deposit all of the Cash Collateral consistent with the Debtor's past and ordinary practices.

7. Nothing contained in this Order limits the expenditure of any cash in the possession of the Debtor that is not Cash Collateral.

8. As adequate protection for any diminution in the value of the Lender's interest in the Lender's collateral caused by the Debtor's use of Cash Collateral, the Lender is hereby granted valid, perfected, and enforceable replacement security interests in and liens upon the collateral referenced and described in the prepetition UCC-1 financing statement filed by the Lender with the Texas Secretary of State, only to the same extent and according to the same priority as the Lender's pre-petition lien position, and only to the extent of ($x$) the use of any Cash Collateral in which the Lender has an interest in excess of the Budget and ($y$) any actual diminution in the value of the Debtor's interest(s) in the Debtor's property resulting from the use of Cash Collateral (the "Post-petition Collateral"). The security interests and liens granted to the Lender shall at all times be senior to the rights of the Debtor and any successor trustees in these or any subsequent proceedings under the Code to the extent that the Lender's prepetition security interests and liens are senior to the rights of the Debtor. The security interests and liens herein granted (i) are and shall be in addition to all security interests, liens, mortgages, and rights to set off existing in favor of the Lender, on the Petition Date; (ii) in the same priority as the prepetition liens in favor of the Lender to the extent that prepetition liens and security interests are valid, perfected, enforceable, and non-avoidable; (iii) are and shall be valid, perfected, enforceable, and effective as of the Petition Date without any further action by the Debtor or the Lender and without the execution, filing, or recordation of any financing statements, security agreements, or other documents, and (iv) shall secure payment of principal as well as any interest, costs, or other charges to which the Lender may be entitled post-petition, but only to the extent that these items represent a diminution in value of the Lender's interest in its collateral.

9. To the extent of any inadequacy of the Post-petition Collateral with respect to the maintenance of position of the Lender, then, as further adequate protection, the Lender shall also be entitled to assert an administrative expense claim under Code §§ 361(3) and 503(b)(1).

10. This order shall be sufficient and conclusive evidence of the priority, perfection, and validity of the liens granted herein, effective as of the date and time of entry of this order, without any further act and without regard to any other federal, state, or local requirements or law requiring notice, filing, registration, recording, or possession of the collateral or other act to validate or perfect such security interest or lien. If the Lender hereafter requests that the Debtor execute and deliver to the Lender financing statements, instruments, or documents considered by the Lender to be necessary or desirable to further evidence the perfection of the replacement liens and security interests granted in this order, the Debtor is authorized and directed to execute and deliver those financing statements, instruments, or documents. Nothing in this Order shall in any way restrict the scope of the Lender's pre-petition liens, security interests, rights of set-off,

or claims with respect to its collateral, and all liens, security interests, and mortgages on the Lender's collateral shall extend to the fullest extent permitted by Code § 552(b).

11. The replacement liens granted to the Lender herein exclude and shall not encumber any Code Chapter 5 avoidance claims of the Debtor and/or of the estate.

12. The liens on the Lender's Post-petition Collateral are subordinated to fees payable to the Subchapter V Trustee. The Debtor is also authorized to pay the Subchapter V Trustee interim compensation in accordance with the *Scheduling Order and Notice of Status Conference.* (Docket No.18).

13. The terms of this Order shall in no way prejudice any (i) subsequent trustee, (ii) statutory committee or (iii) any party in interest that would otherwise have standing, to contest the pre-petition interests of the Lender in the Debtor's property and the amounts of the Debtor's indebtedness to the Lender.

14. The final hearing on the Motion pursuant to Bankruptcy Rule 4001(c)(2) is scheduled for **_____, 2025, AT 9:30 A.M.** prevailing Central time (the "Hearing Date") before this Court.

The final hearing will be conducted via a hybrid format. *Parties who will be offering evidence or participating in examination must make in-person appearances* in Judge Everett's courtroom located at US Federal Courthouse, 1100 Commerce Street, 14th Floor, Courtroom #3, Dallas, TX 75242; other interested parties may make Webex appearances. **INSTRUCTIONS FOR WEBEX HEARING PARTICIPATION APPEAR AT THE END OF THIS ORDER.**

| **For WebEx Video Participation/Attendance**: | https://us-courts.webex.com/meet/everett |
|---|---|
| **For WebEx Telephonic Participation/Attendance**: | Dial-In: 1-650-479-3207<br>Access Code: 2304 017 9738 |

The Debtor shall promptly mail copies of this order to the Noticed Parties. Any party in interest objecting to the relief sought at the final hearing shall serve and file written objections, which objections shall be served upon (a) counsel for Debtor – Jeff Carruth, Weycer, Kaplan, Pulaski & Zuber, P.C., and (b) counsel to the Lenders as shown below,

> Dawn Whalen Theiss
> Assistant United States Attorney
> 1100 Commerce St., Ste. 300
> Dallas, Texas 75242
> dawn.theiss@usdoj.gov

and (c) the Office of the U.S. Trustee for Region 6 to Erin Schmidt, at erin.schmidt2@usdoj.gov, and (d) the SubChapter V Trustee, Scott Seidel, at scott@scottseidel.com (collectively, the "Core

**ORDER EXTENDING USE CASH COLLATERAL AND**
**NOTICE OF FINAL HEARING (RE: DOCKET NO. \_\_\_\_) — Page 4**
motion cash collateral 003 4895-2493-7464 v.5.docx[6] 4897-8096-1798, v. 1

Notice Parties"), and shall be filed with the Clerk of the United States Bankruptcy Court for the Northern District of Texas.

15. Notwithstanding any other provisions of this Order, or any agreements approved hereby, any statutory ad valorem tax liens (collectively, the "Tax Liens") held by any taxing authority in the State of Texas (the "Taxing Authorities") for prepetition and postpetition ad valorem taxes shall not be primed nor made subordinate to any liens or superpriority administrative expense claims granted to any party hereby to the extend such Tax Liens are valid, senior, perfected, and unavoidable, and all parties' rights to object to the priority, validity, amount, and extent of the claims and liens asserted by the Taxing Authorities are fully preserved.

16. As adequate protection, the Debtor shall remit to Union Funding Source, Inc the amount of $1,000 per week beginning the week of April 8, 2024. Each of the Debtor, the SBA, and Union Funding Source, Inc ("Union Funding") reserve all facts, claims, issues, rights, remedies, and/or defenses with respect to ownership of the receivables of the Debtor as asserted in the documents attached to the pleading(s) of Union Funding and including whether Union Funding is entitled under such documents or otherwise to retain such adequate protection payments. Such amounts are authorized as part of and/or in addition to the Budget.

17. As adequate protection, the Debtor shall remit to the SBA adequate protection payments of $180.00 per month, on or before the last day of each month, commencing with the month of April, 2024. Such amounts are authorized as part of and/or in addition to the Budget.

18. **<u>FURTHER EXTENSIONS OF AUTHORITY BY FILING AND SERVING NOTICE AND BUDGET.</u>** With and after the entry of a final order, the Debtor may extend the authority to use cash collateral beyond the final order on the Motion by filing and serving to the parties in receipt of this Motion a notice of proposed extension of cash collateral and a proposed budget, with each budget covering no more than a five (5) week period. Any party objecting to the proposed use of cash may file an objection within fourteen (14) days from the date of the filing of the notice and the budget, and shall serve any such objection to the Core Notice Parties. Upon the filing of an objection, the Debtor shall request that an expedited hearing be set to resolve the objection.

####END OF ORDER####

Submitted by:

Jeff Carruth (TX SBN: 24001846)
**WEYCER, KAPLAN, PULASKI & ZUBER, P.C.**
2608 Hibernia, Suite 105
Dallas, TX 75204-2514
Telephone: (713) 341-1158
Fax: (713) 961-5341
E-mail: jcarruth@wkpz.com

ATTORNEYS FOR
HIGH PLAINS RADIO NETWORK, LLC,
DEBTOR AND DEBTOR IN POSSESSION

## EXHIBIT H046 - BUDGET 13 WEEK THROUGH Jan 27 WEEK

**High Plains Radio Network** — 13-week budget. No admission of liability.

| | Calendar Start of Week | 11/4/2024 | 11/11/2024 | 11/18/2024 | 11/25/2024 | 12/2/2024 | 12/9/2024 | 12/16/2024 | 12/23/2024 | 12/30/2024 | 1/6/2025 | 1/13/2025 | 1/20/2025 | 1/27/2025 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Week: | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| **Start Cash** | | 3,965 | 23,965 | 15,965 | 36,609 | 3,459 | 23,459 | (4,541) | 16,103 | (16,047) | 3,953 | (24,047) | (9,547) | (30,553) |
| **Receipts** | | | | | | | | | | | | | | |
| | Operating income | 20,000 | 40,000 | 40,000 | 30,000 | 20,000 | 20,000 | 40,000 | 30,000 | 20,000 | 20,000 | 30,000 | 40,000 | 40,000 |
| **Total Cash Receipts** | | 23,965 | 63,965 | 55,965 | 66,609 | 23,459 | 43,459 | 35,459 | 46,103 | 3,953 | 23,953 | 5,953 | 30,453 | 9,447 |
| **Operating Expenses** | | | | | | | | | | | | | | |
| | Payroll | 0 | (45,000) | 0 | (35,000) | 0 | (45,000) | 0 | (35,000) | 0 | (45,000) | 0 | (35,000) | 0 |
| | Utilities & Leases & Ins. | 0 | 0 | 0 | (17,150) | 0 | 0 | 0 | (17,150) | 0 | 0 | 0 | (17,150) | 0 |
| | Programming Related | 0 | 0 | (13,000) | 0 | 0 | 0 | (13,000) | 0 | 0 | 0 | (13,000) | 0 | 0 |
| | Vertical Bridge Leases | 0 | 0 | (2,500) | (5,000) | 0 | 0 | (2,500) | (5,000) | 0 | 0 | (2,500) | (5,000) | 0 |
| | Corp & Ins & Admin. | 0 | (3,000) | 0 | 0 | 0 | (3,000) | 0 | 0 | 0 | (3,000) | 0 | 0 | 0 |
| | **Total OpEx** | **0** | **(48,000)** | **(15,500)** | **(57,150)** | **0** | **(48,000)** | **(15,500)** | **(57,150)** | **0** | **(48,000)** | **(15,500)** | **(57,150)** | **0** |
| **Prof. Fees/Admin. Expenses** | | | | | | | | | | | | | | |
| | WKPZ | 0 | 0 | 0 | (6,000) | 0 | 0 | 0 | (5,000) | 0 | 0 | 0 | 0 | (5,000) |
| | Settlment PMTS | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| | Hanmi Bank - AMUR | 0 | 0 | (1,000) | 0 | 0 | 0 | (1,000) | 0 | 0 | 0 | 0 | (1,000) | 0 |
| | A.P. reserve | 0 | 0 | (1,000) | 0 | 0 | 0 | (1,000) | 0 | 0 | 0 | 0 | (1,000) | 0 |
| | A.P. reserve | 0 | 0 | (540) | 0 | 0 | 0 | (540) | 0 | 0 | 0 | 0 | (540) | 0 |
| | SBA | 0 | 0 | (316) | 0 | 0 | 0 | (316) | 0 | 0 | 0 | 0 | (316) | 0 |
| | SubV Trutsee | 0 | 0 | (1,000) | 0 | 0 | 0 | (1,000) | 0 | 0 | 0 | 0 | (1,000) | 0 |
| | **Total Prof. Fees/Admin. Exp,** | **0** | **0** | **(3,856)** | **(6,000)** | **0** | **0** | **(3,856)** | **(5,000)** | **0** | **0** | **0** | **(3,856)** | **(5,000)** |
| **Total Disbursements** | | 0 | (48,000) | (19,356) | (63,150) | 0 | (48,000) | (19,356) | (62,150) | 0 | (48,000) | (15,500) | (61,006) | (5,000) |
| **Net Cash Flow** | | 23,965 | 15,965 | 36,609 | 3,459 | 23,459 | (4,541) | 16,103 | (16,047) | 3,953 | (24,047) | (9,547) | (30,553) | 4,447 |

C:\Users\jcarruth\ND Office Echo\VAULT-C9SL7ZTY\[exh h046 - budget thru 20250127w 4927-2057-7286 v.2.xlsx]13 Wk Budget Updated 110424