

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed September 11, 2024

_____
**United States Bankruptcy Judge**
_____

**EXHIBIT H100**

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| HIGH PLAINS RADIO NETWORK, LLC, | § § § | CASE NO. 24-70089-swe11 |
| DEBTOR. | § § | |

**ORDER GRANTING MOTION TO APPROVE PROCEDURES RELATED TO SALES OF RADIO STATION ASSETS AND TO LIMIT FUTURE NOTICES (RE: DOCKET NO. 175)**

On August 19, 2024, the Court conducted a hearing regarding the *Motion to Approve Procedures Related to Sales of Radio Station Assets and to Limit Future Notices* (Docket No. 175) (the "Motion for Sale Procedures" or the "Motion") filed herein on August 2, 2024, by High Plains Radio Network LLC, debtor and debtor in possession ("HPRN" or the "Debtor").

---

The Court finds that HPRN provided due and appropriate notice of the Motion, the relief requested therein, and the expedited hearing to the parties entitled to receive notice (collectively, the "Noticed Parties").

Upon the record established at the hearing, the Court makes the following findings and otherwise is of the opinion that the following Order should be entered.

## THE COURT FINDS AND DETERMINES THAT:

A. **Sale and Assumption and Assignment Procedures.**

The Debtor has articulated good and sufficient reasons for authorizing and approving the Sale Procedures and the Assumption and Assignment Procedures, as fair, reasonable, and appropriate under the circumstances and designed to achieve the highest or otherwise best offer and to maximize the value of Debtor's estate. The Debtor, with the assistance of its Broker, has engaged and continues to engage in a fulsome marketing and sale process to solicit and develop the highest or otherwise best offers for the assets (herein the "Radio Station Assets") of the Debtor. The Sale Procedures and the Assumption and Assignment Procedures are designed to build on that marketing and sale process following entry of this Order.

B. **Notice of the Motion.**

The notice of the Motion and of the Hearing is reasonable and sufficient in light of the circumstances and nature of the relief requested in the Motion, and no other or further notice of the Motion or the sale Hearing is necessary. A reasonable and fair opportunity to object to the Motion and the relief granted in this Order has been afforded under the circumstances.

C. **Sale Notice.**

The Sale Notice (as defined herein), substantially in the form attached hereto as **Exhibit H030.01**, is reasonably calculated to provide all interested parties with timely and proper notice of

the proposed sale, including: (i) the Radio Station Assets to be sold, the Buyer, the sales price, and related information; (ii) the objection deadline for the sale of the Radio Station Assets and the date, time and place of the Hearing, if scheduled; (iii) a copy of the relevant Purchase and Sale Agreement; and (iv) representations describing the sale as being free and clear of liens, claims, encumbrances, and other interests, with all such liens, claims, encumbrances, and other interests attaching with the same validity and priority to the sale proceeds, and no other or further notice of any sale shall be required.

**D.     Assumption and Assignment Notice.**

The Assumption and Assignment Notice (as defined herein), substantially in the form attached hereto as **Exhibit H031.01**, is reasonably calculated to provide all interested parties with timely and proper notice of the proposed assumption of Assignable Contracts and assignment of such contracts to the Buyer, including: (i) identification of the Assignable Contracts, the Assumption and Assignment Counterparty (as defined herein), and the proposed Cure Amount (as defined herein); (ii) the Assumption and Assignment Procedures and certain dates and deadlines related thereto; (iii) the objection deadline and the date, time and place of the Hearing, if scheduled; and (iv) representations describing the legal consequences of the assumption and assignment of the Assignable Contracts, and no other or further notice of such assumption and assignment shall be required.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1.     The Motion is GRANTED on a final basis as set forth herein.

2.     The Debtor is authorized to utilize the Sale Procedures and Assumption and Assignment Procedures to sell the Radio Station Assets under this Order.

**ORDER GRANTING MOTION TO APPROVE PROCEDURES RELATED TO SALES OF RADIO STATION ASSETS AND TO LIMIT FUTURE NOTICES (RE: DOCKET NO. 175) — Page 3**
order sales procedures 001 4861-0200-5465 v.4.docx[1] **4861-0200-5465, v. 4**

**EXHIBIT H100 - Page 3**

I.  **Sale Procedures and Related Relief**

3.  The following procedures with respect to sales of the Radio Station Assets (the "Sale Procedures") are hereby approved:

   a.  **Sale Notice**. The Debtor will file one or more Notice of Proposed Sale with the Court (each, a "Sale Notice") regarding the particular Radio Station Assets that it is seeking to sell to a potential purchaser (the "Buyer") pursuant to Code § 363. Each Sale Notice shall provide, among other relevant information: (i) a copy of the sales contract, which will identify, among other things, the Buyer and the purchase price; (ii) the compensation to be paid to the Broker upon sale closing; (iii) the proposed closing date of the sale (the "Closing Date"); (iv) the Assignable Contracts (if any) related to such sale; and (v) a copy of the proposed Sale Order for that sale.

   b.  **Sale Notice Parties**. The Debtor will cause the Sale Notice (together with any related Assumption and Assignment Notice) to be filed on the Court's docket and served by e-mail or first class mail upon the following parties (collectively, the "Sale Notice Parties"): (i) the Office of the United States Trustee; (ii) the Internal Revenue Service; (iii) counsel for Vertical Bridge REIT, LLC and its affiliates (collectively "Vertical Bridge"), (iv) all parties who are known to possess or assert a lien, claim, encumbrance, or interest in or upon all or part of the particular Radio Station Assets; (v) all applicable United States, state, and local regulatory or taxing authorities, recording offices or any governmental entity which have a reasonably known interest in the Radio Station Assets; (vi) the Debtor's top 20 unsecured creditors; and (vii) any party requesting notice in the case. The Sale Notice will be sent by direct e-mail to all such parties in addition to ECF and/or regular mail notice, as applicable.

   c.  **Objections to Proposed Sale**. Any objections to a proposed sale must be filed with the Court and served so as to be actually received by Debtor's counsel and the Sale Notice Parties no later than **fourteen (14)** calendar days after service of the Sale Notice (the "Sale Objection Deadline").

   d.  **No Timely Objections — Entry of Sale Order**. In the event that no party files an objection to a Sale Notice by the Sale Objection Deadline, then the Court may enter an order approving the sale (the "Sale Order") for the applicable Radio Station Assets (that are the subject of the relevant Sale Notice) without further notice or a hearing.

   e.  **Hearing if Timely Objection**. In the event of any timely objection to a Sale Notice, a hearing regarding the Sale Notice and any related Assumption and Assignment Notice (the "Hearing") will be held at the Court's earliest convenience after expiration of the Sale Objection Deadline. If an objection is properly filed and served on the Debtor's

---

**ORDER GRANTING MOTION TO APPROVE PROCEDURES RELATED TO SALES OF RADIO STATION ASSETS
AND TO LIMIT FUTURE NOTICES (RE: DOCKET NO. 175) — Page 4**
order sales procedures 001 4861-0200-5465 v.4.docx[1] **4861-0200-5465, v. 4**

**EXHIBIT H100 - Page 4**

        counsel and the Sale Notice Parties as specified above, unless such parties agree otherwise in writing, such Radio Station Assets will only be deemed sold upon entry by the Court of a consensual form of Sale Order resolving the objection as between the objecting party and the Debtor, or, if resolution is not reached, upon further order of the Court.

    f.    **Modification of Sale Notice**. The Debtor reserves the right to remove any Radio Station Assets from a Sale Notice at any time prior to the Closing Date, subject to prior consultation with Vertical Bridge.

    g.    **Waiver of Rule 6004(h)**. Each Sale Notice and proposed Sale Order may provide that the 14-day stay of Fed. R. Bankr. P. 6004(h) shall not apply to the relief granted in the Sale Order.

    h.    <u>Any party wishing to submit a higher bid for consideration must file an objection to the Sale Notice on or before the Sale Objection Deadline.</u>

## II.    Assumption and Assignment Procedures

    4.    The following procedures (the "<u>Assumption and Assignment Procedures</u>") are approved in connection with the assumption and assignment:

    a.    **Assumption and Assignment Notice**. In conjunction with each Sale Notice discussed above, the Debtor will file one or more Assumption and Assignment Notices with the Court (each, an "<u>Assumption and Assignment Notice</u>") with a list of those contracts and leases that the Debtor seeks to assume pursuant to Code § 365 and assign to the Buyer of the Radio Station Assets specified in each such Sale Notice. The Assumption and Assignment Notice shall set forth, among other relevant information: (i) the contracts and leases to be assumed and assigned (the "<u>Assignable Contracts</u>"); (ii) the names and addresses of the counterparties to such Assignable Contracts (the "<u>Assumption and Assignment Counterparties</u>"); (iii) the identity of the proposed assignee of such Assignable Contracts (i.e., the Buyer); (iv) the proposed effective date of the assumption and assignment for the Assignable Contracts, which will correspond with the Closing Date for the related Radio Station Assets; (v) the proposed amount, if any with respect to each Assignable Contract necessary to cure any existing default and/or compensate the contract counterparty for any actual pecuniary loss associated with any existing default (the "<u>Cure Amount</u>"); (vi) information establishing the Buyer's ability to provide adequate assurance of future performance; and (vii) the deadlines and procedures for filing objections to the proposed assumption and assignment.

    b.    **Assumption and Assignment Notice Parties**. The Debtor will cause the Assumption and Assignment Notice to be filed on the Court's docket and served by e-mail or first class mail, together with all information set forth

---

**ORDER GRANTING MOTION TO APPROVE PROCEDURES RELATED TO SALES OF RADIO STATION ASSETS AND TO LIMIT FUTURE NOTICES (RE: DOCKET NO. 175) — Page 5**
order sales procedures 001 4861-0200-5465 v.4.docx[1] **4861-0200-5465, v. 4**

in Section II.4.a above, upon the following parties (collectively, the "**Assumption and Assignment Procedure Parties**"): (i) the Office of the United States Trustee; (ii) the Internal Revenue Service; (iii) counsel for Vertical Bridge, (iv) each Assumption and Assignment Counterparty; (v) the Buyer; and (vii) any party requesting notice in the case. The Assumption and Assignment Notice will also be sent via overnight delivery on each affected Assumption and Assignment Counterparty and proposed assignee.

c. **Objections to Proposed Assumption and Assignment**. Any objections to a proposed assumption and assignment of an Assignable Contract must be filed with the Court and served so as to be actually received by the Debtor's counsel and the Assumption and Assignment Procedure Parties no later than **fourteen (14) calendar days** after service of the Assumption and Assignment Notice (the "**Assumption and Assignment Objection Deadline**").

d. **No Timely Objections — Entry of Order Assuming and Assigning**. In the event that no party files an objection to an Assumption and Assignment Notice by the Assumption and Assignment Objection Deadline, then the Court may enter the Sale Order for the applicable Radio Station Assets (that are the subject of the relevant Assumption and Assignment Notice) without a hearing.

*Each Sale Order will include provisions for both for a Code §363 sale of the Radio Station Assets and the assumption and assignment of the relevant contracts and leases as provided in the Assumption and Assignment Notice.*

e. **Hearing if Timely Objection**. In the event of a timely filed objection, the Hearing regarding the Assumption and Assignment Notice and any related Sale Notice, will be held at the Court's earliest convenience after expiration of the Assumption and Assignment Objection Deadline (to correspond with the sale Hearing). If an objection is properly filed and served on the Debtor's counsel and the Assumption and Assignment Procedure Parties as specified above, unless such parties agree otherwise in writing, such contract and/or lease will only be deemed assumed and assigned upon entry by the Court of a consensual form of order resolving the objection as between the objecting party and the Debtor, or, if resolution is not reached, upon further order of the Court.

f. **Modification of Assumption and Assignment Notice**. The Debtor reserves the right to remove any contract or lease from an Assumption and Assignment Notice at any time prior to the closing, subject to prior consultation with Vertical Bridge.

---

**ORDER GRANTING MOTION TO APPROVE PROCEDURES RELATED TO SALES OF RADIO STATION ASSETS AND TO LIMIT FUTURE NOTICES (RE: DOCKET NO. 175) — Page 6**
order sales procedures 001 4861-0200-5465 v.4.docx[1] **4861-0200-5465, v. 4**

**EXHIBIT H100 - Page 6**

  g. **Waiver of Rule 6004(h)**. Each Sale Notice and proposed Sale Order may provide that the 14-day stay of Fed. R. Bankr. P. 6004(h) shall not apply to the relief granted in the Sale Order.

5. The Debtor is authorized to take all actions as are necessary or appropriate to implement the Assumption and Assignment Procedures.

6. Other than as expressly set forth in this Order or the Sale Procedures, the Debtor reserves its rights, in its reasonable business judgment and in a manner consistent with its fiduciary duties and applicable law, after prior consultation with Vertical Bridge, to modify the Assumption and Assignment Procedures, in any manner that it reasonably determine will best promote the goals of the Assumption and Assignment Procedures, or impose additional customary terms and conditions in connection with a proposed assumption and assignment, including without limitation extending the deadlines set forth in the Assumption and Assignment Procedures or modifying the form of <u>Assumption and Assignment Notice</u>.

7. Only those Assignable Contracts that are included on a final Assumption and Assignment Notice will be assumed and assigned to the Buyer.

### III. Other Related Relief

8. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied, and that the relief requested is necessary to avoid immediate and irreparable harm.

9. Notwithstanding Bankruptcy Rule 6004(h) or 6006(d), this Final Order shall be effective and enforceable immediately upon its entry.

10. All time periods set forth in this Final Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

**ORDER GRANTING MOTION TO APPROVE PROCEDURES RELATED TO SALES OF RADIO STATION ASSETS AND TO LIMIT FUTURE NOTICES (RE: DOCKET NO. 175) — Page 7**
order sales procedures 001 4861-0200-5465 v.4.docx[1] **4861-0200-5465, v. 4**

**EXHIBIT H100 - Page 7**

11. To the extent the provisions of this Final Order are inconsistent with the provisions of any exhibits referenced herein or with the Motion, the provisions of this Final Order shall control.

12. The Debtor is authorized and empowered to take all actions they deem necessary to implement the relief granted in this Final Order in accordance with the Motion and to implement the Sale Procedures and Assumption and Assignment Procedures.

13. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Final Order.

14. Nothing herein shall authorize a sale of BankFinancial's Collateral, as defined in BankFinancial's limited objection to the proposed sale procedures order (Docket No. 178) (the "Limited Objection"), in multiple lots.

15. Notwithstanding any other provisions of the Motion or this Final Order, BankFinancial, expressly reserves all rights to object to a final sale order on the same grounds as set forth in BankFinancial's Limited Objection, including any dispute or objection on whether Code § 363(f) has been satisfied and whether the sale of collateral claimed by BankFinancial, may be sold free and clear of liens. BankFinancial, may raise any such reserved rights to a final sale order by the deadline to object to any sale motion authorizing the sale of Debtor's assets free and clear of liens as set forth in this Final Order, or any other date mutually agreed upon by the parties in writing. Further, the rights of BankFinancial's under Code § 1111(b) hereby are preserved.

16. BankFinancial shall be entitled to credit bid all or a portion of the face value of the allowed secured claim of BankFinancial against the Debtor toward the Purchase Price specified in any bid of BankFinancial; provided, however, that BankFinancial shall be entitled to credit bid its

ORDER GRANTING MOTION TO APPROVE PROCEDURES RELATED TO SALES OF RADIO STATION ASSETS AND TO LIMIT FUTURE NOTICES (RE: DOCKET NO. 175) — Page 8
order sales procedures 001 4861-0200-5465 v.4.docx[1] **4861-0200-5465, v. 4**

**EXHIBIT H100 - Page 8**

claim(s) only with respect to the Radio Station Assets that are subject to a valid and perfected lien in favor of such BankFinancial.

17. The shortened forms of notice attached hereto as **Exhibit H032**, **Exhibit H033**, and **Exhibit H034** are approved for providing regular mail notice of this Order, a Sale Notice, and an Assumption and Assignment Notice, as applicable.

####END OF ORDER####

Submitted by:

Jeff Carruth (TX SBN: 24001846)
**WEYCER, KAPLAN, PULASKI & ZUBER, P.C.**
2608 Hibernia, Suite 105
Dallas, TX 75204-2514
Telephone: (713) 341-1158
Fax: (713) 961-5341
E-mail: jcarruth@wkpz.com

ATTORNEYS FOR
HIGH PLAINS RADIO NETWORK, LLC,
DEBTOR AND DEBTOR IN POSSESSION

EXHIBIT H030

EXHIBIT H030.01

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| IN RE: | § | |
| --- | --- | --- |
| | § | |
| HIGH PLAINS RADIO NETWORK, LLC, | § | CASE NO. 24-70089 |
| | § | |
| DEBTOR. | § | |
| | § | |

**NOTICE OF PROPOSED SALE OF RADIO STATION ASSETS**

**TO THE HONORABLE SCOTT W. EVERETT, U.S. BANKRUPTCY JUDGE:**

On [•], 2024, the Court entered the Order [ ] Docket No. [•] (the "Sale Procedures Order")[1] attached hereto as Exhibit __, by which the Court approved the sale procedures for certain Radio Station Assets owned by the Debtor.

Pursuant to the Sale Procedures Order, the Debtor, after consultation with its professionals and Vertical Bridge REIT, LLC, has selected the following buyer (the "Buyer") with respect to following Radio Station Assets. A copy of the proposed Purchase and Sale Agreement is attached hereto as Exhibit __.

| Radio Station Assets | Buyer | Closing Date |
| --- | --- | --- |
| | | |

The proposed order approving of the sale described herein (the "Sale Order") is attached hereto as Exhibit __.

Any party wishing to file an objection to the proposed sale of the Radio Station Assets to Buyer must file a written objection with the Court in accordance with the Sale Procedures Order (each, an "Objection") so as to be received by Debtor and the Sale Notice Parties (as defined in the Sale Procedures Order) on or before [•], 2024 at [•] prevailing Central Time (the "Objection Deadline"). In the event that a timely Objection is filed, the Court will set an expedited, final, evidentiary hearing to consider the proposed sale and the Objection.

ANY PARTY OR ENTITY WHO FAILS TO TIMELY MAKE AN OBJECTION TO THE PROPOSED SALE ON OR BEFORE THE OBJECTION DEADLINE SHALL BE FOREVER BARRED FROM ASSERTING ANY OBJECTION TO THE SALE, INCLUDING WITH RESPECT TO THE DISPOSITION OF THE RADIO STATION ASSETS FREE AND CLEAR

---

[1] All capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Sale Procedures Order or the Debtor's Motion to Approve Procedures Related to Sales of Radio Station Assets and to Limit Future Notices [Docket No. 175].

319831053.2 0245915-00149

**EXHIBIT H030.01 - Page 1**

# EXHIBIT H030

OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, EXCEPT AS SET FORTH IN SUCH OTHER AGREEMENT WITH THE BUYER.

Dated: August 20, 2024

Respectfully submitted:

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
By: /s/ Jeff Carruth
JEFF CARRUTH (TX SBN: 24001846)
2608 Hibernia, Suite 105
Dallas, TX 75204-2514
Telephone: (713) 341-1158
Fax: (713) 961-5341
E-mail: jcarruth@wkpz.com

ATTORNEYS FOR
HIGH PLAINS RADIO NETWORK, LLC,
DEBTOR AND DEBTOR IN POSSESSION

319831053.2 0245915-00149

**EXHIBIT H030.01 - Page 2**

ORDER GRANTING MOTION TO APPROVE PROCEDURES RELATED TO SALES OF RADIO STATION ASSETS AND TO LIMIT FUTURE NOTICES (RE: DOCKET NO. 175) — Page 2
order sales procedures 001 4861-0200-5465 v.4.docx[2] **4861-0200-5465, v. 4**

**EXHIBIT H100 - Page 11**

<div style="border: 1px solid black; padding: 10px;">

**EXHIBIT H031.01**

### EXHIBIT H031

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF TEXAS
### WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HIGH PLAINS RADIO NETWORK, LLC, | § § § | CASE NO. 24-70089 |
| DEBTOR. | § § | |

### NOTICE OF (I) POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) CURE AMOUNTS

> **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY BE A COUNTERPARTY TO AN EXECUTORY CONTRACT OR AN UNEXPIRED LEASE WITH HIGH PLAINS RADIO NETWORK LLC.**
>
> **PARTIES RECEIVING THIS NOTICE SHOULD (1) READ THIS NOTICE CAREFULLY AS YOUR RIGHTS MAY BE AFFECTED BY THE TRANSACTIONS DESCRIBED HEREIN AND (2) LOCATE YOUR NAME AND CONTRACT AND/OR LEASE ON EXHIBIT __ ATTACHED HERETO.**

PLEASE TAKE NOTICE OF THE FOLLOWING:

On [•], 2024, the Court entered the Order [ ] [Docket No. [•]] (the "Sale Procedures Order") attached hereto as Exhibit __, by which the Court approved the sale procedures for the Radio Station Assets owned by the Debtor, including the procedures for the assumption and assignment of executory contracts and unexpired leases associated with such properties.

The Debtor, after consultation with its professionals and Vertical Bridge REIT, LLC (for itself and its affiliates, "Vertical Bridge"), has selected the following buyer (the "Buyer") with respect to following Radio Station Assets (the "Radio Station Assets").

| Station and Address | Buyer | Closing Date |
|---|---|---|
| | | |
| | | |
| | | |

Pursuant to the Sale Procedures Order and United States Bankruptcy Code (the "Code") § 365, the Debtor may potentially assume and assign to the Buyer the executory contracts and/or unexpired leases associated with the Radio Station Assets that are listed on Exhibit ___ hereto (an "Assignable Contracts").

---

NOTICE OF (I) POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) CURE AMOUNTS — Page 1

exh h031 - assumption notice 001 4858-9440-6866 v.3.docx/
319831039.2 0245915-00149

**EXHIBIT H031.01 - Page 1**

</div>

---

**ORDER GRANTING MOTION TO APPROVE PROCEDURES RELATED TO SALES OF RADIO STATION ASSETS AND TO LIMIT FUTURE NOTICES (RE: DOCKET NO. 175) — Page 3**

order sales procedures 001 4861-0200-5465 v.4.docx[2] **4861-0200-5465, v. 4**

**EXHIBIT H100 - Page 12**

# EXHIBIT H031

The Debtor has indicated on Exhibit ___ amount necessary to cure any existing default and/or compensate the Assumption and Assignment Counterparty for any actual pecuniary loss associated with any existing default (the "Cure Amount").

Reference to an Assignable Contract on this Notice does not constitute an admission that such Assignable Contract is an executory contract or unexpired real property lease within the meaning of the Code and applicable law, and the Debtor, after consultation with Vertical Bridge, reserves all rights, claims, defenses, and causes of action with respect to all Assignable Contracts.

The presence or absence of an Assignable Contract on Exhibit ___ shall not prevent the Debtor or the Buyer, after consultation with Vertical Bridge, from subsequently determining either (i) not to assume such Assignable Contract at any time before such Assignable Contract is actually assumed and assigned pursuant to an Order of the Court or (ii) to assume a contract or lease that is not listed on Exhibit ___.

A party to an Assignable Contract (an "Assumption and Assignment Counterparty") objecting to the proposed assumption of an Assignable Contract and assignment of such contract to Buyer or the proposed Cure Amount must file a written objection with the Court in accordance with the Sale Procedures Order (each, an "Objection") so as to be received by the Debtor and Sale Notice Parties (as defined in the Sale Procedures Order) on or before [•], 2024 at [•] prevailing Central Time (the "Objection Deadline").

Unless an Assumption and Assignment Counterparty timely files and serves an Objection in accordance with the Sale Procedures Order, such Assumption and Assignment Counterparty shall (a) be forever barred from objecting to the Cure Amount (if any) and from asserting any additional cure or other amounts with respect to its Assignable Contract, and the Debtor and the Buyer shall be entitled to rely solely upon the Cure Amount set forth on Exhibit B; (b) be forever barred from asserting that any conditions to the assumption and assignment of any Assignable Contract must be satisfied before such Assignable Contract may be assumed and assigned, or that any required consent to any such assignment has not been given; (c) be deemed to have consented to the assumption and assignment; (d) be deemed to have agreed that all defaults under the applicable Assignable Contract arising or continuing prior to the effective date of assignment have been cured; (e) be forever barred and estopped from asserting that the Buyer failed to provide adequate assurance of future performance; and (f) be forever barred, estopped, and permanently enjoined from asserting or claiming against the Debtor, the Buyer, or their respective property that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied under such Assignable Contract or that there is any objection or defense to the assumption and assignment of such Assignable Contract.

Where an Assumption and Assignment Counterparty files an Objection, including an Objection asserting a Cure Amount higher than the proposed Cure Amount, (the "Disputed Cure Amount"), then (i) to the extent that the parties are able to consensually resolve the Objection or Disputed Cure Amount, the Debtor shall promptly provide the parties in interest (including the Sale Notice Parties) notice and opportunity to object to such proposed resolution, or (ii) to the extent the parties are unable to consensually resolve the Objection or Disputed Cure Amount, such dispute will be determined at an expedited, final, evidentiary hearing to be set by the Court.

**NOTICE OF (I) POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) CURE AMOUNTS** — Page 2
exh h031 - assumption notice 001 4858-9440-6866 v.3.docx/
319831039.2 0245915-00149

**EXHIBIT H031.01 - Page 2**

ORDER GRANTING MOTION TO APPROVE PROCEDURES RELATED TO SALES OF RADIO STATION ASSETS AND TO LIMIT FUTURE NOTICES (RE: DOCKET NO. 175) — Page 4
order sales procedures 001 4861-0200-5465 v.4.docx[2] **4861-0200-5465, v. 4**

**EXHIBIT H100 - Page 13**

# EXHIBIT H031

If you agree with the Cure Amount indicated on Exhibit __ and otherwise do not object to the Debtor's assumption and assignment of your lease or contract, you need not take any further action.

Pursuant to the terms of the proposed final sale order attached hereto as Exhibit __ the Debtor shall be deemed to have assumed and assigned each of the Assignable Contracts (unless the Buyer elects in its sole discretion, after consultation with Vertical Bridge, not to assume such Assignable Contract) as of the date of, and effective only upon, the closing of the sale of the Radio Station Assets, and absent such closing, each of the Assignable Contracts shall neither be deemed assumed nor assigned and shall in all respects be subject to further administration under the Code. The proposed form of the final Sale Order remains subject to ongoing review by the Debtor and the Buyer, after consultation with Vertical Bridge.

Dated: August 20, 2024

Respectfully submitted:

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
By: ____/s/ Jeff Carruth_____
    JEFF CARRUTH (TX SBN: 24001846)
    2608 Hibernia, Suite 105
    Dallas, TX 75204-2514
    Telephone: (713) 341-1158
    Fax: (713) 961-5341
    E-mail: jcarruth@wkpz.com

ATTORNEYS FOR
HIGH PLAINS RADIO NETWORK, LLC,
DEBTOR AND DEBTOR IN POSSESSION

---

**NOTICE OF (I) POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) CURE AMOUNTS — Page 3**
exh h031 - assumption notice 001 4858-9440-6866 v.3.docx/
319831039.2 0245915-00149

**EXHIBIT H031.01 - Page 3**

---

ORDER GRANTING MOTION TO APPROVE PROCEDURES RELATED TO SALES OF RADIO STATION ASSETS AND TO LIMIT FUTURE NOTICES (RE: DOCKET NO. 175) — Page 5
order sales procedures 001 4861-0200-5465 v.4.docx[2] **4861-0200-5465, v. 4**

**EXHIBIT H100 - Page 14**

<div style="border: 1px solid black; padding: 10px;">

**EXHIBIT H032**

<mark>**EXAMPLE / SPECIMEN ONLY**</mark>

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HIGH PLAINS RADIO NETWORK, LLC, | § | CASE NO. 24-70089-swe11 |
| | § | |
| DEBTOR. | § | |

**NOTICE REGARDING ENTRY OF ORDER GRANTING MOTION TO APPROVE PROCEDURES RELATED TO SALES OF RADIO STATION ASSETS AND TO LIMIT FUTURE NOTICES (RE: DOCKET NO. 175)**

Please take notice that on August 19, 2024, the Court entered the *Order Granting Motion to Approve Procedures Related to Sales of Radio Station Assets and to Limit Future Notices* (Docket No. ___) in the above-captioned bankruptcy case. *A full copy of the Order may be obtained by (1) entering the link below in any internet browser, (2) scanning the QR-code below, and/or (3) by contacting the undersigned.* <u>**YOUR RIGHT MAY BE AFFECTED BY THIS ORDER.**</u>

| LINK | https://tinyurl.com/58unrusn |
|---|---|
| QR CODE | [QR code] |

Dated: August 19, 2024

Notice provided by:

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
By: ___/s/ Jeff Carruth___
    JEFF CARRUTH (TX SBN: 24001846)
    2608 Hibernia, Suite 105
    Dallas, TX 75204-2514
    Telephone: (713) 341-1158
    Fax: (713) 961-5341
    E-mail: jcarruth@wkpz.com
ATTORNEYS FOR
HIGH PLAINS RADIO NETWORK, LLC
DEBTOR AND DEBTOR IN POSSESSION

NOTICE — Page 1
example short notice 001 (proc. order).docx[1] 4874-6589-1282, v. 10

</div>

ORDER GRANTING MOTION TO APPROVE PROCEDURES RELATED TO SALES OF RADIO STATION ASSETS AND TO LIMIT FUTURE NOTICES (RE: DOCKET NO. 175) — Page 6
order sales procedures 001 4861-0200-5465 v.4.docx[2] **4861-0200-5465, v. 4**

**EXHIBIT H100 - Page 15**

**EXHIBIT H033**

<div style="border:1px solid black; padding:1em;">

**EXAMPLE / SPECIMEN ONLY**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| HIGH PLAINS RADIO NETWORK, LLC, | § | CASE NO. 24-70089-swe11 |
| DEBTOR. | § | |
| | § | |

**NOTICE REGARDING FIRST NOTICE OF PROPOSED SALE OF RADIO STATION ASSETS**

Please take notice that on August 19 2024, pursuant to the *Order Granting Motion to Approve Procedures Related to Sales of Radio Station Assets and to Limit Future Notices* (Docket No. ___) entered by the Court on August 19, 2024 in the above-captioned bankruptcy case, High Plains Radio Network LLC, Debtor and Debtor in Possession, on August ___, 2024 filed and served the *First Notice of Proposed Sale of Radion Station Assets* (Docket No. _) (the "Subject Notice"). *A full copy of the Subject Noticer may be obtained by (1) entering the link below in any internet browser, (2) scanning the QR-code below, and/or (3) by contacting the undersigned.*

**THE DEADLINE TO RESPOND TO THE NOTICE IS AUGUST 29, 2024.**

**YOUR RIGHT MAY BE AFFECTED BY THIS NOTICE**

| LINK | https://tinyurl.com/58unrusn |
|---|---|
| QR CODE | [QR code] |

Dated: August 19, 2024

Notice provided by:
WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
By:____/s/ Jeff Carruth_____
   JEFF CARRUTH (TX SBN: 24001846)
   2608 Hibernia, Suite 105
   Dallas, TX 75204-2514
   Telephone: (713) 341-1158
   E-mail: jcarruth@wkpz.com
ATTORNEYS FOR
HIGH PLAINS RADIO NETWORK, LLC
DEBTOR AND DEBTOR IN POSSESSION

NOTICE — Page 1
example short notice 001 (notice sale).docx[1] 4874-6589-1282, v. 10

</div>

**ORDER GRANTING MOTION TO APPROVE PROCEDURES RELATED TO SALES OF RADIO STATION ASSETS AND TO LIMIT FUTURE NOTICES (RE: DOCKET NO. 175) — Page 7**
order sales procedures 001 4861-0200-5465 v.4.docx[2] **4861-0200-5465, v. 4**

**EXHIBIT H100 - Page 16**

**EXHIBIT H034**

==EXAMPLE / SPECIMEN ONLY==

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| HIGH PLAINS RADIO NETWORK, LLC, | § | CASE NO. 24-70089-swe11 |
| DEBTOR. | § | |
| | § | |

**NOTICE REGARDING FIRST NOTICE OF (I) POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) CURE AMOUNTS**

Please take notice that on August 19, 2024, pursuant to the *Order Granting Motion to Approve Procedures Related to Sales of Radio Station Assets and to Limit Future Notices* (Docket No. ___) entered by the Court on August 19, 2024 in the above-captioned bankruptcy case, High Plains Radio Network LLC, Debtor and Debtor in Possession, on August ___, 2024 filed and served the *First Notice of (I) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (II) Cure Amounts* (Docket No. _) (the "Subject Notice"). *A full copy of the Subject Noticer may be obtained by (1) entering the link below in any internet browser, (2) scanning the QR-code below, and/or (3) by contacting the undersigned.*

<u>THE DEADLINE TO RESPOND TO THE NOTICE IS AUGUST 29, 2024.</u>

<u>YOUR RIGHT MAY BE AFFECTED BY THIS NOTICE</u>

| LINK | https://tinyurl.com/58unrusn |
|---|---|
| QR CODE | [QR code] |

Dated: August 19, 2024

Notice provided by:
WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
By:____/s/ Jeff Carruth_____
JEFF CARRUTH (TX SBN: 24001846)
2608 Hibernia, Suite 105
Dallas, TX 75204-2514
Telephone: (713) 341-1158
E-mail: jcarruth@wkpz.com
ATTORNEYS FOR
HIGH PLAINS RADIO NETWORK, LLC
DEBTOR AND DEBTOR IN POSSESSION

NOTICE — Page 1
example short notice 001 (notice contracts) 4859-6772-1177 v.1.docx[1] **4859-6772-1177, v. 1**

ORDER GRANTING MOTION TO APPROVE PROCEDURES RELATED TO SALES OF RADIO STATION ASSETS AND TO LIMIT FUTURE NOTICES (RE: DOCKET NO. 175) — Page 8
order sales procedures 001 4861-0200-5465 v.4.docx[2] **4861-0200-5465, v. 4**

**EXHIBIT H100 - Page 17**