EXHIBIT H110

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| HIGH PLAINS RADIO NETWORK, LLC, | § | CASE NO. 24-70089 |
| | § | |
| DEBTOR. | § | |

**ORDER AUTHORIZING (I) SALE(S) OF CERTAIN RADIO STATION ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS AND (II) ASSUMING AND ASSIGNING CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE(S) (RE: DOCKET NOS. ___ AND ___) AND REGARDING:**

**BLACKSUN PRIVATE EQUITY INC.**

On this day came on for consideration the *Notice of Proposed Sale of Radio Station Assets Regarding Blacksun Private Equity Inc.* (Docket No._____) (the "Sale Notice") and the *Notice of (I) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (II) Cure Amounts* (Docket No. _____) (the "Assumption and Assignment Notice") filed herein on April 28, 2025 by High Plains Radio Network, LLC, Debtor and Debtor in Possession ("HPRN" or the "Debtor"), which Sale Notice and Assumption and Assignment Notice (together, the "Transaction Notices") each was filed in accordance with the *Order Granting Motion to Approve Procedures Related to Sales of Radio Station Assets and to Limit Future Notices* (Re: Docket No. 175) (the "Sale Procedures Order").

ORDER AUTHORIZING (I) SALE(S) OF CERTAIN RADIO STATION ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS AND (II) ASSUMING AND ASSIGNING CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE(S) RE: BLACKSUN PRIVATE EQUITY INC. (RE: DOCKET NOS. ___ AND ___) — Page 1
sale order hprn-blacksun 001 4913-7137-7212 v.1.docx / 4913-7137-7212, v. 1

EXHIBIT H110 - Page 1

Having reviewed the Transaction Notices in regard to: (i) the Assets to be purchased by **BLACKSUN PRIVATE EQUITY INC.** ("Blacksun" or the "Buyer") under the Sale Notice, (collectively, the "Radio Assets" or the "Station Assets") as delineated within that certain Asset Purchase Agreement between the Debtor, as seller, and Blacksun, as Buyer, dated as of February 23, 2025 (the "Blacksun APA") attached hereto as __EXHIBIT H109__, and collectively with any other documents incident to the Blacksun APA, the ("Transaction Documents"); and (ii) the non-residential real property leases, other leases, and/or executory contracts related to the Assets to be assumed and assigned to Blacksun (the "Subject Leases and Contracts," and the lessors and counterparties underlying the Subject Leases and Contracts collectively referred hereinafter to as the "Subject Counterparties"), and after due deliberation and consideration of any objections filed against the Transaction Notices which relate to Blacksun's purchase of thBlacksun Assets and the Debtor's assumption and assignment of the Subject Leases and Contracts in connection therewith (thBlacksun Assets and the Subject Leases and Contracts collectively referred to hereinafter as the "Subject Assets"), the Bankruptcy Court has determined that no further notice is necessary, and that cause exists to grant the sale of the Assets and authorize the assumption and assignment of the Subject Leases and Contracts by the Debtor to Blacksun (collectively, the "Blacksun Sale" or the "Sale").

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

**Jurisdiction, Final Order, and Statutory Predicates**

A.       This Court has jurisdiction to hear and determine the Sale Notice pursuant to 28 U.S.C. §§ 157(b)(I) and 1334(a).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(Λ), (N) and (0).  Venue is proper in this District and in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.       The predicates for the relief requested in the Sale Notice are Sections 105(a), 363, and 365 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Code") and Bankruptcy Rules 2002(a)(2), 6004, 6006, 9007, and 9014.

C.       The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.  In the event of a hearing on the Sale Notice under the Sale Procedures Order, all findings of fact and conclusions of law announced by the Court at the Sale Hearing[1] in relation to the Sale Notice (insofar as they relate

---

[1] All capitalized terms shall have the same meaning as ascribed to such terms in the E-Radio APA and/or the Sale Procedures Order, as applicable.

ORDER AUTHORIZING (I) SALE(S) OF CERTAIN RADIO STATION ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS AND (II) ASSUMING AND ASSIGNING CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE(S)
RE: BLACKSUN PRIVATE EQUITY INC. (RE: DOCKET NOS. ___ AND ___) — Page 2
sale order hprn-blacksun 001 4913-7137-7212 v.1.docx / 4913-7137-7212, v. 1

EXHIBIT H110 - Page 2

to the Blacksun Sale) are hereby incorporated herein to the extent not inconsistent herewith.

D.     This Sale Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Sale Order, waives any stay, and expressly directs entry of judgment as set forth herein.

**Notice of the Sale and Assumption and Assignment of Lease and Contracts**

E.     Insofar as they relate the Blacksun Sale, actual written notice of the Sale Notice, and a reasonable opportunity to object or be heard, as provided in the Sale Procedures Order, has been afforded to all known interested entities and parties in accordance with Code §§ 363 and 365 and Bankruptcy Rules 2002, 6004, 6006, 9007, and 9008 (the "Notice Parties").  The notices described herein were good, sufficient, and appropriate under the circumstances, and no other or further notice of the Sale Notice or the Blacksun Sale are required.

F.     In accordance with the provisions of the Sale Procedures Order, the Debtor has served the Assumption and Assignment Notice upon the Subject Counterparties. The service of such notice was good, sufficient, and appropriate under the circumstances, and no further notice need be given in respect of establishing the cure amounts relating to and the assumption and assignment of the Subject Leases and Contracts.  Each of the Subject Counterparties parties has had an opportunity to object to the cure amounts set forth in the notice and to the assumption and assignment and/or designation by Blacksun of the applicable Subject Leases and Contracts.

**Highest and Best Offer**

G.     The Blacksun Sale represents a fair and reasonable offer to purchase the Subject Assets under the circumstances of this Chapter 11 case and the sale process contemplated by *Final Order Granting Motion of Debtor to Employ Business Broker and Granting Relating Relief* (Docket No. 72) and the Sale Procedures Order.

H.     The Blacksun Sale constitutes the highest and best offer for the Subject Assets, and will provide a greater recovery for the Debtor's estate than would be provided by any other available alternative.  The Debtor's determination that the Blacksun Sale constitutes the highest and best offer for the Subject Assets and constitutes a valid and sound exercise of the Debtor's business judgment.

**ORDER AUTHORIZING (I) SALE(S) OF CERTAIN RADIO STATION ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS AND (II) ASSUMING AND ASSIGNING CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE(S)**
**RE: BLACKSUN PRIVATE EQUITY INC. (RE: DOCKET NOS. ___ AND ___) — Page 3**
sale order hprn-blacksun 001 4913-7137-7212 v.1.docx / 4913-7137-7212, v. 1

**EXHIBIT H110 - Page 3**

I.     The approval of the Blacksun Sale and the consummation of the transactions contemplated thereby are in the best interests of the Debtor's Chapter 11 estate, its creditors, and other parties in interest.

**Good Faith of Purchaser**

J.     The transaction and accompanying documents, including the Transaction Documents, were negotiated, proposed, and entered into by the Debtor and Blacksun without collusion, in good faith, and from arms'-length bargaining positions.

K.     Neither the Debtor nor Blacksun have engaged in any conduct that would cause or permit the Transaction Documents to be avoided under Code § 363(n). Blacksun has not acted in a collusive manner with any person, and the Blacksun offer was not controlled by any agreement among any set of bidders.

L.     Blacksun is purchasing the Subject Assets in good faith and is a good faith buyer within the meaning of Code § 363(m). Blacksun has proceeded in good faith in all respects in connection with the Blacksun Sale including, but not limited, to: (i) complying with any applicable orders of the Court, (ii) neither inducing nor causing the Chapter 11 filing by the Debtor; and (iii) disclosing all payments to be made by Blacksun in connection with the Blacksun Sale, as set forth in the Blacksun APA. Blacksun is therefore entitled to all of the protections afforded under Code § 363(m).

**No Fraudulent Transfer or Merger**

M.     The consideration to be provided by the Blacksun at closing: (i) is fair and reasonable, (ii) is the highest or best offer for the Subject Assets, and (iii) constitutes reasonably equivalent value (as those terms are defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, and Code § 548) and fair consideration under the Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

N.     Blacksun is not a mere continuation of the Debtor or its estate and there is no continuity of enterprise between Blacksun and the Debtor. Blacksun is not holding itself out to the public as a continuation of the Debtor. Blacksun is not a successor to the Debtor or its estate and the sale of the Subject Assets does not amount to a consolidation, merger, or de facto merger of Blacksun and the Debtor.

**Validity of Transfer**

O.     The Debtor has, to the extent necessary or applicable, (i) full corporate power and authority to execute and deliver the Transaction Documents and all other documents contemplated thereby, (ii) all corporate authority necessary to

**ORDER AUTHORIZING (I) SALE(S) OF CERTAIN RADIO STATION ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS AND (II) ASSUMING AND ASSIGNING CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE(S) RE: BLACKSUN PRIVATE EQUITY INC. (RE: DOCKET NOS. ___ AND ___) — Page 4**
sale order hprn-blacksun 001 4913-7137-7212 v.1.docx / 4913-7137-7212, v. 1

EXHIBIT H110 - Page 4

consummate the transactions contemplated by the Transaction Documents, and (iii) taken all corporate or limited liability company action necessary to authorize and approve the Transaction Documents and the consummation of the transactions contemplated thereby. The Blacksun Sale has been duly and validly authorized by all necessary corporate action. No consents or approvals, other than those expressly provided for in the Transaction Documents or this Sale Order, are required for the Debtor to consummate the sale of the Subject Assets, the Transaction Documents, or the transactions contemplated thereby.

P.    The Transaction Documents were not entered into for the purpose of hindering, delaying, or defrauding creditors as such terms are provided for under the Code or under the laws of the United States, any state, territory, possession or the District of Columbia. Neither the Debtor nor Blacksun is entering into the transactions contemplated by the Transaction Documents fraudulently for the purpose of statutory and common law fraudulent conveyance and fraudulent transfer claims.

Q.    The Debtor is the sole and lawful owner of the Subject Assets. As provided in Code §363(f), the Blacksun Sale will be, as of the closing of the contemplated transaction between the Debtor and Blacksun (the "Blacksun Closing" or "Closing"), a legal, valid, and effective transfer of the Subject Assets, which transfer vests or will vest Blacksun with all right, title, and interest of the Debtor to the Subject Assets free and clear of (i) all liens and encumbrances relating to, accruing, or arising any time prior to the Closing (collectively, the "Subject Liens" or "Liens") and (ii) all debts arising under, relating to, or in connection with any act of the Debtor or claims (as that term is defined in Code § 101(5)), liabilities, obligations, demands, guaranties, options in favor of third parties, rights, contractual commitments, restrictions, interests and the terms and provisions thereof, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, rights with respect to the Subject Claims (as defined below) and any Subject Liens: (a) that purport to give to any party a right of setoff or recoupment against, or a right or option to effect any forfeiture, modification, profit sharing interest, right of first refusal, purchase or repurchase right or option, or termination of, any of the Debtor's or Blacksun's interests in the Subject Assets, or any similar rights, or (b) in respect of taxes, restrictions, preferential purchase rights, rights of first refusal, consent rights or requirements, charges of interests of any kind or nature, if any, including, without limitation, any restriction of use, voting, transfer, receipt of income or other exercise of any attributes of ownership) (collectively, as defined in this clause (ii), the "Subject Claims" or "Claims"), relating to, accruing, or arising any time prior to the Blacksun Closing, in each case (i.e., under both (i) and (ii) of the preceding), with the exception of any permitted encumbrances provided for in the Blacksun APA (the "Permitted Encumbrances") and assumed liabilities provided for in the Blacksun APA (the "Assumed

**ORDER AUTHORIZING (I) SALE(S) OF CERTAIN RADIO STATION ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS AND (II) ASSUMING AND ASSIGNING CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE(S)**
**RE: BLACKSUN PRIVATE EQUITY INC. (RE: DOCKET NOS. ___ AND ___) — Page 5**
sale order hprn-blacksun 001 4913-7137-7212 v.1.docx / 4913-7137-7212, v. 1

**EXHIBIT H110 - Page 5**

Liabilities") that are expressly assumed by Blacksun under the Transaction Documents.

## Section 363 is Satisfied

R.   The conditions of Code § 363(f) have been satisfied in full; therefore, the Debtor may sell the Subject Assets free and clear of any interest in the property other than the Permitted Encumbrances and Assumed Liabilities as may be set forth in the Transaction Documents.

S.   Blacksun would not have entered into the Transaction Documents and would not consummate the transactions contemplated thereby if the sale of the Subject Assets to Blacksun and the assumption of any Assumed Liabilities by Blacksun were not free and clear of all Subject Liens and Subject Claims, other than Permitted Encumbrances and the Assumed Liabilities as may be set forth in the Transaction Documents, or if Blacksun would, or in the future could, be liable for any of such Subject Liens and Subject Claims (other than Permitted Encumbrances and the Assumed Liabilities).  Blacksun shall not be responsible for any Subject Liens or Subject Claims, including in respect of the following: (i) any labor or employment agreements, (ii) all mortgages, deeds of trust, and security interests, (iii) any pension, welfare, compensation, or other employee benefit plans, agreements, practices, and programs, including, without limitation, any pension plan of the Debtor, and (iv) any other employee, workers' compensation, occupational disease, or unemployment or temporary disability related claim, including, without limitation, claims that might otherwise arise under or pursuant to (a) the Employee Retirement Income Security Act of 1974, as amended, (b) the Fair Labor Standards Act, (c) Title VII of the Civil Rights Act of 1964, (d) the Federal Rehabilitation Act of 1973, (e) the National Labor Relations Act, (f) the Worker Adjustment and Retraining Act of 1988, (g) the Age Discrimination and Employee Act of 1967 and Age Discrimination in Employment Act, as amended, (h) the Americans with Disabilities Act of 1990, (i) the Consolidated Omnibus Budget Reconciliation Act of 1985, (j) state discrimination laws, (k) state unemployment compensation laws or any other similar state laws, or (l) any other state or federal benefits, laws, or claims relating to any employment with the Debtor or any of its predecessors, (m) Subject Claims or Subject Liens arising under any environmental law or regulation with respect to the Subject Assets and/or the Subject Leases and Contracts, (n) any bulk Sales or similar law, (o) any tax statutes or ordinances, including, without limitation, the Internal Revenue Code of 1986, as amended, and (p) any theories of successor liability.

T.   The Debtor may sell the Subject Assets free and clear of all Subject Liens and Subject Claims against the Debtor, the estate or any of the Subject Assets (except the Permitted Encumbrances and Assumed Liabilities as may be set forth in the Transaction Documents) because, in each case, one or more of the standards set

**ORDER AUTHORIZING (I) SALE(S) OF CERTAIN RADIO STATION ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS AND (II) ASSUMING AND ASSIGNING CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE(S) RE: BLACKSUN PRIVATE EQUITY INC. (RE: DOCKET NOS. ___ AND ___) — Page 6**
sale order hprn-blacksun 001 4913-7137-7212 v.1.docx / 4913-7137-7212, v. 1

**EXHIBIT H110 - Page 6**

forth in Code § 363(f)(l)-(5) has been satisfied, to the extent applicable to the Subject Assets as defined in the Transaction Documents. Those holders of Subject Liens or Subject Claims against the Debtor, the estate, or any of the Subject Assets who did not object or who withdrew their objections to the sale of the Subject Assets or the Sale Notice (insofar as the Sale Notice relates to the sale of the Subject Assets to Blacksun by the Debtor) are deemed to have consented to the sale of the Subject Assets pursuant to Code § 363(f)(2) of the Bankruptcy Code. *All other holders of Subject Liens or Subject Claims (except to the extent that such Subject Liens or Subject Claims are Assumed Liabilities or Permitted Encumbrances under the Transaction Documents) are adequately protected by having their Subject Liens or Subject Claims, if any, in each instance against the Debtor, the estate, or any of the Subject Assets, attach to the cash proceeds of the Blacksun Sale ultimately attributable to the Subject Assets in which such creditor alleges a Lien or Claim in the same order of priority, and with the same validity, force, and effect, that such Liens or Claims had prior to the sale of the Subject Assets, subject to any claims and defenses the Debtor and the estate may possess with respect thereto.*

**Cure and Adequate Assurance.**

U.   The assumption and assignment of the Subject Leases and Contracts pursuant to the terms of this Sale Order is integral to transactions approved herein and is in the best interests of the Debtor and the estate, its creditors, and all other parties in interest, and represents the reasonable exercise of sound and prudent business judgment by the Debtor, and the Debtor is hereby authorized to assume/assign and/or designate the Subject Leases and Contracts.

V.   At or prior to Closing, Buyer shall pay any cures that are necessary, as set forth in the Assumption and Assignment Notice for Debtor to assume and assign to Buyer the Subject Leases and Contracts, and comply with such other terms of this Sale Order and Rider 001 applicable to such assumption and assignment.

W.   Buyer has demonstrated sufficient adequate assurance of future performance within the meaning of Code §365(b).

**Compelling Circumstances for an Immediate Sale.**

X.   Good and sufficient reasons for approval of the Transaction Documents and the Blacksun Sale have been articulated. The relief requested in each of the Transaction Notices is in the best interests of the Debtor, the estate, its creditors, and other parties in interest. The Debtor has demonstrated both (i) good, sufficient, and sound business purposes and justifications for approving the Transaction Documents and (ii) compelling circumstances for the Blacksun Sale outside the ordinary course of business, pursuant to Code § 363(b) before, and outside of, a Chapter 11 plan, in that, among other things, the consummation of the sale of the

ORDER AUTHORIZING (I) SALE(S) OF CERTAIN RADIO STATION ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS AND (II) ASSUMING AND ASSIGNING CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE(S)
RE: BLACKSUN PRIVATE EQUITY INC. (RE: DOCKET NOS. ___ AND ___) — Page 7
sale order hprn-blacksun 001 4913-7137-7212 v.1.docx / 4913-7137-7212, v. 1

**EXHIBIT H110 - Page 7**

Subject Assets to Blacksun, upon approval by the Federal Communications Commission ("FCC") of the transfer of the FCC licenses associated with the Subject Assets, is necessary and appropriate to maximize the value of the Debtor's estate and the sale of the Subject Assets will provide the means for the Debtor to maximize distributions to creditors.

Y. To maximize the value of the Subject Assets and preserve the viability of the business to which the Subject Assets relate, it is essential that the sale of the Subject Assets occur within the time constraints set forth in the Transaction Documents. Time is of the essence in consummating the sale of the Subject Assets.

Z. The sale of the Subject Assets does not constitute a sub rosa Chapter 11 plan for which approval has been sought without the protections that a disclosure statement would afford. The sale of the Subject Assets neither impermissibly restructures the rights of the Debtor's creditors nor impermissibly dictates the terms of a liquidating Chapter 11 plan for the Debtor.

AA. The consummation of the Blacksun Sale and the assumption/assignment or designation of the Subject Leases and Contracts is legal, valid, and properly authorized under all applicable provisions of the Code, including, without limitation, Code §§ 363(b), 363(t), 363(m), and 365, and all of the applicable requirements of such sections have been complied with in respect of the transaction.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

**General Provisions**

1. The relief requested in the Transaction Notices and the transactions contemplated thereby and by the Transaction Documents are approved as set forth in this Sale Order (and on the record of the Sale Hearing if a Sale Hearing is held under the Sale Procedures Order), which Transaction Documents are incorporated herein as if set forth fully in this Sale Order, and the Blacksun Sale contemplated thereby is approved.

2. The Transaction Notices were served in accordance with the Sale Procedures Order. No objections to the Sale Notice or the Assumption and Assignment Notice were received within the objection period provided in the Transaction Notices, or any such objections were withdrawn prior to the entry of this Sale Order, and those parties who did not object have consented to the Blacksun Sale pursuant to Code § 363(f)(2).

**Approval of the Transaction Documents**

3. The Transaction Documents and all other ancillary documents, and all of the terms and conditions thereof, are hereby approved. The Debtor is authorized to make

ORDER AUTHORIZING (I) SALE(S) OF CERTAIN RADIO STATION ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS AND (II) ASSUMING AND ASSIGNING CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE(S) RE: BLACKSUN PRIVATE EQUITY INC. (RE: DOCKET NOS. ___ AND ___) — Page 8
sale order hprn-blacksun 001 4913-7137-7212 v.1.docx / 4913-7137-7212, v. 1

EXHIBIT H110 - Page 8

non-material modifications to the Transaction Documents prior to the Blacksun Closing.

4.      Pursuant to Code §§ 363(b) and (f), the Debtor is authorized, empowered, and directed to use its reasonable best efforts to take any and all actions necessary or appropriate to (a) consummate the sale of the Subject Assets pursuant to and in accordance with the terms and conditions of the Transaction Documents, (b) close the Blacksun Sale as contemplated in the Transaction Documents and this Sale Order, and (c) execute and deliver, perform under, consummate, implement, and fully close the transactions contemplated by the Transaction Documents (including assignment/assumption and designation of the Subject Leases and Contracts), together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Transaction Documents and the Blacksun Sale. Blacksun shall not be required to seek or obtain relief from the automatic stay under Code § 362 to enforce any of its remedies under the Transaction Documents or any other document related to the Blacksun Sale. The automatic stay imposed by Code § 362 is modified solely to the extent necessary to implement the preceding sentence and the other provisions of this Sale Order.

5.      This Sale Order shall be binding in all respects upon the Debtor, its estate, all creditors of, and holders of equity interests in, Debtor, any holders of Subject Liens, Subject Claims, or other interests (whether known or unknown) in, to, against, or on all or any portion of the Subject Assets, all counterparties to any Subject Leases and Contracts, Blacksun, and all successors and assigns of Blacksun, the Subject Assets, and any trustees, if any, subsequently appointed in any of the Debtor's Chapter 11 cases or upon a conversion to Chapter 7 under the Code of any of the Debtor's cases. This Sale Order and the Transaction Documents shall inure to the benefit of the Debtor, its estate and creditors, Blacksun, and the respective successors and assigns of each of the foregoing.

6.      To the extent provided in the Blacksun APA, from and after the Blacksun Closing, Blacksun shall indemnify, defend, and save the Debtor and its officers, directors, employees, agents, and representatives forever harmless from and against, any and all losses, damages, or other liabilities with respect to the Subject Assets, the Assumed Liabilities under the Transaction Documents, and/or the Subject Leases and Contracts.

**Transfer of the Subject Assets**

7.      Pursuant to Code §§ 105(a), 363(b), and 363(f), the Debtor is authorized and directed to use reasonable best efforts to effectuate the transfer of the Subject Assets to Blacksun upon the Blacksun Closing and such transfer shall constitute a legal, valid, binding, and effective transfer of the Subject Assets and shall vest Blacksun with title to the Subject Assets.

**ORDER AUTHORIZING (I) SALE(S) OF CERTAIN RADIO STATION ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS AND (II) ASSUMING AND ASSIGNING CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE(S)
RE: BLACKSUN PRIVATE EQUITY INC. (RE: DOCKET NOS. ___ AND ___) — Page 9**
sale order hprn-blacksun 001 4913-7137-7212 v.1.docx / 4913-7137-7212, v. 1

EXHIBIT H110 - Page 9

8.      Upon (1) receipt by the Subject Counterparties of the full amount of any necessary cures and other amounts set forth in Rider 001, (2) the Debtor's receipt in cash of the purchase price required under the Blacksun APA (the "Cash Consideration"), and (3) and the Closing of the Blacksun Sale, the transfer of the Subject Assets shall be free and clear of all Subject Liens, Subject Claims, and other interests of any kind or nature whatsoever, including but not limited to, (a) successor or successor-in-interest liability in respect of such Subject Liens, Subject Claims, or other interests and (b) Subject Claims in respect of the Excluded Liabilities and/or the Retained Obligations (as defined in the Blacksun APA), *with all such Subject Liens, Subject Claims, or other interests to attach to the cash proceeds ultimately attributable to the property against or in which such Subject Liens, Subject Claims, or other interests that may be asserted, subject to the terms thereof, with the same validity, force, and effect, and in the same order of priority, that such Subject Liens, Subject Claims, or other interests now have against the Subject Assets, subject to any rights, claims, and defenses the Debtor or its estate, as applicable, may possess with respect thereto*.   Upon the Blacksun Closing, Blacksun shall take title to and possession of the Subject Assets subject only to the Permitted Encumbrances and Assumed Liabilities contained within the Transaction Documents; provided that the Blacksun Closing shall not occur and no such transfers shall be made unless, prior to the Blacksun Closing, Blacksun provides the full Purchase Price contemplated by the Transaction Documents to the Debtor in good and immediately available funds and other amounts as required by this Sale Order.  **For the avoidance of doubt, the amount of cure necessary to (i) assume and assign to Blacksun the Subject Leases with Vertical Bridge REIT LLC and its affiliates ("Vertical Bridge") as provided in the Resolution Agreement with Vertical Bridge (the "Resolution Agreement") and** *Order Granting Motion of Debtor to Approve Resolution Agreement with Vertical Bridge REIT LLC and its Affiliates (Re: Docket No. 222)* **(Docket No. 253, the "Resolution Order"), and (ii) assume and assign the licenses between the FCC and the Debtor may be and shall be deducted from the total Cash Consideration and/or Purchase Price paid by Blacksun.   In the event that the Cash Consideration is paid in more than one tranche under the Blacksun APA, then payment of the cure shall be made from first funds paid.**

9.      All persons and entities that are in possession of some or all of the Subject Assets on the date of the Blacksun Closing are directed to surrender possession of such Subject Assets to Blacksun or its assignee at the Blacksun Closing.  On the date of the Blacksun Closing, each of the Debtor's creditors are authorized and directed to execute such documents and take all other actions as may be reasonably necessary to release its Subject Liens, Subject Claims, or other interests in the Subject Assets, if any (except to the extent such Subject Liens, Subject Claims, or interests constitute Permitted Encumbrances under the Transaction Documents), as such Subject Liens, Subject Claims or interests may have been recorded or may otherwise exist.

ORDER AUTHORIZING (I) SALE(S) OF CERTAIN RADIO STATION ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS AND (II) ASSUMING AND ASSIGNING CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE(S)
RE: BLACKSUN PRIVATE EQUITY INC. (RE: DOCKET NOS. ___ AND ___) — Page 10
sale order hprn-blacksun 001 4913-7137-7212 v.1.docx / 4913-7137-7212, v. 1

EXHIBIT H110 - Page 10

10.    The Debtor is hereby authorized and directed to use reasonable best efforts to take any and all actions necessary to consummate the Transaction Documents, including any actions that otherwise would require further approval by shareholders, members, or its board of directors, as the case may be, without the need of obtaining such approvals.

11.    The transfer of the Subject Assets to Blacksun does not require any consents other than as specifically provided for in the Transaction Documents, which consents shall be deemed given.  On the date of (1) the Debtor's receipt of the Cash Consideration, (2) receipt by the Subject Counterparties of the full amount of any necessary cures and other amounts set forth in Rider 001, and (3) the Closing of the Blacksun Sale, this Sale Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of the Debtor's rights, title, and interests in the applicable Subject Assets.  Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Transaction Documents.

12.    A certified copy of this Sale Order may be filed with the appropriate clerk and/or recorded with the recorder of any state, county, or local authority, and shall act to (i) cancel or evidence satisfaction of any of the Subject Liens, Subject Claims, and other encumbrances of record except those assumed as Assumed Liabilities or Permitted Encumbrances (as evidenced within the Transaction Documents) and (ii) evidence the Assumed Liabilities and Permitted Encumbrances (as evidenced within the Transaction Documents).  For the avoidance of doubt, filing this Sale Order shall not act to cancel any Assumed Liabilities or Permitted Encumbrances within the Transaction Documents.

13.    If any person or entity that has filed statements or other documents or agreements evidencing Subject Claims or Subject Liens on, or interests in, all or any portion of the Subject Assets (other than statements or documents with respect to Permitted Encumbrances contained within the Transaction Documents) shall not have delivered to the Debtor prior to the Blacksun Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of documenting the release of all Subject Claims, Subject Liens, or interests which the person or entity has or may assert with respect to all or any portion of the Subject Assets, the Debtor is hereby authorized and directed, and Blacksun is hereby authorized, on behalf of the Debtor and the Debtor's creditors, to execute and file such statements, instruments, releases, and other documents on behalf of such person or entity with respect to the Subject Assets; provided that the provisions of this Sale Order authorizing the transfer of the Subject Assets free and clear of all Subject Liens and Subject Claims (except only Permitted Encumbrances and Assumed Liabilities under the Transaction Documents) shall be self-executing,

ORDER AUTHORIZING (I) SALE(S) OF CERTAIN RADIO STATION ASSETS FREE AND CLEAR OF ALL LIENS,
CLAIMS, ENCUMBRANCES, AND INTERESTS AND (II) ASSUMING AND ASSIGNING CERTAIN EXECUTORY
CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE(S)
RE: BLACKSUN PRIVATE EQUITY INC. (RE: DOCKET NOS. ___ AND ___) — Page 11
sale order hprn-blacksun 001 4913-7137-7212 v.1.docx / 4913-7137-7212, v. 1

EXHIBIT H110 - Page 11

and the Debtor, Blacksun, and creditors shall not be required to execute or file releases, termination statements, assignments, consents, or other instruments in order for the provisions of this Sale Order to be effectuated, consummated, and/or implemented.

14.     Upon (1) the Debtor's receipt of the Cash Consideration, (2) receipt by the Subject Counterparties of the full amount of any necessary cures and other amounts set forth in Rider 001, and (3) the Closing of the Blacksun Sale, this Sale Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of the Debtor's interests in the Subject Assets and/or a bill of Sale or assignment transferring good and marketable, indefeasible title and interest in the Subject Assets to Blacksun.  This Sale Order is and shall be effective as a determination that, upon the Blacksun Closing, all Subject Liens, Subject Claims, or other interest of any kind or nature whatsoever existing as to the Subject Assets prior to the Blacksun Closing, other than any Permitted Encumbrances and Assumed Liabilities under the Transaction Documents, or as otherwise provided in this Sale Order, shall have been unconditionally released, discharged, satisfied, and terminated, and that the conveyances described herein have been effected.

15.     This Sale Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Transaction Documents.

16.     Subject to the terms, conditions, and provisions of this Sale Order, all persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtor to sell and transfer the Subject Assets to Blacksun in accordance with the terms of the Transaction Documents and this Sale Order.

17.     To the greatest extent available under applicable law, and except as provided in the Transaction Documents or this Sale Order, Blacksun shall be authorized, as of the date of the Blacksun Closing, to operate under any license, permit, registration, and governmental authorization or approval of the Debtor with respect to the Subject Assets, and all such licenses, permits, registrations, and governmental authorizations and approvals are deemed to have been, and hereby are, deemed to be transferred to Blacksun as of the Blacksun Closing.  **FOR THE AVOIDANCE**

ORDER AUTHORIZING (I) SALE(S) OF CERTAIN RADIO STATION ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS AND (II) ASSUMING AND ASSIGNING CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE(S)
RE: BLACKSUN PRIVATE EQUITY INC. (RE: DOCKET NOS. ___ AND ___) — Page 12
sale order hprn-blacksun 001 4913-7137-7212 v.1.docx / 4913-7137-7212, v. 1

EXHIBIT H110 - Page 12

**OF DOUBT, THE BLACKSUN CLOSING MAY NOT OCCUR UNLESS AND UNTIL THE FCC PROVIDES THE NECESSARY APPROVALS TO THE ASPECTS OF THE BLACKSUN SALE WHICH REQUIRE FCC APPROVAL.**

**Assignment and Assumption of Leases and Payment of Cure Costs**

18. To the extent that any Subject Counterparty has failed to timely object to the Assumption and Assignment Notice, such Subject Counterparty is deemed to have consented to the cure provided in the Assumption and Assignment Notice.

19. Upon receipt by each Subject Counterparty of the cure and other amounts as provided in the Assumption and Assignment Notice or this Sale Order, including Rider 001 and the Closing of the Blacksun Sale, the Subject Leases and Contracts shall be assumed by the Debtor and assigned to Blacksun.

20. The assumption and assignment of the Subject Leases and Contracts is and shall be free and clear of all Subject Liens, Subject Claims, and other interests of any kind or nature whatsoever (other than the Permitted Encumbrances and Assumed Liabilities). Notwithstanding anything to the contrary in the Transaction Documents or this Sale Order, Blacksun shall be responsible for liabilities for any breach of such Subject Leases and Contracts (including the New Leases as defined in Rider 001) occurring after the Blacksun Closing and such assignment.

21. Except as otherwise provided in this Sale Order or in the Resolution Order or Resolution Agreement, (a) the Debtor may assume each of the Subject Leases and Contracts in accordance with Code § 365, (b) the Debtor may assign each of the Subject Leases and Contracts in accordance with Code §§ 363 and 365, and any provisions in any of the Subject Leases and Contracts that prohibits or conditions the assignment of such lease or executory contract or allows the counterparty to such lease or executory contract to terminate, recapture, impose any penalty, condition renewal or extension, or modify any term or condition upon the assignment of such lease or executory contract, constitute unenforceable anti-assignment provisions which are void and of no force and effect, (c) all other requirements and conditions under Code §§ 363 and 365 for the assumption by the Debtor and assignment to Blacksun of each the Subject Leases and Contracts has been satisfied, (d) the Subject Leases and Contracts shall be transferred and assigned to, assumed by, and following the closing of the Blacksun Sale, remain in full force and effect for the benefit of Blacksun, notwithstanding any provision in any such Subject Leases and Contracts (including those of the type described in Code §§ 365(b)(2) and (e)) that prohibit, restrict, require consent to or condition such assignment or transfer and, pursuant to Code § 365(k), (e) the Debtor shall be relieved from any further liability with respect to the Subject Leases and Contracts after such assignment to and assumption by Blacksun, and (f) upon the assumption and assignment of the Subject Leases and Contracts, Blacksun shall be fully and

**ORDER AUTHORIZING (I) SALE(S) OF CERTAIN RADIO STATION ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS AND (II) ASSUMING AND ASSIGNING CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE(S)**
**RE: BLACKSUN PRIVATE EQUITY INC. (RE: DOCKET NOS. ___ AND ___) — Page 13**
sale order hprn-blacksun 001 4913-7137-7212 v.1.docx / 4913-7137-7212, v. 1

EXHIBIT H110 - Page 13

irrevocably vested in all right, title and interest of each of the Subject Leases and Contracts.

22.    Upon the assumption and assignment of the Subject Leases and Contracts to Blacksun, pursuant to the Transaction Documents and under the provisions of this Sale Order, including, but not limited to, receipt by the Subject Counterparties of any necessary cure amounts and the other amounts set forth in this Sale Order and Rider 001, no default shall exist under any Subject Leases and Contracts, and no counterparty shall be permitted (a) to declare a default by Blacksun under any Subject Leases and Contracts, or (b) otherwise take action against Blacksun as a result of Debtor's financial condition, bankruptcy, or failure to perform any of its obligations under the Subject Leases and Contracts prior to Closing.  Except as provided in this Sale Order or the Resolution Agreement, each non-debtor party to the Subject Leases and Contracts is also forever barred, estopped, and permanently enjoined from (i) asserting against the Debtor or Blacksun, or the property of any of them, any default or Claims arising out of any indemnity obligation or warranties for acts or occurrences arising prior to or existing as of the Closing or, as against Blacksun, any counterclaim, defense, setoff, or any other Claim asserted or assertable against the Debtor; (ii) imposing or charging against Blacksun or its affiliates any rent accelerations, assignment fees, increases, or any other fees solely as a result of the Debtor's assignments to Blacksun of the Subject Leases and Contracts.

23.    The failure of the Debtor, Blacksun, or any non-debtors to enforce at any time one or more terms or conditions of any Subject Leases and Contracts shall not be a waiver of such terms or conditions, or of the Debtor's, Blacksun's, or the non-debtor's rights to enforce every term and condition of the Subject Leases and Contracts after the Blacksun Closing.

24.    Upon the assumption and assignment of the Subject Leases and Contracts to Blacksun, pursuant to the Transaction Documents and under the provisions of this Sale Order, including, but not limited to, receipt by the Subject Counterparties of any necessary cures and other amounts set forth in Rider 001, all Subject Counterparties shall be deemed to have consented to such assumption and assignment under Code § 365(c)(l)(B), and Blacksun shall enjoy all of the Debtor's rights, benefits, and privileges under each such Subject Leases and Contracts as of the applicable date of assumption and assignment without the necessity to obtain any lessor's written consent to the assumption or assignment thereof.

25.    **Assignment of the Vertical Bridge Subject Leases and/or commencement of the term of the New Leases shall not occur unless and until the cure payments and other payments required under this Sale Order, Rider 001, the Resolution Order, and the Resolution Agreement are received by Vertical Bridge.**

26.     **Additional provisions which apply to Vertical Bridge are set forth in Rider 001 to this Sale Order, attached below.**

27.     Nothing contained herein prohibits the Debtor from later seeking to assume and/or assign any other lease or contract that is not otherwise addressed by the Transaction Notices and/or this Sale Order.

## Limitation of Liabilities After Closing

28.     Except for the obligations necessary to close the Sale under the Transaction Documents, the Permitted Encumbrances and Assumed Liabilities under the Transaction Documents, or as otherwise expressly provided for in this Sale Order or the Transaction Documents, Blacksun shall not have any liability or other obligation of the Debtor arising under or related to any of the Subject Assets. Without limiting the generality of the foregoing, and except as otherwise specifically provided herein or in the Transaction Documents, Blacksun shall not be liable for any Subject Claims against the Debtor or any of its predecessors or affiliates, and Blacksun shall have no successor or vicarious liabilities of any kind or character, including, but not limited to, under any theory of antitrust, environmental, successor, or transferee liability, labor law, de facto merger, mere continuation, or substantial continuity, whether known or unknown as of the Blacksun Closing, now existing or hereafter arising, whether fixed or contingent, whether asserted or unasserted, whether legal or equitable, whether liquidated or unliquidated, including, but not limited to, liabilities on account of warranties, and any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the operation of any of the Subject Assets prior to the Blacksun Closing.

29.     Except as provided in the Transaction Documents or this Sale Order, after the Blacksun Closing, the Debtor and the estate shall have no further liabilities or obligations with respect to any Assumed Liabilities under the Transaction Documents, and all holders of such Subject Claims are forever barred and estopped from asserting such Subject Claims against the Debtor, its successors or assigns, its property or its assets or estate.

## Additional Provisions.

30.     Except with respect to Permitted Encumbrances and Assumed Liabilities or as otherwise permitted by the Transaction Documents or this Sale Order, with respect to the Blacksun Assumed Leases and/or the Subject Leases and Contracts at the Blacksun Closing, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, trade creditors, litigation claimants, and other creditors holding Subject Liens, Subject Claims, or other interests of any kind or nature whatsoever against or in all or any portion of the Subject Assets (whether legal or equitable,

ORDER AUTHORIZING (I) SALE(S) OF CERTAIN RADIO STATION ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS AND (II) ASSUMING AND ASSIGNING CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE(S)
RE: BLACKSUN PRIVATE EQUITY INC. (RE: DOCKET NOS. ___ AND ___) — Page 15
sale order hprn-blacksun 001 4913-7137-7212 v.1.docx / 4913-7137-7212, v. 1

EXHIBIT H110 - Page 15

secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinate), arising prior to Closing under or out of, in connection with, or in any way relating to the Debtor, the Subject Assets, or the operation of the Debtor's business, hereby are forever barred, estopped, and permanently enjoined from asserting against Blacksun, any of the foregoing's affiliates, successors, or assigns, their property or the Subject Assets, such persons' or entities' Subject Liens, Subject Claims, or interests in and to the Subject Assets, including, without limitation, the following actions: (a) commencing or continuing in any manner any action or other proceeding against Blacksun, its affiliates, its successors, assets or properties, (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against Blacksun, its affiliates, its successors, assets or properties, (c) creating, perfecting, or enforcing any Lien or Claim against Blacksun, its affiliates, its successors, assets, or properties, (d) asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due Blacksun, its affiliates, or its successors, (e) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Sale Order or other orders of the Court, or the agreements or actions contemplated or taken in respect thereof, or (f) revoking, terminating, or failing or refusing to transfer or renew any license, permit, or authorization to operate any of the Subject Assets or conduct any of the businesses operated with the Subject Assets.  Upon the Blacksun Closing, each creditor is authorized and directed, and Blacksun is hereby authorized, on behalf of each of the Debtor's creditors, to execute such documents and take all other actions as may be necessary to release Subject Liens, Subject Claims, and other interests in or on the Subject Assets (except Permitted Encumbrances and Assumed Liabilities as provided in the Transaction Documents or as otherwise provided in this Sale Order), if any, as provided for herein, as such Subject Liens, Subject Claims, and other interests may have been recorded or may otherwise exist.

31. Blacksun has given substantial consideration under the Transaction Documents for the benefit of the Debtor, its estate, and its creditors.  The consideration given by Blacksun shall constitute valid and valuable consideration for the releases of any potential Subject Claims and Subject Liens pursuant to this Sale Order, which releases shall be deemed to have been given in favor of Blacksun by all holders of Subject Liens against or interests in, or Subject Claims against any of the Debtor or any of the Subject Assets, other than holders of Subject Liens or Subject Claims relating to the Permitted Encumbrances or Assumed Liabilities as delineated within the Transaction Documents.  The consideration provided by Blacksun for the Subject Assets under the Transaction Documents is fair and reasonable and, accordingly, the Sale may not be avoided under Code § 363(n).

32. For the avoidance of doubt, only the Subject Assets being transferred to Blacksun pursuant to the Transaction Documents and any ancillary agreements contemplated thereby are being transferred free and clear of Liens, Claims, interests, and other

ORDER AUTHORIZING (I) SALE(S) OF CERTAIN RADIO STATION ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS AND (II) ASSUMING AND ASSIGNING CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE(S)
RE: BLACKSUN PRIVATE EQUITY INC. (RE: DOCKET NOS. ___ AND ___) — Page 16
sale order hprn-blacksun 001 4913-7137-7212 v.1.docx / 4913-7137-7212, v. 1

EXHIBIT H110 - Page 16

encumbrances (except for any exceptions contained within the Transaction Documents or this Sale Order) pursuant to the terms of this Sale Order, and any and all other assets of the Debtor that Blacksun is not acquiring shall remain subject to all valid pre-existing Liens, Claims, interests and other encumbrances, unless otherwise ordered by this Court.  Any releases, terminations, termination statements, assignments, consents, or other instruments relating to Subject Liens or other encumbrances in or on the Assets shall properly be limited to the Subject Assets.

33.  The transactions contemplated by the Transaction Documents are undertaken by Blacksun without collusion and in good faith, as that term is defined in Code § 363(m), and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale contemplated under the Transaction Documents shall not affect the validity of the sale, unless such authorization and such sale are duly stayed pending such appeal.  Blacksun is a good faith buyer within the meaning of Code § 363(m) and, as such, is entitled to the full protections of Code § 363(m).

34.  Nothing contained in any plan of reorganization or liquidation, or order of any type or kind entered in (a) this Chapter 11 case, (b) any subsequent Chapter 7 case into which any such Chapter 11 case may be converted, or (c) any related proceeding subsequent to entry of this Sale Order, shall conflict with or derogate from the provisions of the Transaction Documents or the terms of this Sale Order.

35.  For cause shown, pursuant to Bankruptcy Rules 6004(h) and 7062(g), this Sale Order shall not be stayed, shall be effective immediately upon entry, and the Debtor and Blacksun are authorized to close the sale of the Subject Assets immediately upon entry of this Sale Order.

36.  No bulk Sales law or any similar law of any state or other jurisdiction applies in any way to the Sale.

37.  The failure to specifically include any particular provision of the Transaction Documents in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Transaction Documents be authorized and approved in its entirety; provided that this Sale Order shall govern if there is any inconsistency between the Transaction Documents (including all ancillary documents executed in connection therewith) and this Sale Order. Likewise, all of the provisions of this Sale Order are non-severable and mutually dependent.

38.  The Transaction Documents and any related agreements, documents or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court, provided

**ORDER AUTHORIZING (I) SALE(S) OF CERTAIN RADIO STATION ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS AND (II) ASSUMING AND ASSIGNING CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE(S)
RE: BLACKSUN PRIVATE EQUITY INC. (RE: DOCKET NOS. ___ AND ___) — Page 17**
sale order hprn-blacksun 001 4913-7137-7212 v.1.docx / 4913-7137-7212, v. 1

EXHIBIT H110 - Page 17

that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate.

39.     The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order and the Transaction Documents, all amendments thereto, and any waivers and consents thereunder and each of the agreements executed in connection therewith to which Debtor is a party or which has been assigned by the Debtor to Blacksun, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the sale of the Subject Assets, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Subject Assets to Blacksun, (b) interpret, implement, and enforce the provisions of this Sale Order; (c) protect Blacksun against any Subject Liens, Subject Claims, or other interest in or against the Debtor or the Subject Assets of any kind or nature whatsoever, attaching to the proceeds of the sale of the Subject Assets, and (d) enter any orders under Code §§ 363 and 365 with respect to the Subject Leases and Contracts.

40.     All time periods set forth in this Sale Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

41.     Nothing in this Sale Order or the Transaction Documents (a) releases, nullifies, precludes, or enjoins the enforcement of any liability to a governmental unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the date of entry of this Sale Order or (b) authorizes the transfer or assignment to Blacksun of any license, permit, registration, authorization, or approval of, or the discontinuation of any obligation thereunder, or with respect to a governmental unit without Blacksun's complying with all applicable legal requirements under non-bankruptcy law governing such transfers or assignments.  Nothing in this Sale Order or the Transaction Documents modifies or waives the applicability of Code §525(a).

42.     To the extent that Buyer receives any funds relating to business conducted at any Radio Station on or before the occurrence of the Blacksun closing, then (i) such funds shall constitute property of the estate of the Debtor, (ii) the Buyer shall be obligated to pay such funds to the Debtor, unless any applicable Local Marketing Agreement ("LMA") between the Debtor and Blacksun provides anything to the contrary, in which circumstances the LMA shall control.

43.     To the extent that this Sale Order is inconsistent with any prior order or pleading with respect to the Transaction Notices in this Chapter 11 case, the terms of this Sale Order shall govern.

44.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Sale Order.

**ORDER AUTHORIZING (I) SALE(S) OF CERTAIN RADIO STATION ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS AND (II) ASSUMING AND ASSIGNING CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE(S) RE: BLACKSUN PRIVATE EQUITY INC. (RE: DOCKET NOS. ___ AND ___) — Page 18**
sale order hprn-blacksun 001 4913-7137-7212 v.1.docx / 4913-7137-7212, v. 1

EXHIBIT H110 - Page 18

**Service of this Sale Order**

45.    Debtor on the same day as entry shall serve this Sale Order on the Debtor's Master Service List on file in this case.

**Lien to Secure Payment of the Purchase Price**

46.    With respect to the security for the payment of the Purchase Price and the protection of the Debtor and the bankruptcy estate of the Debtor, the following shall apply.

a.    Debtor, for the benefit of Debtor and the bankruptcy estate of Debtor, shall retain a first, super-priority security interest and lien on all of the Station Assets through and until the receipt by Debtor of all of the Purchase Price.

b.    Such lien shall bind and be enforceable against any and all third parties through the Sale Order (as defined below) without the need to record or file any document in any registry of any applicable governmental unit.

c.    Debtor shall release the security interest and lien upon complete payment of the entire Purchase Price.

d.    Buyer shall not encumber or transfer any of the Station Assets or any interest therein so long as any amount of the Purchase Price remains unpaid.

### ### END OF ORDER ###

Submitted by:
Jeff Carruth (TX SBN: 24001846)
**WEYCER, KAPLAN, PULASKI & ZUBER, P.C.**
2608 Hibernia, Suite 105
Dallas, TX 75204-2514
Telephone: (713) 341-1158
Fax: (713) 961-5341
E-mail: jcarruth@wkpz.com

ATTORNEYS FOR
HIGH PLAINS RADIO NETWORK, LLC,
DEBTOR AND DEBTOR IN POSSESSION

ORDER AUTHORIZING (I) SALE(S) OF CERTAIN RADIO STATION ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS AND (II) ASSUMING AND ASSIGNING CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE(S)
RE: BLACKSUN PRIVATE EQUITY INC. (RE: DOCKET NOS. ___ AND ___) — Page 19
sale order hprn-blacksun 001 4913-7137-7212 v.1.docx / 4913-7137-7212, v. 1

**EXHIBIT H110 - Page 19**

<u>**RIDER 001**</u>

<u>**ADDITIONAL PROVISIONS RELATED TO VERTICAL BRIDGE REIT LLC AND ITS AFFILIATES**</u>

1.      Debtor's Subject Leases with Vertical Bridge are governed by that certain Master Leaseback Agreement dated February 26, 2018 and Lease Supplements (sometimes referred to as a "Site Lease Agreement"), together with the Resolution Order and Resolution Agreement.  In order to efficiently assign each Subject Lease listed below the Debtor, Blacksun, and Vertical Bridge have agreed that a new "Lease Agreement" will be executed with respect to each Subject Lease (the "New Leases").  In connection with execution of the New Leases (a) the cure amounts set forth below shall be due and payable by Blacksun to Vertical Bridge at or prior to Closing and (b) the Basic Rent due and payable in advance by Blacksun under each New Lease shall be paid by Blacksun to Vertical Bridge at or prior to Closing (the "Pre-Paid Rent").  Execution of the New Leases shall be deemed to be assumption, assignment, and amendment of the exiting Subject Leases for purposes of this Order.  However, notwithstanding any provision of the Blacksun APA, this Sale Order, or the New Leases, neither Vertical Bridge's Proof of Claim 27 (which was allowed in the amount of $1,500,000 by the Resolution Order) nor any rejection claim related to tower leases not listed below shall not be deemed satisfied, released, reduced, or impaired by consummation of the Blacksun Sale and entry into the New Leases.  Blacksun shall be authorized to deduct the cure amounts listed below from the Cash Consideration, but not the Pre-Paid Rent.  Vertical Bridge shall not be required to enter into the New Leases unless Base Administrative Rent (as defined in the Resolution Agreement) has been paid by the Debtor through the end of the month in which the Closing occurs.

| TABLE 1 | | | | | |
|---|---|---|---|---|---|
| **PROPOSED BUYER:** | | **Blacksun Private Equity, Inc.** | | | |
| **PRICE:** | | **1,250,000.00** | | | |
| **Lease #** | **Site #** | **Station** | **City of License** | **Want VB Lease** | **Cure** |
| 5897 | US-OK-5007 | KEYB FM • | Altus | Yes - Working | 10,000 |
| 5898 | US-OK-5016 | KJOK FM • | Hollis | Yes - Working | 10,000 |
| 5996 | US-OK-5017 | KYBE FM • | Frederick | Yes - Working | 10,000 |
| 6612 | US-MS-5036 | WGVM AM & FMX • | Greenville | Yes - Working | 10,000 |
| 6613 | US-MS-5036 | WDMS FM • | Greenville | Yes - Working | 10,000 |
| 6624 | US-AR-5034 | KFFA FM • | Helena | Yes - Working | 10,000 |
| 6625 | US-AR-5035 | KFFA AM • | Helena | Yes - Working | 10,000 |
| 7800 | US-TX-5363 | KCKL FM • | Malakoff | Yes - Working | 10,000 |
| 7803 | US-TX-5364 | KLVQ AM • | Athens | Yes - Working | 10,000 |
| None | Not VB | KLVQ AM/K233BE  • | Athens | None | 0 |
| | | | **9 Leases** | **10 Signals** | **90,000** |

C:\Users\jcarruth\IND Office Echo\VAULT-C9SL7ZTYY\[hprn apa summary 006 4935-7008-2618 v.1.xlsx]blacksun

2.      Blacksun has had an opportunity to inspect each of the towers associated with the Subject Leases listed above and, upon execution of each New Lease, will accept the Premises in their current condition.

ORDER AUTHORIZING (I) SALE(S) OF CERTAIN RADIO STATION ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS AND (II) ASSUMING AND ASSIGNING CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE(S)
RE: BLACKSUN PRIVATE EQUITY INC. (RE: DOCKET NOS. ___ AND ___) — Page 20
sale order hprn-blacksun 001 4913-7137-7212 v.1.docx / 4913-7137-7212, v. 1

EXHIBIT H110 - Page 20

3.      The following terms of the Blacksun APA are modified as follows:

- Notwithstanding Section 15(d) and (e) and 16(d) and (e), assignment of the Subject Leases listed above shall be accomplished by entry into the New Leases,
- Section 16 shall be deemed amended to require the following additional documents and deliverables to be delivered to Vertical Bridge at or prior to Closing:
    - New Leases with respect to each of the tower locations listed above dully executed by Blacksun.
    - Payment of the cure amount listed above.
    - Payment of the Pre-Paid Rent identified above.
    - Evidence of transfer of all utilities to Blacksun as required by the New Leases.
    - Evidence of Blacksun's insurance in the amounts, and with the coverages and policy requirements as set forth in the New Leases.

**ORDER AUTHORIZING (I) SALE(S) OF CERTAIN RADIO STATION ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS AND (II) ASSUMING AND ASSIGNING CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE(S) RE: BLACKSUN PRIVATE EQUITY INC. (RE: DOCKET NOS. ___ AND ___) — Page 21**

sale order hprn-blacksun 001 4913-7137-7212 v.1.docx / 4913-7137-7212, v. 1

EXHIBIT H110 - Page 21