IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

|  |  |  |
|---|---|---|
| **In Re:** | § § § | |
| **HIGH PLAINS RADIO NETWORK, LLC,** | § § | **CASE NO. 24-70089-swe** |
| | § | **(Chapter 11, SubV)** |
| **Debtor.** | § | |

**OBJECTION OF BALBOA CAPITAL CORPORATION TO DEBTOR'S SALES AND NOTICE REGARDING (I) NOTICE OF PROPOSED SALE OF RADIO STATION ASSETS – E RADIO NETWORK, LLC (WEST TEXAS STATIONS), (II) NOTICE OF PROPOSED SALE OF RADIO STATION ASSETS – E RADIO NETWORK, LLC (ARKANSAS STATIONS), AND (III) NOTICE OF PROPOSED SALE OF RADIO STATION ASSETS – BLACKSUN PRIVATE EQUITY, INC. (RE: DOCKET NOS. 291-296)**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NOW COMES, Balboa Capital Corporation ("Balboa Capital"), a secured creditor in the above-numbered and styled bankruptcy case, and files this its objection to *Notice Regarding Sales and (I) Notice of Proposed Sale of Radio Station Assets – E Radio Network, LLC (West Texas Stations), (II) Notice of Proposed Sale of Radio Station Assets – E Radio Network, LLC (Arkansas Stations), and (III) Notice of Proposed Sale of Radio Station Assets – Blacksun Private Equity, Inc.* (RE: Docket Nos. 292, 293, and 295) (collectively, the "Sale Notices") [Doc. # 292, 293, and 295] as it relates to the sale of assets outside the ordinary course of business and respectfully represent:

**I.**
**PROCEDURAL FACTS**

1.    High Plains Radio Network, LLC ("Debtor" or "High Plains Radio") filed its voluntary petition for relief in bankruptcy case # 24-70089-swe11 on March 26, 2024 (the "Petition Date").

**II.**
**RELEVANT FACTS**

2.      Balboa Capital is a secured creditor of Debtor, holding a prior perfected security interest in equipment and personal property pursuant to an equipment finance agreement.

3.      On or about December 2, 2021, High Plains Radio entered into an Equipment Finance Agreement (the "EFA") with Balboa Capital for the purchase of certain equipment (the "Equipment") as referenced in Exhibit A1 of the EFA and more fully identified as follows:[1]

| Item | Description | Qty | Rate(USD) | Amount |
|---|---|---|---|---|
| Equip. | QEI FMQ-10000 (RPL)<br>4000W FM transmitter, 87.9 to 107.9 MHz, 50ohms<br>SN T10KW071. T10KX072 | 2 | 30,360.00 | 60,720.00 |
| Equip. | ORBAN OPTIMOD<br>Model #8500 FM<br>FM audio processor, 64 kHz to 512 kHz, 10k ohms<br>impedance<br>SN 1947-011 | 1 | 17,975.00 | 17,975.00 |
| Equip. | SINE SYSTEM 1.10<br>Model #RP-8<br>8 Ch relay expandable to 64 ch | 1 | 1,880.00 | 1,880.00 |
| Equip. | Audio Feed Line - HJ8-50B<br>Andrews-Comscope, Model #HUB-508<br>Air Dielectric Coaxial Cable, corr copper, 3 in, black PE<br>jacket | 535 ft | 31.822 | 17,025.00 |
| Shipping Charge | Shipping | 1 | 1,000.00 | 1,000.00 |

4.      As set forth in the EFA, High Plains Radio granted Balboa Capital a purchase money security interest in the Equipment.

5.      Financing was provided as required under the EFA, enabling High Plains Radio to obtain the Equipment.

6.      Per the terms of EFA, High Plains Radio was to tender sixty (60) monthly payments in the amount of $2,160.45.

7.      Balboa Capital duly perfected its purchase money security interest in the Equipment by filing a UCC-1 financing statement with the Texas Secretary of State on

---

[1] A true and correct copy of the EFA is attached hereto as Exhibit "A."

November 24, 2021, which was assigned filing number 21-00210052429500.[2]

8.      As of March 26, 2024 (the "Petition Date"), the amount due and owing under the

EFA to Balboa Capital was $73,844.18, after accounting for all lawful payments, offsets, and

credits. Balboa Capital's claim is secured by its lien in the Equipment, which is estimated to have a

fair market value of $71,295.00, assuming good condition.

9.      Debtor filed its Amended Schedules [Doc. 88] on May 13, 2024, classifying Balboa

Capital as a secured creditor, with a description for the property subject to Balboa Capital's lien as

"Broadcasting Equipment."

10.     At no time was Balboa Capital solicited with the terms of a possible sale of the

Equipment by High Plains Radio, and Balboa Capital at no time provided consent to allow Debtor

or anyone else to market, sell, or dispose of the Equipment in derogation of Balboa Capital's

security interest in the Equipment.

## Limited Objection

11.     Pursuant to section 363(f) of the Bankruptcy Code, the sale of property of the

estate can be "free and clear of any interest" of an entity other than the estate, only if:

    i.      Applicable nonbankruptcy law permits sale of such property free and clear
        of such interests;

    ii.     **Such entity consents**;

    iii.    Such interest is a lien and the price at which such property is to be sold is
        **greater than the aggregate value of all liens on such property**;

    iv.     Such interest is in bona fide dispute; or

    v.      Such entity could be compelled, in a legal or equitable proceeding to accept
        a money satisfaction of such interest.

---

[2] A true and correct copy of the referenced UCC-1 financing statement for the Equipment is attached hereto as
Exhibit "B."

11 U.S.C. 363(f) (emphasis added). "The burden is on the sale proponent to demonstrate 'that one of the provisions of § 363(f)(1)-(5) is applicable to each lien or interest from which the sale is to be free and clear.'"[3]

12.     The sales identified in Debtor's Sale Notices should be denied for the following reasons as it pertains to the sale of the Equipment free and clear of liens.  First and foremost, Balboa Capital does not consent to the sale of the Equipment and has not provided any such consent to High Plains Radio at any time prior. To be clear, Balboa Capital objects to the inclusion of the Equipment in the proposed sale and does not consent pursuant to 11 U.S.C. § 363(f)(2).

13.     Additionally, Balboa Capital objects to the sales and Sale Notices, as High Plains Radio has not articulated a basis under section 363(f) of the Bankruptcy Code to the Equipment over Balboa Capital's objection. The sale is not appropriate under 11 U.S.C. § 363(f) in that it is not clear whether Balboa Capital will receive an amount greater than its lien on the Equipment.

14.     As a secured creditor, Balboa Capital is entitled to payment of a sum certain following the sale of its collateral free and clear of liens and encumbrances and not an *estimation* or *approximation* of such payment.  In the instant case, High Plains Radio has not proposed a certain payoff to be tendered to Balboa Capital from the sales proceeds of the Equipment. Thus, Balboa Capital objects to the sales and Sale Notices to the extent they are vague, ambiguous, and fail to state precise payoff amounts to secured creditors, including Balboa Capital.

15.     The Sale Notices do not identify what equipment or personal property is subject to each of the corresponding sales and Balboa Capital is unable to determine where its Equipment is currently located. In an abundance of caution, Balboa Capital objects to each of the sales identified in Sale Notices to the extent they include any piece of the Equipment.

---

[3] *In re S. Mfg. Grp., LLC,* 2016 WL 3344787, at *3 (Bankr. D.S.C. June 7, 2016) (quoting *In re Daufuskie Island*

WHEREFORE PREMISES CONSIDERED, Balboa Capital respectfully requests that this

Court approve the sale of the assets but find that the sale is not free and clear of Balboa Capital's

security interest in the Equipment until Balboa Capital has been paid its secured claim in full, and

for such other and further relief, at law or in equity, as is just.

**Respectfully submitted,**

PADFIELD & STOUT, L.L.P.
100 Throckmorton Street, Suite 700
Fort Worth, Texas 76102
(817) 338-1616 Telephone
(817) 338-1610 Facsimile


/s/ *Owen C. Babcock*
Mark W. Stout
State Bar I.D. #24008096
mstout@padfieldstout.com
John T. Easter
State Bar I.D. #24106666
jeaster@padfieldstout.com
Owen C. Babcock
State Bar I.D. #24104585
obabcock@padfieldstout.com

*Attorneys for Balboa Capital Corporation*

---

*Properties, LLC*, 431 B.R. 626, 637 (Bankr. D.S.C. 2010)).

## CERTIFICATE OF SERVICE

The undersigned converted the foregoing document into an electronic image, via portable document format (.pdf), electronically submitted same to the Internet web portal for the Clerk of this Court utilizing the Electronic Management and Electronic Case Filing system of the Court, which has caused service, via Simple Mail Transfer Protocol (e-mail), of a Notice of Electronic Filing of this imaged document to the below-identified parties on Friday, May 9, 2025; said e-mail provides an attributable hyperlink to the document, in portable document format, except for Debtor(s), and any other entity so identified below or on the EM/ECF filing sheet, whereas in that instance such document was mailed via First Class United States Mail, to-wit:

| | |
|---|---|
| **High Plains Radio Network, LLC**<br>Attn: Monte Spearman<br>P.O. Box 1419<br>Vernon, Texas 76384<br>monte.pp@hotmail.com<br><br>*Debtor* | **E Radio Network LLC**<br>Attn: Christie Lynn Tate<br>1517 Wolfe City Drive<br>Greenville, Texas 75401<br>ChristieT@eradio935.com<br><br>*Buyer* |
| **Blacksun Private Equity**<br>Attn: Atonn F. Muhammad<br>45 Rockefeller Plaza – 20th Floor<br>New York, NY 10111<br>atonn@blacksun.pe<br><br>*Buyer* | **Allan G. Moskowitz, Esq.**<br>10845 Tuckahoe Way<br>North Potomac, Maryland 20878<br>amoskowitz@amoskowitzlaw.com<br><br>*E Radio Network LLC's Attorney* |
| **Jeffery D. Carruth**<br>Weycer, Kaplan, Pulaski & Zuber, P.C.<br>2608 Hibernia, Suite 105<br>Dallas, Texas 75204-2514<br><br>*Debtor's Attorney* | **United States Trustee**<br>1100 Commerce Street, Room 976<br>Dallas, Texas 75202 |
| **Aaron Wagner**<br>Kabat Chapman & Ozmer, LLP<br>171 17th Street NW, Suite 1550<br>Atlanta Georgia 30363<br><br>*Debtor's Attorney* | **Trustee**<br>Attn: Scott M. Seidel<br>Seidel Law Firm<br>6505 West Park Boulevard, Suite 306<br>Plano, Texas 75093 |
| **And all those receiving ECF notification for this case and the attached list of the 20 largest unsecured creditors.** | |

/s/ Owen C. Babcock
Owen C. Babcock

Vertical Bridge
750 Park of Commerce Dr. # 200
Boca Raton, FL 33487

Hanszen LaPorte
14201 Memorial Dr.
Houston, TX 77079

ASCAP
250 West 57th St.
New York, NY 10107

The Fundworks
299 S. Main #1300
Salt Lake City, UT 84111

United Funding
1835 E. Hollendale Beach Blvd.
Hollendale Beach, FL 33009

Federal Communications Com.
45 L. Street NE
Washington, DC 20554

SBA Covid-19 Disaster Loan
PO Box 3918
Portland, OR 97208-3918

American Express
PO Box 6031
Carol Stream, IL 60197-6031

Litefund Solutions
99 Wall St. #2613
New York, NY 10005

Global Music Rights
1801 W. Olympic Blvd
Pasadena, CA 91199-2280

Turbo Capital
RETIRN TO SENDER
VACANT
UNABLE TO FORWARD

SESAC
PO Box 5246
New York, NY 10008-5246

Media Facilities
1740 Dell Range Blvd. #418
Cheyenne, WY 82009

United First LLC
2999 NE 191st St.
Miami, FL 33180

ASCAP
250 West 57th St.
New York, NY 10107

BMI
PO Box 630893
Cincinnati, OH 45263-0893

Zula Com
PO Box 3649
Palestine, TX 75801

Liberty Mutual Insurance
175 Berkeley St.
Boston, MA 02116

Entergy Utility
PO Box 8105
Baton Rouge, LA 79891-8105

Verizon Cell Phone
PO Box 660108
Dallas, TX 75266-0108

20 Largest Unsecured Creditors for
Case No. 24-70089